**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMOCRACY PARTNERS, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) Civ. No. 1:17-cv-1047-ESH | |
| v. ) | |
| ) | |
| PROJECT VERITAS ACTION FUND, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' CONSENT MOTION TO EXTEND TIME FOR SERVICE**
**ON DEFENDANT ALLISON MAASS**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court for an order extending the time for service of the Summons and Complaint in this action on Defendant Allison Maass, for an additional sixty (60) days. As set forth fully in the Memorandum in Support of this Motion, there is good cause for Plaintiffs' failure to serve this Defendant within 90 days after the Complaint was filed, and even in the absence of good cause, the Court should exercise its discretion to extend the time for service.

Three of the Defendants named in this action have been served, have appeared and have filed a motion to dismiss in response to the Complaint. Those Defendants are Project Veritas Action Fund, Project Veritas and James O'Keefe (the "Project Veritas Defendants"). The Project Veritas Defendants have informed Plaintiffs' counsel that they do not oppose this motion.

Defendant Maass has not been served. A fifth Defendant, Daniel Sandini, also has not been served; Plaintiffs are filing today a voluntary dismissal of the action against this Defendant, pursuant to Fed. R. Civ. P.41(a)(1)(A)(i).

Pursuant to LCvR 7(m) counsel for Plaintiffs contacted counsel for the Project Veritas Defendants, who informed Plaintiffs' counsel that the Project Veritas Defendants do not oppose this motion.

Pursuant to LCvR 7, this Motion is accompanied by a Memorandum of Points and Authorities in support thereof, and a Proposed Order.

Dated: November 21, 2017         Respectfully submitted,


/Joseph E. Sandler
Joseph E. Sandler, D.C. Bar No. 255919
SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C. .
1025 Vermont Ave., N.W.  Suite 300
Washington, D.C.  20005
Tel:  202-479-1111
Fax:  202-479-1115
sandler@sandlerreiff.com

Yael Bromberg, D.C. Bar No. 1045569
Aderson Francois, D.C. Bar No. 798544
INSTITUTE FOR PUBLIC REPRESENTATION
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW, Suite 312
Washington, DC 20001
Phone: (202) 662-9593
Fax: (202) 662-9634
Yael.bromberg@law.georgetown.edu
abf48@georgetown.edu

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 21 2017, a copy of the foregoing Plaintiffs' Consent Motion to Extend Time for Service on Defendant Allison Maass was filed and served via the CM/ECF system, which will serve a Notice of Electronic filing upon all counsel of record, including the following:

Daniel D. Mauler
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
DMAULER@RPB-LAW.COM

Stephen R. Klein
Law Office of Stephen R. Klein
500 Madison Street #419
Alexandria, VA 22314
Stephen.klein.eq@gmail.com


Benjamin T. Barr
The Law office of Benjamin Barr
Suite 1200
444 North Michigan Avenue
Chicago, IL 60611
b@benjaminbarr.com

       /s/  Joseph E. Sandler

      Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY PARTNERS, LLC, *et al.*, )<br>)<br>Plaintiffs, )<br>) Civ. No. 1:17-cv-1047-ESH<br>v. )<br>)<br>PROJECT VERITAS ACTION FUND, LLC, *et al.*, )<br>)<br>Defendants. )<br>) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' CONSENT MOTION TO EXTEND TIME
FOR SERVICE ON DEFENDANT ALLISON MAASS**

In this case, Plaintiffs have brought suit against five Defendants: Project Veritas Action Fund, Project Veritas, James O'Keefe, Allison Maass and Daniel Sandini. Three of those Defendants—Project Veritas Action Fund, Project Veritas and O'Keefe—have been served, have appeared in the action and have filed a motion to dismiss the Complaint, which has been fully briefed and is pending before the Court. The remaining two defendants have not been served. Plaintiffs do not believe they will be able to serve Sandini any time soon, and have today filed a notice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), voluntarily dismissing all claims against Sandini, without prejudice.

