IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Democracy Partners, LLC,** *et al.*,<br>　　Plaintiffs;<br><br>**v.**<br><br>**Project Veritas Action Fund,** *et al.*,<br>　　Defendants. | Civil Action No.: 1:17-cv-1047-ESH |

# DEFENDANTS' ANSWER
# TO PLAINTIFFS' COMPLAINT

COME NOW, Defendants Project Veritas Action Fund ("PVAF"), Project Veritas ("PV"), James O'Keefe and Allison Maass, by and through counsel, and state the following as an answer to the numbered paragraphs in the Plaintiffs' Complaint:

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that any allegations in this paragraph require a response, they are denied.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that any allegations in this paragraph require a response, they are denied.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that any allegations in this paragraph require a response, they are denied.

4. Defendants admit the allegations of this paragraph.

5.  Defendants admit the allegations of this paragraph.

6.  Defendants admit the allegation that James O'Keefe is President and founder of PVAF and PV. Defendants deny that O'Keefe is a citizen of New Jersey, or is residing and domiciled in Westwood, New Jersey.

7.  Defendants admit that Allison Maass at all relevant times was an employee to PVAF and PV, respectively. Defendants deny that Allison Maass was an independent contractor to PVAF or PV. Defendants deny that Maass is a citizen of Minnesota, or is residing and domiciled in Big Lake, Minnesota.

8.  Defendant Daniel Sandini is no longer party to this action (*see* ECF No. 21), and therefore this paragraph of the Complaint is moot.

## JURISDICTION AND VENUE

9.  This paragraph consists exclusively of legal conclusions, and accordingly no response is required. To the extent that any allegations in this paragraph require a response, they are denied.

10. This paragraph consists exclusively of legal conclusions, and accordingly no response is required. To the extent that any allegations in this paragraph require a response, they are denied.

11. This paragraph consists exclusively of a legal conclusion, and accordingly no response is required. To the extent that any allegations in this paragraph require a response, they are denied.

## FACTUAL BACKGROUND

12. Defendants admit that PVAF is a Virginia nonstock, nonprofit corporation, which operates under an exemption from taxation pursuant to section 501(c)(4) of the Internal

Revenue Code, as amended. Defendants admit that PVAF is a related company to PV. Defendants deny that PV is right-wing or notorious for attempted sting operations. Defendants admit PVAF and PV have accomplished "sting" operations, but deny these are aimed at progressive organizations and Democratic Party campaigns and committees. Defendants admit PVAF and PV are headed and run by James O'Keefe. Any other remaining allegations are denied.

13. Defendants deny the allegations of this paragraph.

14. Defendants admit PV released a series of undercover videos about a group known as ACORN in 2009. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and accordingly, deny same.

15. Defendants deny that O'Keefe was ever sued by ACORN, and thus could not lose on summary judgment on a wire-tap claim, or settle the matter for $100,000.

16. Defendants admit the allegations of this paragraph.

17. Defendants deny Allison Maass is currently an employee and agent of PV and PVAF. Defendants admit Maass gained access to the campaign offices of Hillary Clinton, Russ Feingold, and Bernie Sanders during the 2016 election cycle. Defendants deny this was "on false pretenses." Any other remaining allegations are denied.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that any allegations in this paragraph require a response, they are denied.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that any allegations in this paragraph require a response, they are denied.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that any allegations in this paragraph require a response, they are denied.

21. Defendants admit Democracy Partners' Washington, D.C. office is located at 1250 Eye Street, N.W. Suite 250, Washington, D.C. 20005. Defendants deny that the office is not open to the general public or that it is only open to Democracy Partners members, staff and invited guests.

22. Defendants admit the allegations of this paragraph.

23. Defendants admit Daniel Sandini is an independent contractor to PV and PVAF. Defendants deny Daniel Sandini is an employee of PV or PVAF.

24. Defendants admit the allegations of this paragraph.

25. Defendants admit the allegations of this paragraph.

26. Defendants admit Roth/Sandini called Creamer, presented Maass as his niece Angela Brandt, and expressed that she would like to gain more experience. Defendants deny that Creamer interviewed Brandt for an internship with himself and SCG in the Democracy Partners office. Defendants admit Maass told Creamer that her interest in obtaining an internship was to gain work experience in political an advocacy work. Any other remaining allegations are denied.

