# EXHIBIT 11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY PARTNERS, LLC, *et al.,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civ. No. 1:17-cv-1047-ESH |
| v. | ) |
| | ) |
| PROJECT VERITAS ACTION FUND, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFFS' RESPONSES TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Fed. R. Civ. P. 33, Plaintiffs Democracy Partners, LLC; Strategic Consulting Group, NA, Inc.; and Robert Creamer (collectively, the "Plaintiffs") respond, answer, and/or object to Defendants' First Set of Interrogatories to Plaintiffs as follows. Plaintiffs reserve the right to supplement or amend these responses should Plaintiffs become aware of additional information or documents.

## GENERAL OBJECTIONS

1. Plaintiffs object to the lack of any limitation on the time period applicable to the Interrogatories.

2. Plaintiffs object to the definition of "you" and "Plaintiffs" as vague, overbroad and unduly burdensome. All of Plaintiffs' responses will be limited to Plaintiffs; as to Democracy Partners, its members and the owners or principals of those members; as to Strategic Consulting Group, its owner, with respect to the subject matter of the Interrogatory.

      Hrant Jamgochian
      Dialysis Patient Citizens
      1012 14th Street, N.W.  Suite 1475
      Washington, D.C. 20005
      (202) 789-6933
      Facts known:  Facts supporting allegations set forth in paragraph 66 of the Complaint. The prospective client referred to in paragraph 66 of the Complaint is Dialysis Patient Citizens.

2. If you are aware of any oral or written admissions or statements related to any matter set forth in the Complaint, made at any time by any Defendant or any of his/her/its employees, agents, or representatives, then state the substance of each statement or admission, state the place where and date when each statement or admission was made, identify the person who made each such statement or admission, identify all persons who were present at the making of each statement or admission, state whether each such statement or admission was oral or written, and, if written, identify the documents containing it and the custodians thereof.

**Response:**

    Plaintiffs object to this Interrogatory on the grounds that it is vague, ambiguous and overbroad.  Plaintiffs are not aware of any written admissions by any Defendant relating to any matter set forth in the Complaint.  To the extent that the Interrogatory seeks any "statement related to any matter set forth in the Complaint," it is asking for identification of every document in Plaintiffs' possession, custody or control containing any statement or communication by any Defendant, or their agents or employees, relating to any matter set forth in the Complaint. Plaintiffs are producing all such documents to the extent requested in Defendants' First Set of Requests for Production of Documents/ ESI to Plaintiffs.

3. Describe and itemize (including specifying dollar amounts) all damages supposedly suffered by any Plaintiff that are allegedly recoverable against any Defendant in this lawsuit.

**Response:**

From 2007 through 2016, until termination of the contract for that year, Strategic Consulting Group ("SCG") received from AFSCME $383,000.00 for consulting services and $1,508,359.00 for automated telephone calls and other specific services, for a total of $1,891,359.00 or $189,136.00 per year on average. Plaintiffs claim, but for the termination in 2016, the contracts would have been renewed for at least another three years, resulting in $567,408 of lost income to SCG.

From 2007 through 2016, until termination of the contract for that year, SCG received from Americans United for Change a total of $1,232,250 for consulting services and $590,309 for automated telephone calling and other specific services, for a total of $1,822,559 or $182,255 per year on average. Plaintiff claim, but for the termination in 2016, the contracts would have been renewed for at least another three years, resulting in $546,765 in lost income to SCG.

The loss of the potential contract with Dialysis Patient Citizens resulted in a loss of at least $30,000 in income to SCG.

4. Identify (by full name, address, telephone number, and ownership percentages) all members of Plaintiff Democracy Partners, LLC by name, address, telephone number, and ownership percentages. If a member is, itself, a corporate or business entity, then identify its members, partners, or shareholders by name, address, telephone number, and ownership percentages.

