# **EXHIBIT 12**

# CONSULTING AGREEMENT

The American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) and Strategic Consulting Group, NA/Democracy Partners (Consultant) (together, "the Parties"), enter into the following agreement to permit AFSCME to avail itself of the expertise and services of Consultant and Consultant desires to make his expertise and consulting services available to AFSCME and hereby agree to the following terms and conditions:

1. Consulting Services.

    (a) Consultant shall provide services as detailed below in conjunction with AFSCME's work to protect vital public services; specifically, Consultant shall provide services in support of AFSCME's major 2016 communications effort to promote and defend public sector unions and expansion of the middle class; efforts to bring federal attention and assistance to Flint, Michigan; efforts to fill the current vacancy on the U.S. Supreme Court; issues related to the pending Supreme Court case, *Friedrichs v. California Teachers' Association;* and other issues to be determined by AFSCME:

    - Issue campaign plan development, including message development on specific issues to be agreed upon by AFSCME.
    - Coalition development subject to a plan developed by Consultant that describes coalition members and subsequent meeting schedule as agreed to by AFSCME.
    - Targeting swing members of Congress for issue campaigns and developing grassroots strategies to affect their positions.
    - Implementation of all or part of these issue campaigns, as defined by AFSCME.

    Consultant may perform other professional services, consistent with these tasks. Robert Creamer, a Partner in Strategic Consulting Group, NA/Democracy Partners, will lead the team providing these services.

    (b) Consultant shall report to Scott Frey or his designee. Consultant will interact with and meet with AFSCME's officers, managers and employees as necessary and appropriate, but Consultant is responsible for independently developing and recommending strategic plans for implementation by AFSCME. Consultant acknowledges that AFSCME, in its discretion, may accept all, some, or none of the recommendations of Consultant as it deems appropriate. Consultant shall attend meetings as requested by AFSCME.

    (c) Consultant will provide a written report to Scott Frey or his designee on a quarterly basis.

    (d) Consultant shall not have authority to hire, fire or to supervise any AFSCME employee or to enter into contracts, or otherwise incur liability, on behalf of AFSCME.

(e) Consultant has independent discretion about when, where and how (including the sequence of work) he performs its work; requires and will receive no training from AFSCME; retains the right to hire his own staff and employees who are not under the control or direction of AFSCME in his status as an independent contractor.

(f) Consultant shall devote sufficient time to the performance of the Services during the term of this Agreement so as to achieve the goals of AFSCME. The performance of the Services shall conform to the highest professional standards applicable to the work to be performed.

(g) Consultant shall perform the Services pursuant to this Agreement as an independent contractor with respect to AFSCME, and nothing in this Agreement shall create, or be deemed to create, any relationship of employer and employee, or of master and servant between AFSCME and Consultant or any of Consultant's owners, principals or employees. As an independent contractor, Consultant is responsible for payment of all applicable obligations to state and/or federal governmental agencies, including, but not limited to, income tax, unemployment tax, and all other fees and taxes. Without limiting the generality of the foregoing, Consultant understands and agrees that AFSCME will not obtain coverage under AFSCME workers' compensation policy or unemployment program in any State for Consultant, or provide or make available any benefits to Consultant that AFSCME makes available to its employees.

2. Term and Termination. The term of this Agreement shall begin on January 1, 2016 and shall end on December 31, 2016, unless either party, at its discretion and with or without cause, terminates the Agreement upon thirty (30) days' written notice to the other. Sections 5, 6, 7, 8(c), and 10 of this Agreement shall survive indefinitely the termination date of this Agreement. This Agreement may be extended in writing by mutual agreement of the Parties.

3. Consulting Fee. Consultant shall be paid a consulting fee of $3,000 to be each month. Consultant shall provide an invoice to AFSCME by the 10th day of the month following the month in which the Services were performed, and AFSCME shall pay the undisputed portion of such invoice by the 30th day of each month.