Plaintiffs have attempted to serve Maass four times, twice at her last known residential address and twice at her current place of work. All four efforts were unsuccessful. As explained below, the building in which Maass apparently works does not list her on the directory and the front desk personnel were unable or unwilling to identify the specific room or rooms in which her office is located. Moreover, Plaintiffs recently received new information to suggest her

whereabouts. In these circumstances, there is good cause for Plaintiff's inability to serve the summons and complaint on Maass, within the 90-day period; and even if there not good cause, the Court should exercise its discretion to extend the time for service on Maass.

## I.     FACTUAL BACKGROUND

### A.  Nature of the Case and Parties

Plaintiff Democracy Partners is a group of consultants and vendors to progressive organizations and Democratic Party committees and campaigns. Plaintiff Strategic Consulting Group (SCG) is a member of Democracy Partners and provides campaign-related services; and Plaintiff Robert Creamer is sole owner of SCG. The Defendants are Project Veritas, Project Veritas Action Fund (PVAF), both non-profit organizations, and their head and founder James O'Keefe; and their former employee Allison Maass. Project Veritas is a right-wing advocacy group notorious for its attempted "sting" operations in which it gains access to the offices of progressive groups and campaigns through fraud and, often, criminal conduct; secretly videotapes conversations and interactions with staff of the organizations; and then selectively edits the videotapes to misrepresent and distort what was said and to publicly release the edited tapes.  (Complaint, ECF No. 1, ¶¶ 12-16).

The Complaint alleges that Maass used a phony name and identity, phony background information and a series of lies to obtain an internship with Democracy Partners.  *Id*. ¶¶27-35, 43-44. She used that internship to obtain access to confidential and sensitive information from Democracy Partners' clients, to disclose that information to her principals at Project Veritas and to secretly record conversations with Creamer and other Democracy Partners members, including confidential client conversations.  *Id*. ¶¶ 30-35.

The Project Veritas operation was revealed when Creamer was accosted by a film crew from Circa Media, a subsidiary of Sinclair Broadcasting Group. *Id.* ¶ 45. Raffi Williams, the Circa Media reporter who accosted Creamer, later contacted him for an on-camera interview to respond to the videos. *Id.* ¶ 47. Williams revealed that O'Keefe had provided his network with hundreds of hours of raw tapes and that Sinclair agreed to syndicate four nightly news pieces on these videos beginning the next week – just weeks before the 2016 presidential election, when voters increasingly tune-in to politics. *Id*. Sinclair Media never ran stories on the video after Creamer met with Sinclair attorneys to discuss the legal and factual issues surrounding their recording and release. *Id.* ¶ 52.

Evidently upset with the breach of client confidences, two existing clients cancelled contracts with SCG and Democracy Partners lost a significant potential client. *Id*. ¶¶ 64-68. Plaintiffs assert claims for violations of federal and D.C. wiretap laws, and common law violations for breach of fiduciary duty, fraudulent misrepresentation, trespass and civil conspiracy.

### B. Attempts to Serve Maass

According to the website of Circa Media, an online news and entertainment portal that is a brand of Sinclair Broadcast Group – which was involved in the underlying illegal infiltration at issue in this case – Maass is currently a Circa employee. *See* Declaration of Joseph E. Sandler attached hereto as Exhibit 1 ("Sandler Decl.") and Exhibit A to that Declaration (Screenshot of Circa website). According to Circa's website, its headquarters office is located at 1100 Wilson Blvd. in Arlington, Virginia. Plaintiffs twice attempted to serve Maass at Circa's offices, once on June 16, 2017 and a second time on July 12, 2017. *See* Affidavit of Process Server attached as Exhibit 2 hereto ("Office Process Server Aff."). According to the process server who made those

attempts, the front desk personnel was first unable to give any office location for Maass within the building; and during a second attempt at service, the front desk was unable even to provide a location for Circa News within the building.