27. Defendants admit "Angela Brandt" was a false and fictitious name, and that the real name of the individual is Allison Maass. Defendants deny that all of the background information provided by Maass to Creamer was false. Defendants admit that Maass is not the niece of Daniel Sandini. Defendants admit that Maass repeatedly lied to Creamer about her identity and portions of her background. Defendants deny that Maass's

statements to Creamer about gaining work experience was false. Defendants admit that one of Maass's interests was to gain the trust and confidence of Plaintiffs and to record undercover videos of Creamer and Democracy Partners for PVAF for publication. Defendants deny that these undercover videos were recorded for PV. Defendants admit PVAF and PV were employers of Maass. Defendants admit Maass is the Allison Maass named as a Defendant in this action. Any other remaining allegations are denied.

28. Defendants deny that Creamer told Maass she might qualify for an internship at Democracy Partners' Washington, D.C. office based on the false information Maass provided in an interview. Defendants admit Creamer recommended Maass speak with a former intern, Nick Guthman, to hear about his experience as an intern at Democracy Partners.

29. Defendants admit the allegations of this paragraph.

30. Defendants admit the allegations of this paragraph.

31. Defendants admit Maass was given an electronic pass card by Democracy Partners. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether this electronic pass card granted her access to the office at any hour, on any day, and allowed her to enter all rooms in the office, and accordingly, deny same. Defendants deny that Maass was given access to a company computer. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether an account and password was created for Maass to use a computer, and accordingly, deny same. Defendants admit Maass was given access to the password to the office wireless internet. Any other remaining allegations are denied.

32. Defendants admit that on Maass's first day of work, Creamer gave her an overview of the work SCG and Democracy Partners was performing, how it interacted with clients and other information that was pertinent for an intern to know in order to perform her tasks. Defendants deny that during this discussion, the information Creamer disclosed to Maass included confidential and sensitive business information including the identity of clients, client information and programmatic details, and the identity of partners. Defendants admit that this information was provided just weeks before the 2016 presidential election. Defendants deny that Creamer explicitly told Maass that based on the confidential and sensitive nature of the mission and programming of Plaintiffs SCG and Democracy Partners, the information, and any additional information she was given over the course of her internship, was confidential and not to be shared with anyone other than persons with whom she had specifically been instructed to share that information. Any other remaining allegations are denied.

33. Defendants admit that Maass recorded audio and video of the referenced conversation and other conversations. Defendants deny that these conversations were "confidential." Any other remaining allegations are denied.

34. Defendants admit videos were recorded in Democracy Partners' offices. Defendants deny that these offices are not accessible to the general public. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the offices have 24-hour security, and accordingly, deny same. Defendants deny that Democracy Partners' offices are only accessible if one signs into the building at the lobby security desk, if one is provided entrance by Plaintiffs' receptionist, and/or if one has an electronic pass card. Defendants deny the electronic pass card is required to access the elevators to the office

Case 1:17-cv-01047-ESH   Document 29   Filed 01/18/18   Page 7 of 18

outside of regular business hours and that a key is required to enter the office when no one is present. Any other remaining allegations are denied.

35. Defendants admit Maas provided these audio and video recordings to PVAF. Defendants deny Maas provided these audio and video recordings to PV. Defendants admit these audio and video recordings were used in a series of videos published to the public by PVAF.

36. Defendants deny Maass's tasks as an intern included coordinating meetings with Democracy Partners clients. Defendants admit Maass's tasks as in intern included joining meetings with Democracy Partners clients. Defendants admit the subject of some of these meetings included "bracketing" events. Defendants deny these were highly sensitive or maintained in confidence by the Democratic National Committee prior to the time the events took place. Defendants admit Maass put together news clips, researched and drafted client updates, and performed other tasks as an intern at Democracy Partners. Defendants deny that the procedures for pulling news clips and the client update memos were proprietary to Democracy Partners and its clients. Defendants admit Maass received training on how to pull the news clips from a Democracy Partners client. Any other remaining allegations are denied.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Democracy Partners' "bracketing program" was a "most important" project, as compared to other projects at Democracy Partners, and accordingly, deny same. Defendants admit Maas was involved with a "bracketing program" at Democracy Partners, and that the program coordinated press events in areas being visited by then-candidates Donald Trump and Mike Pence. Defendants deny that prior to the public