**Response:**

Each member of Democracy Partners LLC has an equal ownership percentage.  Plaintiffs object to providing the ownership percentages of the individual owners, shareholders or partners of any Democracy Partners member, other than SCG, on the grounds that such information has no relevance to any claim or defense of any party in this case.

6

Current Democracy Partners members are:

Amplify Social Media, LLC
1011 Marble Mill Circle NW # 200
Marietta, GA 30060
Tel: 210-913-4445
Members:  Aaron Black and Daniel Gouldman—Gouldman at same address and phone number; see below for Aaron Black information

Aaron Black
1250 Eye Street, N.W. Suite 250
Washington, D.C. 20005
Tel: (866) 532-3367

Big Bowl of Ideas, Inc.
610 Main Street, # 211
Los Angeles, CA 90014
Telephone: To be provided
Sole shareholder:  Wyatt Closs- same address; telephone number to be provided

Ashanti Golar (individual)
301 N. Beauredard
Alexandria, VA 22312
Tel; (202) 670-1366

Heather Booth d/b/a Booth Consulting (sole proprietorship)
3724 Benton Street, N.W.
Washington, D.C. 20007
Tel: 202-374-0762

Campaign Industries, LLC
1501 Dempster Ave.
Evanston, IL 60201
Telephone: 847-644-6354
Members:  John Hennelly and Mac D'Alessandro—same address and phone number
          Principal:  Khalid Pitts

Columbia Road Media
1250 Eye Street, N.W.  Suite 330
Washington, D.C. 20005
Tel: (866) 532-3367
Owner:  David Grossman
Digital Turf LLC
27 Clear Brook Crossing
Kennebunk ME 04043
Tel: (207) 251-1927

7

Members:  Marc Cerabona and Braidy O'Neal—same address and telephone

GM Networking, LLC
309 N. Royal Street
Alexandria, VA 22314
Telephone: (703) 731-9505
Sole member:  Gebe Martinez, same address and telephone number

Jackie Kendall (individual)
1353 Coneflower Rd.
Grayslake, IL 60030
Tel: 312-543-6598

Kari Moe Consulting
26 6th St SE
Washington, D.C. 20003
(202) 441-5685
Owner: Kari Moe

Lupe Lopez  (individual)
6000 IL Route 173
Richmond, IL 60071
Tel:  (202) 360-7603

Media Talent 2.0, Inc.
1615 Q Street, N.W.
Washington, D.C. 20009
Tel: 917-287-3816
Sole shareholder: Joel Silberman, same address and phone number

Mike Lux Media, LLC
1250 Eye Street, N.W. Suite 250
Washington, D.C. 20005
Tel:  (202) 628-7771
Sole member:  Michael Lux, same address and telephone number.
Principal: Lauren Windsor, same address and telephone number

MK Communications
Marilyn Katz
350 W. Hubbard Street, Suite 200
Chicago, IL 60654
Tel: 312-822-0505
Sole proprietorship: Owner—Marilyn Katz, same address and phone number

Onyx Communications
2046 Westchester Drive

8

Silver Spring, MD 20902
Tel:  (202) 329-3067
Owner:  Marvin Randolph, same address and telephone number

Sarnia Campaign Strategies
1250 Eye Street, N.W. Suite 330
Washington, D.C. 20005
Tel: (866) 532-3367

Schaeffer Trull Ltd.
P.O. Box 15394
Washington, D.C. 20003
Tel:  (202) 465-4647
Owner: Renee Schaeffer

Strategic Consulting Group, NA, Inc.
1250 Eye Street, N.W.  Suite 250
Washington, D.C. 20005
Tel: (866) 532-3367
Sole shareholder: Robert Creamer; same address and telephone number
Principals:     Linda Saucedo
                Cheri Whiteman
                350 W. Hubbard St. Suite 200
                Chicago, IL 60654
                (312) 822-0504

The Maccabee Group
3509 Connecticut Ave., N.W.
Washington, D.C. 20008
Tel: (202) 302-1964
Owner:  Brett DiResta

Grossinger and Mooney Consulting
3025 N Street, N.W.
Washington, D.C. 20007
Tel: 202-333-0195
Owners:  Ken Grossinger and Josie Mooney—same address and telephone number

Zule Rodriguez (individual)
3025 N Street, N.W.
Washington D.C. 20007
Tel: (202) 689-4100

5. Identify and describe all measures taken by any Plaintiff to safeguard the confidentiality

of the information and documents provided to Defendant Allison Maas.