4. Reimbursement of Expenses.

(a) Consultant shall maintain invoices, receipts and other records of expenses incurred by Consultant in connection with performing the Services.

(b) AFSCME shall reimburse Consultant at cost for out-of-pocket expenses reasonably incurred for:

(i) out-of-town travel, lodging and meals. Consultant shall not incur any expenses without the prior approval and authorization of AFSCME. Travel, lodging, meal and related expenses are governed by AFSCME's Travel and Expense Policy, a copy of which will be provided to Consultant.

DP_0000051

    (ii)    Undisputed portions of expenses submitted for reimbursement shall be reimbursed within 30 days of submission of a detailed invoice and relevant receipts or other documentation as directed by AFSCME.

    (iii)    Unreasonable expenses that will not be reimbursed include but are not limited to limousine service, first class travel, movie rentals, health club fees, personal services, bar charges, excessive room service, entertainment charges, phone charges from airplanes, or other such expenses.

5. **Confidentiality.**

    (a)    Consultant shall not, directly or indirectly, at any time during the term of this Agreement or thereafter, and without regard to when or for what reason this Agreement shall terminate, divulge, furnish, make accessible, or permit the disclosure to anyone (other than AFSCME or other persons employed or designated by AFSCME) any knowledge or information of any type whatsoever acquired by Consultant in the course of the consultancy, including (but not limited to) knowledge or information relating to the business or activities of AFSCME, including business and activities relating to the services rendered under this Agreement, whether disclosed orally or visually to Consultant and whether stored on any tangible medium or memorialized by Consultant ("Confidential Information").

    (b)    The term Confidential Information includes all originals, recorded and unrecorded copies of such Confidential Information, as well as information derived therefrom and portions thereof. Such Confidential Information also includes, but is not limited to, all written or audio materials obtained, generated, produced or otherwise acquired during the course of the consultancy, including (but not limited to) any notes, charts, lists, computer files, electronic mail messages, phone logs or other memoranda, whether handwritten, typed, or otherwise created. Information shall be Confidential Information even if no legal protection has been obtained or sought for such information under applicable laws and whether or not Consultant has been notified that such information is Confidential Information.

    (c)    Consultant shall not be liable for disclosure of Confidential Information if such disclosure is pursuant to judicial action or other lawfully compelled disclosure, provided that the Consultant notifies AFSCME by e-mail or fax within 24 hours after such need to disclose becomes known and gives AFSCME a reasonable opportunity to contest such disclosure.

    (d)    Upon termination of this Agreement for whatever reason or upon breach of any of the obligations set forth in this Agreement, Consultant shall return all Confidential Information (as defined above) to AFSCME, regardless of the form in which it appears or is stored (including information stored on tapes, computer discs, compact discs or other media).

DP_0000052

6. <u>Indemnification.</u>  Consultant will indemnify, defend and hold AFSCME harmless from any liabilities, actions, damages, claims, demands, judgments, losses, attorney's fees and attachments arising from, or related to, any pending suit, threatened or contemplated action, suit or proceeding arising from actions by Consultant undertaken pursuant to the terms of this Agreement. Consultant will not indemnify AFSCME if the liabilities, actions, damages, claims, demands, judgments, losses, attorneys' fees and attachments are due to the negligence or willful misconduct of AFSCME, are the result of any breach of this Agreement by AFSCME, or are the result of any infringement of any copyright by AFSCME.

7. <u>Assistance with Government Inquiry.</u> Consultant shall provide, in a timely manner, all documents and services, including personal services, necessary to assist AFSCME in connection with any audit, inquiry or investigation of AFSCME by any government agency or in connection with any matter relating to compliance by AFSCME with federal or state laws relating to Consultant's services under this Agreement.

8. <u>Other Consulting Services.</u> AFSCME and Consultant agree that Consultant may provide independent consulting services to other individuals or entities, provided, however, that:

    (a) A list of other entities and individuals for whom Consultant provides services shall be provided and such other independent consulting services shall in no way impair Consultant's ability to provide the Services pursuant to this Agreement;

    (b) Consultant's work for AFSCME shall be distinct from work performed for Americans United for Change in collaboration with AFSCME. Consultant's work for AFSCME shall be distinct from work performed for Americans United for Change in collaboration with AFSCME.