According to the Westlaw database, Maass' last known address is an apartment located in an apartment building in Arlington, Virginia—which makes sense if she is working in Arlington. (Sandler Decl. ¶ 3 & Exhibit B.) On June 17, 2017, Plaintiff's process server attempted to serve Maass at her apartment; found her name listed on the directory at that apartment number; gained entry into the building; but no one answered the door and a neighbor thought there was a woman who had moved out four months earlier. (Affidavit of Process Server attached as Exhibit 3 hereto.) In a second attempt, on July 8, 2017, the process server spoke with a current resident of that unit who did not know Ms. Maass. (*Id.*)

On August 30, 2017, Plaintiff's counsel sent an e-mail to counsel for the appearing defendants (Project Veritas Action, Project Veritas and O'Keefe), asking whether they had information about the current residence or business address of Maass; and whether they would be willing to consent to a motion to extend the time limit for service. (Sandler Dec. ¶ 4 & Exhibit C). Plaintiff's counsel did not receive a response to this request. More recently, Plaintiffs are in receipt of new information to suggest Maass' whereabouts. (*Id.*)

## II.     ARGUMENT

"Rule 4(m) sets out a two-step procedure for considering motions to extend the time for service. . . Simply put, 'if good cause for the delay is show, the court *must* extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time.'" *Battle v. District of Columbia*, 21 F.Supp.3d 42, 44 (D.D.C. 2014) (quoting *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (emphasis in

4

original)). In this case, good cause exists for extending the time for service on Defendant Maass; and even if the Court does not find good cause, it should exercise its discretion to extend the time.

### A. Good Cause Exists to Extend the Time for Service on Maass

"Good cause exists when some outside factor . . . rather than inadvertence or negligence, prevented service, . . ." *Battle,* 21 F.Supp.3d 45 (quoting *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (internal citations omitted)). "Further, 'a plaintiff must employ a reasonable amount of diligence in determining… how to effect service' before good cause may be found." *Id.* (quoting *Prunte v. Universal Music Group,* 248 F.R.D. 335, 338-339 (D.D.C. 2008)) "In sum, '[g]ood cause means a valid reason for delay.'" *Mann*, 681 F.3d at 375 (quoting *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d 93, 934 (7th Cir. 2002)).

In *Raynor v. District of Columbia*, Case No. 14-cv-0750 (RC), 2017 WL 5151301 (D.D.C. 2017), plaintiff, using information provided by the D.C. government, a co-defendant, determined that one of the individual defendants, Greene, lived with her sister at a certain address; and had the process server leave the summons and complaint with the sister at that address. In fact, Ms. Greene did not live there and did not respond to the complaint. Counsel for the District mistakenly filed papers purporting to be on behalf of all defendants. The Court found that Greene had not been properly served and that the papers mistakenly filed on behalf of all defendants were not substantive appearances on her behalf and did not waive service. The Court ruled, however, that good cause existed to extend the time for service. "Plaintiff was diligent in her efforts to effect service on Ms. Greene, . . . As other courts in this Circuit have observed, '[t]he rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate or a cat and mouse game for defendants who are otherwise subject to the

court's jurisdiction.'" 2017 WL 5151301 at *5 (quoting *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 233 F.R.D. 32, 35-36 (D.D.C. 2006) (internal quotations omitted)).

In this case, Plaintiffs made four attempts to serve Maass, two at her last known residence and two at what is believed to be her current place of work. Plaintiffs have asked the Project Veritas Defendants, for which Maass worked, for additional information, to no avail, despite that Project Veritas Defendants have been, and likely continue to be, in communication with her current employer, Circa Media, a subsidiary of Sinclair Broadcasting Group. As in *Raynor,* Plaintiffs have been diligent in attempting to effectuate service. It is unknown whether Maass has been actively evading service or whether, due to the nature of her work, she takes pains to keep her whereabouts out of public databases; and it is unclear why her current employer keeps secret the location of its offices at the address publicly disclosed on its website. What is certain is that inability to serve Maass has not been due to Plaintiffs' inadvertence or negligence. Moreover, Plaintiffs recently received new information to suggest Maass' whereabouts. In these circumstances, good cause exists to extend the time for service on Maass.