– 7 –
DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

announcement of each event, information relating to the timing, location, nature of and the program to take place during each such event, was maintained in strict confidence by the DNC, other groups directly involved in the event, and their respective consultants. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether maintaining that information in confidence was essential in order for each such event to be successful, and accordingly, deny same. Defendants deny that "strict confidence" described in this paragraph was necessary to prevent the Republican Party and the Republican presidential campaign to adjust their own plans to anticipate or deflect the "bracketing" event. Any other remaining allegations are denied.

38. Defendants admit the allegations of this paragraph.

39. Defendants admit that during the course of her internship, Maass was included among the recipients of emails, and in discussions in in-person meetings and on conference calls, and was sent documents. Defendants admit Maass was given the phone number and access code for client conference calls. Defendants admit Maass was also brought to client meetings. Whether such conversations, calls, emails, and documents were "confidential" is a legal conclusion, and accordingly, Defendants deny same. Defendants deny that these calls, emails and documents all contained confidential business information which Creamer told her was confidential and not to be shared with anyone with whom she had not been instructed to share it. Any other remaining allegations are denied.

40. Defendants admit Maass provided a number of documents and emails to PVAF. Defendants deny Maass deliberately or intentionally provided any documents and e-mails to PV. Defendants admit that PVAF published some of these documents on its website

under the heading "VeritasLeaks" on or around October 26, 2016. Defendants deny that all of the documents published on "VeritasLeaks" were confidential. Defendant admits the website stated "Here are some supporting documents for the Democracy Partners videos we have been releasing." Any other remaining allegations are denied.

41. Defendants admit Creamer invited Maass to meetings. Defendants deny this was so that Maass could gain the experience that she claimed to be seeking. Defendants admit Maass was invited to a meeting at the White House on or about September 29, 2016. Defendants admit that to attend a meeting at the White House, visitors must provide their name, Social Security number and other personal information so that the Secret Service can perform a background check. Defendants admit that on September 26, 2016, Creamer asked Maass for her information to submit on her behalf. Defendants deny that Maass gave Creamer the false name "Angela Brandt" in this context or ever provided Creamer with a false Social Security number. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Creamer submitted information regarding Maass to the White House, and accordingly, deny same. To the extent that this paragraph purports to interpret 18 U.S.C. § 1001(a) (false statement), and 18 U.S.C. § 2 (principals), this is a legal conclusion and no response is required. Defendants admit that on the day of the White House meeting, Maass claimed to feel ill and did not attend the meeting. Any other remaining allegations are denied.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

43. Defendants deny that on her first day of work at Democracy Partners, Maass was asked to provide a resume. Defendants admit that Maass provided a resume containing false

information at some point after the first day of the internship. Any remaining allegations are denied.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

45. Defendants admit the allegations in the first two sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph, and accordingly, deny same.

46. Defendants admit the allegations of this paragraph.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

53. Defendants admit that on Monday October 17th, 2016 PVAF released its first video of Democracy Partners that contained footage from the hidden camera videos, and that this date was approximately three weeks before the 2016 presidential election. Defendants

lack knowledge or information sufficient to form a belief as to the truth of whether voters increasingly tuned-in to politics at this time. Defendants deny that the video was "heavily" or deceptively edited, other than normal editing for length and clarity. Defendants deny that the video contained commentary by O'Keefe that drew false conclusions. Defendants admit that the video charged that the Plaintiffs were involved in fostering violence at rallies for then-candidate Donald Trump. Defendants deny that the video falsely implied that the ongoing work in planning and implementing the bracketing events was part of that conspiracy. Defendants deny that the purpose of this video, and all of the videos, was falsely to portray the Democratic Party and progressive organizations as being engaged in unethical and illegal activity. Defendants deny this first video was released on Project Veritas's YouTube channel and heavily promoted it on its social media feeds. Any remaining allegations are denied.