**Response:**

Plaintiff Robert Creamer repeatedly instructed Defendant Allison Maass not to share confidential and proprietary information with unauthorized parties. The confidentiality of information and documents physically accessible in the offices of Democracy Partners was safeguarded in that visitors to the offices were required to sign in in the lobby of the office building; and the doors to the offices are locked and can be opened only by a Democracy Partners employee inside the offices or through use of an electronic pass card.  Defendant Maass was granted access to Democracy Partners' offices using an electronic pass card.  The pass card also allowed Maass to access rooms with computers and files containing confidential information.

6. Identify and describe all agreements or contracts (by Bates number, if in written form) between Defendant Allison Maass / Angela Brandt and any Plaintiff.

    **Response:**

On or about September 21, 2016, Plaintiff Robert Creamer agreed orally with Defendant Allison Maass on the terms of her internship with Democracy Partners, including her start date, that she would be present in the office three days per week, the nature of her work, and that she was not to share with any person, other than other employees of Democracy Partners members present in the Democracy Partners offices or as instructed by Mr. Creamer, any non-public information of any kind that she learned in the course of her internship about the work of Democracy Partners or SCG, the work being performed for the clients of Democracy Partners or SCG, or about the activities, programs or operations of those clients. At some time after

September 21, 2016 but before her start date in mid-October 2016, Plaintiff Creamer agreed to allow Defendant' Maass to change her start date to accommodate a death in her family.

7. Identify (by name, address, telephone number, and name of individual point of contact) all third-party contracts, business relationships, or business expectancies that were allegedly interfered with or harmed by the actions of any Defendant, itemizing (including specifying dollar amounts) each element of damages suffered related to each contract, relationship, or expectancy.

**Response:**

See Response to Interrogatory Nos. 1 and 3.

8. Describe and itemize (including specifying dollar amounts) all damages suffered due to the "diminishment of the economic value of confidential and proprietary information," as alleged in Paragraphs 76, 77, 84, 85, 92, 93, 101, 111, 112, and 116 of the Complaint.

**Response:**

Plaintiffs are not claiming any specific damages due to diminishment of the economic value of confidential and proprietary information.

9. Describe and itemize (including specifying dollar amounts) the "damage to reputation" suffered by any Plaintiff, as alleged in Paragraphs 76, 77, 84, 85, 92, 93, 101, 111, 112, and 116 of the Complaint.

**Response:**

Plaintiffs are not claiming any specific damages due to damage to reputation suffered by any Plaintiff.

10. Describe and itemize (including specifying dollar amounts) all damages suffered by any Plaintiff due to the publication by Defendant Project Veritas Action Fund of the videos and documents described in Paragraphs 53 through 59 of the Complaint.

**Response:**

Plaintiffs are claiming damages from the publication by Defendant Project Veritas Action Fund of the videos and documents described in paragraphs 53 through 59 of the Complaint only insofar as that publication revealed to the clients of Democracy Partners and SCG that the confidential information and documents of those clients had been stolen, compromised and publicly disseminated as a result of Defendants' actions. The public exposure caused the Plaintiffs to be viewed by certain clients as not capable of maintaining the confidentiality of sensitive and confidential client information.

The specific damages resulting from Defendants' actions in that regard are as follows. From 2007 through 2016, until termination of the contract for that year, Strategic Consulting Group ("SCG") received from AFSCME $383,000.00 for consulting services and $1,508,359.00 for automated telephone calls and other specific services, for a total of $1,891,359.00 or $189,136.00 per year on average. Plaintiffs claim, but for the termination in 2016, the contracts would have been renewed for at least another three years, resulting in $567,408 of lost income to SCG.