    (c) Consultant shall avoid at all times activities in the service of other individuals or entities that could present in fact or in appearance a conflict with the interests of AFSCME; and

    (d) Consultant shall not use any AFSCME resources in connection with its work for any other client.

9. <u>Work Made For Hire.</u> All materials, products and deliverables that Consultant creates in Consultant's performance of the services under this Agreement (the "Materials") are and shall be a work made for hire under US copyright laws. In the event that a court of competent jurisdiction conclusively concludes that the Materials are not, in fact, a work made for hire, then Consultant irrevocably grants, transfers and assigns to AFSCME all right, title and interest (including copyright rights) in and to the Materials. Consultant understands and agrees that AFSCME (or its assignee) is the owner of all rights in and to the Materials and that Consultant retains no rights whatsoever in and to any of the Materials. Accordingly, Consultant agrees that Consultant will not use, directly or indirectly, any version of the Materials at any time and in connection with any project, including but not limited to promotional, marketing or advertising activities or purposes.

DP_0000053

Moreover, Consultant agrees that Consultant will not use the names, logos or other marks of AFSCME for any purposes outside the scope of this Agreement.

10. Resolution of Disputes. In the event a dispute arises concerning the meaning of a term or condition of this Agreement or concerning either party's performance of its obligations under this Agreement, the parties shall use their best efforts to resolve the dispute amicably, including by meeting or teleconferencing at the earliest possible time. If such efforts fail to resolve the dispute, the parties shall arbitrate the dispute by utilizing the services, rules and procedures of the American Arbitration Association (AAA) governing commercial disputes. In any such proceeding each party shall bear its own costs and shall divide equally the costs of AAA and the arbitrator for their services. The arbitrator shall have authority only to interpret and apply this Agreement and shall not have authority to vary its terms and conditions. The arbitrator's award shall be final and binding on the parties, except that either party may seek judicial relief for any alleged failure by the arbitrator to adhere to the preceding sentence, and either party may also seek judicial relief to enforce an award if necessary.

11. Assignment. Except as specifically set forth in this Agreement, the rights and interests of Consultant in this Agreement may not be sold, transferred, assigned or pledged without the express written consent of AFSCME. The rights and obligations of AFSCME under this Agreement shall be binding upon and run in favor of the successors and assigns of AFSCME. In the event of any attempted assignment or transfer of rights under this Agreement contrary to its provisions, AFSCME shall have no further liability for payments.

12. Severability. The invalidation of any portion of this Agreement shall not affect the validity of any other provisions. In the event that any portion of this Agreement is held to be invalid, the remaining provisions shall be in full force and effect as if they had been executed by both parties subsequent to the expungement of the invalid provision.

13. Governing Law. This Agreement contains the entire agreement between the parties and shall be governed by the law of the District of Columbia.

14. Section Headings. Section headings are for convenience of reference only and shall not be considered a part of this Agreement.

15. Notices. Any notice or other communication required or permitted under this Agreement shall be in writing and shall be deemed effective when delivered, in the case of AFSCME, to Stephan Fantauzzo, 1625 L Street, NW, Washington, DC 20036; and in the case of Consultant, Democracy Partners/Strategic Consulting Group, NA at 350 W. Hubbard Street, Suite 200, Chicago, Illinois 60654 or such other address designated by Consultant.

IN WITNESS WHEREOF, AFSCME and Consultant each has caused this Agreement to be signed by its duly authorized representative as of the date stated below.

DP_0000054

For AFSCME:

Date: 3/28/16

*[signature: Stephan Fantauzzo]*
Stephan Fantauzzo
Chief of Staff

For Consultant:

Date: 3/29/16

*[signature: Robert Creamer]*
Robert Creamer
Partner/President

TIN #: 36-4223675