### B. The Court Should Exercise Its Discretion to Extend the Time for Service

Even if the Court does not find good cause to extend the time for service, the Court should exercise its discretion to extend that time. "In considering whether to exercise such discretion, courts have considered many factors including: (1) the time since plaintiff's claims against defendant were filed; (2) whether plaintiff has made good-faith efforts to serve defendant with process; (3) whether the statute of limitations would bar a re-filed action; (4) whether dismissal without prejudice would otherwise substantially prejudice plaintiff; (5) whether defendant has actual notice of the lawsuit; (6) whether the defendant attempted to conceal the

defect or otherwise evade service; and (7) whether defendant would be prejudiced by excusing plaintiff from the. . . deadline." *Battle*, 21 F.Supp.3d at 47.

The factors relevant to this case weigh in favor of extending the time for service on Maass. First, the 90-day period for service expired only a little over two months ago. Second, as noted above, Plaintiffs certainly have made good-faith efforts to serve Maass with process. Third, while the applicable statute of limitations will not expire for some time, dismissal without prejudice followed by re-filing a new case against Maass would prejudice Plaintiffs in that they would be compelled essentially to try the same case twice. Moreover, while it is unclear whether Maass has actual notice of this lawsuit, it seems highly likely given that O'Keefe, who has appeared as a defendant in this case and is the co-founder and head of Project Veritas, described Maass on a Project Veritas video as "our journalist [who] got offered an internship at Creamer's firm Democracy Partners." Complaint ¶ 59. See *Rynn v. Jaffe*, 457 F.Supp.2d 22, 24 (D.D.C. 2006)( fact that one defendant who had not been served had "worked with his co-defendants" weighed in favor of extending time for service). Although Maass' current employer, Circa Media, a subsidiary of Sinclair Broadcasting Group, is not a named defendant in this action, the fact that it works closely with Project Veritas Defendants – including in the underlying actions at issue in this case – further weighs in favor of extending time for service. Finally, the appearing Project Veritas Defendants would not be prejudiced by granting additional time for service, as they have filed a motion to dismiss which is pending before the Court. For these reasons, even in the absence of a finding of good cause, the Court should exercise its discretion in favor of extending the time for service of Maass.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Consent Motion to Extend Time for Service on Defendant Allison Maass, should be granted.

Dated: November 21, 2017                Respectfully submitted,

/s/ Joseph E. Sandler
Joseph E. Sandler, D.C. Bar No. 255919
SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.
1025 Vermont Ave., N.W.  Suite 300
Washington, D.C.  20005
Tel:  202-479-1111
Fax:  202-479-1115
sandler@sandlerreiff.com

Yael Bromberg, D.C. Bar No. 1045569
Aderson Francois, D.C. Bar No. 798544
INSTITUTE FOR PUBLIC REPRESENTATION
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW, Suite 312
Washington, DC 20001
Phone: (202) 662-9593
Fax: (202) 662-9634
Yael.bromberg@law.georgetown.edu
abf48@georgetown.edu

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

   I hereby certify that on November 21 2017, a copy of the foregoing Memorandum of Points and Authorities in Support of Plaintiffs' Consent Motion to Extend Time for Service on Defendant Allison Maass was filed and served via the CM/ECF system, which will serve a Notice of Electronic filing upon all counsel of record, including the following:

Daniel D. Mauler
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
DMAULER@RPB-LAW.COM

Stephen R. Klein
Law Office of Stephen R. Klein
500 Madison Street #419
Alexandria, VA 22314
Stephen.klein.eq@gmail.com


Benjamin T. Barr
The Law office of Benjamin Barr
Suite 1200
444 North Michigan Avenue
Chicago, IL 60611
b@benjaminbarr.com

      /s/  Joseph E. Sandler

      Attorney for Plaintiffs