54. Defendants admit the allegations of this paragraph.

55. Defendants admit that on October 18, 2016, PVAF released a second video that contained footage from the hidden camera videos, that this video was released on its YouTube channel and heavily promoted on its social media feeds. Defendants deny that this video was "heavily" or deceptively edited and contained commentary by O'Keefe that misrepresented what was actually said in the videos. Any remaining allegations are denied.

56. Defendants admit the allegations of this paragraph.

57. Defendants admit that on Monday, October 24, 2016, PVAF published a third video and a fourth video was posted and distributed on October 26, 2016, and that this was two weeks before the 2016 presidential election. Defendants deny that these videos falsely

implied that Secretary Clinton was personally involved in unethical and/or illegal activity. Defendants deny that these videos falsely implied that activities carried out in connection with the bracketing events had been unlawfully coordinated with the Clinton Campaign. Defendants deny that these videos falsely implied that a group for which Creamer worked had unlawfully accepted a foreign contribution. Defendants deny that these videos were also released on the Project Veritas YouTube channel and heavily promoted on its social media feeds. Defendants deny that the videos contained commentary by O'Keefe that misrepresented what was actually said in the videos. Defendants admit that the videos contained footage from Maass's recordings of Creamer, Democracy Partners and its clients. Any remaining allegations are denied.

58. Defendants admit the allegations of this paragraph.

59. Defendants deny that O'Keefe stated that Maas and Roth were employees of PVAF in its videos regarding Plaintiffs. Defendants admit the remaining allegations of this paragraph.

60. Defendants admit the allegations of this paragraph.

61. Defendants admit the allegations of this paragraph.

62. Defendants admit the allegations of this paragraph.

63. Defendants admit that O'Keefe supervised the undercover investigation, but he did so solely as an agent and employee of Defendant PVAF. Any remaining allegations are denied.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, and accordingly, deny same.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, deny same, and demand strict proof thereof.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of this paragraph, deny same, and demand strict proof thereof.

## COUNT ONE – BREACH OF FIDUCIARY DUTY

69. Defendants repeat and re-allege all of their responses above as if fully alleged herein.

70. Defendants deny the allegations of this paragraph.

71. Defendants deny the allegations of this paragraph.

72. Defendants deny the allegations of this paragraph.

73. Defendants deny the allegations of this paragraph and its sub-parts.

74. Defendants deny the allegations of this paragraph.

75. Defendants deny the allegations of this paragraph.

76. Defendants deny the allegations of this paragraph.

77. Defendants deny the allegations of this paragraph.

## COUNT TWO – UNLAWFUL INTERCEPTION OF ORAL COMMUNICATIONS (18 U.S.C. § 2511, *et. seq.*)

78. Defendants repeat and re-allege all of their responses above as if fully alleged herein.

79. Defendants deny the allegations of this paragraph.

80. Defendants deny the allegations of this paragraph.

81. Defendants deny the allegations of this paragraph.

82. Defendants deny the allegations of this paragraph.

83. Defendants admit using and publicly disclosing the contents of the recordings taken by Maass. Defendants deny that the recordings were made in violation of 18 U.S.C. §§ 2511(1)(c) and 2511(1)(d). Any remaining allegations are denied.

84. Defendants deny the allegations of this paragraph.

85. Defendants deny the allegations of this paragraph.

## COUNT THREE – UNLAWFUL INTERCEPTION OF ORAL COMMUNICATIONS

## (D.C. CODE § 23-541, et. seq.)

86. Defendants repeat and re-allege all of their responses above as if fully alleged herein.

87. Defendants deny the allegations of this paragraph.

88. Defendants deny the allegations of this paragraph.

89. Defendants deny the allegations of this paragraph.

90. Defendants deny the allegations of this paragraph.

91. Defendants admit using and publicly disclosing the contents of the recordings taken by Maass. Defendants deny that the recordings were made in violation of D.C. Code § 23-542(a)(2) and § 23-542(a)(3). Any remaining allegations are denied