From 2007 through 2016, until termination of the contract for that year, SCG received from Americans United for Change a total of $1,232,250 for consulting services and $590,309 for automated telephone calling and other specific services, for a total of $1,822,559 or $182,255 per year on average. Plaintiff claim, but for the termination in 2016, the contracts would have been renewed for at least another three years, resulting in $546,765 in lost income to SCG.

The loss of the potential contract with Dialysis Patient Citizens resulted in a loss of at least $30,000 in income to SCG.

11. Identify and describe all activities that any Plaintiff carried out on behalf of or in conjunction with the Democratic National Committee during the year 2016. In your response identify the dates of the activities, the location of the activities, the nature of activities, the compensation received for the activities, and the name, telephone number, and address of the person at the Democratic National Committee who authorized each activity.

**Response:**

Plaintiffs will produce documents describing the work SCG performed for Mobilize, Inc. as a subcontractor for a contract Mobilize had with the DNC, as described in the Complaint. Pursuant to Fed. R. Civ. P. 33(d), when Plaintiffs produce documents in response to Defendants' First Request for Production of Documents /ESI to Plaintiffs, Plaintiffs will provide the Bates number ranges of documents to which a response to this interrogatory may be determined insofar as the Interrogatory relates to the work performed by SCG for Mobilize. To the extent the Interrogatory seeks information about any other activities of any member of Democracy Partners, or members or shareholders of members, on behalf of the DNC, whether for compensation or as volunteers, Plaintiffs object to the Interrogatory on the grounds that it would infringe the freedom of association of such persons protected by the First Amendment and is not relevant in any way to the claim or defense of any party in the case.


12. Identify and describe all activities that any Plaintiff carried out on behalf of or in conjunction with the Hillary For America presidential campaign (including any subsidiary- or state-based campaign organization) during the year 2016. In your response identify the dates of the

The undersigned certifies that he is authorized to answer the foregoing Interrogatories on behalf of Democracy Partners, LLC and declares under penalties of perjury that the foregoing answers are true and correct to the best of his present knowledge, information and belief.

Dated this ___15___ day of March 2018

_____
Robert Creamer, Managing Partner, Democracy Partners

The undersigned certifies that he is authorized to answer the foregoing Interrogatories on behalf of Strategic Consulting Group NA, Inc. Democracy Partners, LLC and declares under penalties of perjury that the foregoing answers are true and correct to the best of his present knowledge, information and belief.

Dated this ___15___ day of March 2018

_____
Robert Creamer, President

The undersigned declares under penalties of perjury that the foregoing answers are true and correct to the best of my present knowledge, information and belief.

Dated this ___15___ day of March 2018

_____
Robert Creamer

As to objections and certification under Fed. R. Civ. P. 26(g)(1):

__/s/ Joseph E. Sandler
Joseph E. Sandler, D.C. Bar No.255919
Dara Lindenbaum
SANDLER REIFF LAMB ROSENSTEIN
& BIRKENSTOCK, P.C.
1090 Vermont Ave., N.W. Suite 750
Washington, D.C. 20005
Tel: 202-479-1111
Fax: 202-479-1115
sandler@sandlerreiff.com


/s/ Yael Bromberg
Yael Bromberg, D.C. Bar  1045569
Aderson Francois, D.C. Bar No. 798544
INSTITUTE FOR PUBLIC
REPRESENTATION
GEORGETOWN UNIVERSITY LAW
CENTER
600 New Jersey Avenue, N.W. Suite 312
Washington, DC 20001
Phone: (202) 662-9593
Fax: (202) 662-9634
Yael.bromberg@law.georgetown.edu
abf48@georgetown.edu
*Counsel for Plaintiffs*