92. Defendants deny the allegations of this paragraph.

93. Defendants deny the allegations of this paragraph.

## COUNT FOUR – TRESPASS

94. Defendants repeat and re-allege all of their responses above as if fully alleged herein.

95. Defendants deny the allegations of this paragraph.

96. Defendants deny the allegations of this paragraph.

97. Defendants deny the allegations of this paragraph.

98. Defendants deny the allegations of this paragraph.

99. Defendants deny the allegations of this paragraph.

100. Defendants deny the allegations of this paragraph.

101. Defendants deny the allegations of this paragraph.

## **COUNT FIVE – FRAUDULENT MISREPRESENTATION**

102. Defendants repeat and re-allege all of their responses above as if fully alleged herein.

103. Defendants admit the allegations of this paragraph.

104. Defendants deny the allegations of this paragraph.

105. Defendants deny the allegations of this paragraph.

106. Defendants admit the allegation of this paragraph.

107. Defendants admit the allegation of this paragraph.

108. Defendants deny the allegations of this paragraph.

109. Defendants deny the allegation of this paragraph.

110. Defendants deny the allegation of this paragraph.

111. Defendants deny the allegations of this paragraph.

112. Defendants deny the allegations of this paragraph.

## **COUNT SIX – CIVIL CONSPIRACY**

113. Defendants repeat and re-allege all of their responses above as if fully alleged herein.

114. Defendants deny the allegations of this paragraph.

115. Defendants deny the allegations of this paragraph.

116. Defendants deny the allegations of this paragraph.

## General Denial

All allegations contained in the Complaint not heretofore specifically admitted are denied.

## Affirmative Defenses

Wherefore, having answered the Plaintiffs' complaint, the Defendants raise the following defenses:

1. The Complaint states no claim upon which relief can be granted.

2. Plaintiffs have suffered no recoverable damages.

3. The Plaintiffs' claims are unconstitutional as applied to Defendants. The actions and statements at issue made by the Defendants are absolutely protected freedoms of speech and press under the First Amendment to the U.S. Constitution.

4. Plaintiffs have failed to mitigate their damages.

5. Through their own contributory negligence, Plaintiffs' substantially caused their own damages (if any) suffered in this case.

6. This action is barred by the DC Anti-SLAPP Law, DC Code § 16-5501, *et seq*.

7. Defendants reserve the right to assert additional Affirmative Defenses that become warranted as facts develop during discovery.

## **DEFENDANTS' PRAYER FOR RELIEF**

For the foregoing reasons, Defendants respectfully request that this case be dismissed and they be awarded their reasonable attorney's fees and costs incurred in this litigation.

                                            Respectfully submitted,
                                            **Project Veritas Action Fund**
                                            **Project Veritas**
                                            **James O'Keefe**
                                            **Allison Maass**
                                            By Counsel

/s/ Daniel D. Mauler
Daniel D. Mauler
(D.C. Bar No. 977757)
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, VA 22314
Tel: (703) 684-2000
Fax: (703) 684-1509
dmauler@rpb-law.com

/s/ Benjamin T. Barr
Benjamin T. Barr
(Admitted *pro hac vice*)
THE LAW OFFICE OF BENJAMIN BARR
444 North Michigan Avenue
Suite 1200
Chicago, Illinois 60611
Tel: (202) 595-4671
B@benjaminbarr.com

/s/ Stephen R. Klein
Stephen R. Klein
(Admitted *pro hac vice*)
500 Madison Street #419
Alexandria, VA 22314
Tel: (734) 233-1705
stephen.klein.esq@gmail.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2018, a copy of the foregoing was filed and served via the CM/ECF system, which will serve a Notice of Electronic filing upon all counsel of record, including the following:

>Joseph E. Sandler
>SANDLER REIFF LAMB ROSENSTEIN & BIRKENSTOCK, P.C.
>1025 Vermont Ave., N.W. Suite 300
>Washington, D.C. 20005
>
>Yael Bromberg
>Aderson Francois
>INSTITUTE FOR PUBLIC REPRESENTATION
>GEORGETOWN UNIVERSITY LAW CENTER
>600 New Jersey Avenue, NW, Suite 312
>Washington, DC 20001
>
>*Counsel for Plaintiffs*
>
>  /s/   Daniel D. Mauler
>Daniel D. Mauler (D.C. Bar No. 977757)
>REDMON, PEYTON & BRASWELL LLP
>510 King Street, Suite 301
>Alexandria, VA 22314
>Ph: (703) 684-2000
>Fax: (703) 684-1509
>dmauler@rpb-law.com
>*Counsel for Defendants*