# EXHIBIT B

2019 WL 910099
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Orlando Division.

Steve WENTZ, Plaintiff,
v.
PROJECT VERITAS, James O'keefe
III, and Allison Maass, Defendants.

Case No: 6:17-cv-1164-Orl-18GJK
|
Signed 02/22/2019

**Attorneys and Law Firms**

Cynthia Ariel Conlin, Jennifer Dawn Reed, Cynthia Conlin, PA, Orlando, FL, for Plaintiff.

David Scott Oliver, Jason Alec Zimmerman, Jeffrey Michael Aaron, George Brock Magruder, III, GrayRobinson, PA, Orlando, FL, Jason L. Unger, GrayRobinson, PA, Tallahassee, FL, for Defendants.

## ORDER

GREGORY J. KELLY, UNITED STATES MAGISTRATE JUDGE

*1 This cause came on for consideration without oral argument on the following motions:

**MOTION: DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF AND FOR RULE 37 SANCTIONS (Doc. No. 93)**

**FILED:** November 28, 2018

**THEREON** it is **ORDERED** that the motion is **GRANTED.**

### I. BACKGROUND.

On August 27, 2018, Plaintiff Steve Wentz filed an Amended Complaint against Defendants Project Veritas, James O'Keefe III, and Allison Maass (collectively, "Defendants"), alleging several causes of action based on allegedly secret videotaping of him and broadcasting of the videotapes. Doc. No. 81. Specifically, Plaintiff alleges that Defendants secretly recorded his conversation with Maass in Orlando, Florida, and that Project Veritas, O'Keefe, and a Project Veritas agent secretly recorded his conversation in Kansas. Id. at ¶¶ 22, 33, 43, 45. Plaintiff alleges that Project Veritas and O'Keefe published the Florida video and an article about the Florida video, which portrays Wentz as "untrustworthy" and "corrupt." Id. at ¶¶ 56, 57, 60. On September 10, 2018, Defendants filed their Answers and Affirmative Defenses to the Amended Complaint. Doc. Nos. 82, 83. As one of their Affirmative Defenses, Defendants plead that this case is prohibited by Florida's Anti-SLAPP Statute, Florida Statute Section 768.295. Doc. No. 82 at 11-12; Doc. No. 83 at 21-22.

On November 28, 2018, Defendants filed a Motion to Compel Discovery Responses from Plaintiff and for Rule 37 Sanctions (the "Motion"). Doc. No. 93. The Motion is regarding the following request to produce and interrogatory (the "Discovery Requests") and the responses thereto:

> **Request No. 6.** Copies of all documents including, but not limited to, emails, texts, or written correspondence in any format, by plaintiff or his lawyers with Georgetown, Lauren Windsor, Yael Bromberg, any Georgetown law students, Aderson Francois, Rober[t] Creamer, Joseph Sandler, Dara Lindebaum, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or the Undercurrent.
>
> **Objection.** This request is overbroad, not limited to the subject matter of the complaint, and not relevant to the current pending claims and defenses. This request is also vague, ambiguous, and fails to particularize what i[t] seeks. Furthermore, Defendant fails to define Georgetown, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or The Undercurrent.
>
> **Interrogatory No. 24.** Please list every instance by date and time that plaintiff or his lawyers met with in person or communicated with, by phone or any other communication device, Georgetown, Lauren Windsor, Yael Bromberg, any Georgetown law students, Aderson Francois, Robert Creamer, Joseph Sandler, Dara Lindebaum, Democracy Partners, Mike Lux Media (MLM), Lady Libertine, and/or The Undercurrent.

**Objection.** First, Plaintiff respectfully objects to the timeframe from 1990 to the present as overly broad. Second, this request fails to define "Georgetown," "Democracy Partners," "Mike Lux Media (MLM)," "Lady Libertine," and/or "The Undercurrent." Third, this request is wholly irrelevant to Plaintiff's claims for defamation or recording Plaintiff in violation of state and federal law or any of Defendants' affirmative defenses. For example, Plaintiff or his lawyers may have spoken to a Georgetown law student in 1990 about topics unrelated to Project Veritas. Furthermore, even if Plaintiff had spoken to one of these persons or entities about Project Veritas or the video, it would not be relevant to Plaintiff's claims or Defendant's defenses. This request will not resolve the issue in this case. Finally this request is simply harassing and a fishing expedition.

*2 *Id.* at 4-5. Defendants state that the Discovery Requests were subsequently limited to the following after conferring with Plaintiff's counsel:

(1) that the requests sought only documents or information "related to the claims and defenses in this lawsuit;" (2) that, in relation to the entities, the requests sought only documents or information "with that entity's employees or agents in their capacity as agents of the entity;" and (3) providing detailed definitions of each entity including hyperlinks to their websites.

*Id.* at 5. In an email responding to the Discovery Requests as limited, Plaintiff's counsel stated, "Plaintiff has no documents responsive to this request[,]" and "there are no such communications." Doc. No. 93-1 at 2.

Defendants attach to the Motion portions of the deposition of Lauren Windsor, in which she testifies that she met Plaintiff twice "and spoke with him on the phone several times about the investigation underlying this lawsuit ...." Doc. No. 93 at 2. Windsor also states that she preserved emails to and from Plaintiff setting up the meetings and exchanged email and telephone correspondence with Plaintiff's counsel. *Id.* Defendants argue that the Discovery Requests are relevant and proportional, especially as to Defendants' affirmative defense that this case is barred by Florida's Anti-SLAPP statute. *Id.* at 6-8. Defendants ask the Court to "compel the production of these documents, a fulsome answer to the interrogatory, and sanction Plaintiff and his counsel for this abuse of the discovery process." *Id.* at 3.

On December 12, 2018, Plaintiff filed his response to the Motion (the "Response"). Doc. No. 103. Plaintiff first argues that Defendants should amend the Discovery Requests and not rely on Plaintiff's counsel's response to an email as a response to the Discovery Requests. *Id.* at 2-3. Plaintiff then objects to Defendants relying on Windsor's deposition, stating that it should not be used because Plaintiff was not present or represented at it. *Id.* at 3-4. Plaintiff states that if the Court permits the transcript, then, under Federal Rule of Civil Procedure 32(a)(6), Defendants should "introduce all other parts [of the transcript] that in fairness should be considered with the part introduced or provide the entire transcript to Plaintiff and allow Plaintiff time to supplement his response after reviewing said transcript." *Id.* at 4. Plaintiff then argues that "any communications with Lauren Windsor are nonetheless privileged as protected work-product." *Id.* at 4. Plaintiff contends that Florida's Anti-SLAPP statute does not apply to this litigation. *Id.* at 5-8. Plaintiff also argues that the Discovery Requests are irrelevant and not proportional to the needs of this case. *Id.* at 8-10. Plaintiff claims that sanctions are not warranted. *Id.* at 10-11. Lastly, Plaintiff asks that if the Court denies the Motion, then Defendants should be ordered to pay Plaintiff's attorney's fees incurred in opposing the Motion and the Court "should issue a protective order preventing Defendants from further inquiry related to whether [Plaintiff] or his counsel spoke to Lauren Windsor because such communications are protected work-product as they related to [Plaintiff] and his counsel's investigation of the parties in this case, in anticipation of litigation." *Id.* at 12.

*3 On January 11, 2019, with the Court's authorization, Defendants filed a reply to the Response (the "Reply"). Doc. Nos. 110, 111. In the Reply, Defendants argue that Plaintiff waived the work product protection claim because he failed to assert it at any time before the Response and has not served a privilege log. Doc. No. 111 at 1-3. Defendants also argue that the Court can properly rely on Windsor's deposition excerpt. *Id.* at 3-4. Defendants state that they provided the complete deposition to Plaintiff. *Id.* at 4.

On February 4, 2019, also with the Court's authorization, Plaintiff filed a sur-reply to the Reply (the "Sur-Reply"). Doc. Nos. 116, 119. Plaintiff asserts that the work product protection was not waived and that Plaintiff preserved the protection by raising it in response to a similar request for production that was served on Defendant over four months before Defendant propounded the Discovery Requests to Plaintiff. Doc. No. 119.

## II. ANALYSIS.

### A. Relevancy

Federal Rule of Civil Procedure 26(b)(1) provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery has the threshold burden of demonstrating that the requested information is relevant. *Zorn v. Principal Life Ins. Co.*, 2010 WL 3282982, at *2 (S.D. Ga. Aug. 18, 2010).

The Discovery Requests ask for information regarding communications between Plaintiff, Plaintiff's counsel, and a litany of people and entities. Doc. No. 93 at 4-5. Defendants describe these people and entities as "otherwise-unrelated plaintiffs who filed similar lawsuits against Defendants ...." Doc. No. 93 at 6. Defendants argue that communications between these people and entities and Plaintiff and Plaintiff's counsel are relevant to its Anti-SLAPP defense, may contain information about Plaintiff's "thoughts and discussions about this lawsuit, or even expose a coordinated effort among a group of otherwise-unrelated plaintiffs to ensnare Defendants in expensive litigation to thwart first-amendment rights." *Id.* at 7.

The Anti-SLAPP statute prohibits a person from filing a lawsuit "without merit and primarily because [the defendant] exercised the constitutional right of free speech in connection with a public issue ...." § 768.295(3), Fla. Stat. "Free speech in connection with public issues" is defined as the following:

> any written or oral statement that is protected under applicable law and is made before a governmental entity in connection with an issue under consideration or review by a governmental entity, or is made in or in connection with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work.

*Id.* § 768.295(2)(a). The SLAPP defendant has the initial burden of presenting a prima facie case that the Anti-SLAPP statute applies. *Gundel v. AV Homes, Inc.*, No. 2D18-899, 2019 WL 405843, at *7 (Fla. 2d DCA Feb. 1, 2019). The burden then shifts to the plaintiff "to demonstrate that the claims are not 'primarily' based on First Amendment rights in connection with a public issue and not 'without merit.'" *Id.* at *7 (quoting § 768.295(3)).

*4 Defendants contend that the Discovery Requests could lead to information about "a coordinated effort among a group of otherwise-unrelated plaintiffs to ensnare Defendants in expensive litigation to thwart first-amendment rights." Doc. No. 93 at 7. This information could tend to demonstrate that the instant lawsuit was brought "primarily because [Defendants] exercised the constitutional right of free speech in connection with a public issue ...." § 768.295(3), Fla. Stat. Thus, the Discovery Requests are relevant.

Plaintiff argues that the Anti-SLAPP statute is inapplicable to this lawsuit. Doc. No. 103 at 5-8. Although that may be the case, that dispute will not be resolved on a discovery motion. Defendants "may obtain discovery regarding any nonprivileged matter that is relevant to [their] defense," Fed. R. Civ. P. 26(b)(1), and Defendants plead the Anti-SLAPP statute as an affirmative defense. Doc. No. 82 at 11-12; Doc. No. 83 at 21-22. Accordingly, Plaintiff's objection that the Discovery Requests are irrelevant and not proportional are overruled.

### B. "Informal" Discovery Requests

Plaintiff argues that Defendants cannot rely on their Discovery Requests as modified by their attorneys' communications to support the Motion or a request for sanctions under Rule 37. Doc. No. 103 at 2-3. Plaintiff argues that his counsel's "email is not a response to discovery." *Id.* at 3. To support this argument, Plaintiff cites *In re: Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 4063265, at *3 (M.D. Fla. July 29, 2016). Doc. No. 103 at 2. In that case, however, the party was moving to compel a deposition that had never been noticed. *In re: Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 4063265, at *3. That is fundamentally different from moving to compel responses to Discovery Requests that were formally served, but then modified following a good faith conference as required by Rule 37(a)(1). The other case relied on by Plaintiff indicates that the requests were only made informally in an email. *Suarez v. Sch. Bd. of Hillsborough Cty.*, No. 8:13-CV-1238-T-17MAP, 2014 WL 12620821, at *2 (M.D. Fla. Mar. 3, 2014).

To agree with Plaintiff would undermine the judicial efficiency that the good faith conference requirement in Rule 37(a)(1) promotes. Additionally, Plaintiff's responses to the Discovery Requests in the email —"Plaintiff has no documents responsive to this request[,]" and "there are no such communications," Doc. No. 93-1 at 2—give every indication that they are to be relied on by Defendants as responses to the Discovery Requests.[1]

### C. Use of Windsor Deposition

Plaintiff objects to Defendants relying on Windsor's deposition, stating that it should not be used because Plaintiff was not present or represented at it. Doc. No. 103 at 3-4. Plaintiff states that if the Court permits the transcript, then, under Rule 32(a)(6), Defendants should "introduce all other parts [of the transcript] that in fairness should be considered with the part introduced or provide the entire transcript to Plaintiff and allow Plaintiff time to supplement his response after reviewing said transcript." *Id.* at 4.

Plaintiff relies on Federal Rule of Civil Procedure 32 to support this argument. *Id.* at 3-4. However, "depositions can be used more freely on motions than the rule would seem to indicate. A deposition is at least as good as an affidavit and should be usable whenever an affidavit would be permissible, even though the conditions of the rule on use of a deposition at trial are not satisfied." § 2142 General Principles Relating to the Use of a Deposition, 8A Fed. Prac. & Proc. Civ. § 2142 (3d ed.).

*5 Plaintiff does not argue that the excerpt from the deposition is unreliable or that Windsor's testimony should not be credited. Doc. No. 103. In the Reply, Defendants submitted that if Plaintiff could "advance an argument that any other portion of the transcript could affect the resolution of this issue," then Defendants would not oppose Plaintiff's motion to file a sur-reply. Doc. No. 111 at 4. Plaintiff did file a Sur-Reply, but advanced no such argument. Doc. No. 119. Plaintiff's arguments that excerpts from Windsor's deposition should not be used are unavailing.

### D. Work Product Protection

Plaintiff argues that "any communications with Lauren Windsor are nonetheless privileged as protected work-product." Doc. No. 103 at 4. In the Response, Plaintiff contends that any communications with Windsor regarding "uncovering Maass's identity would have been necessary so Plaintiff could properly name her as a Defendant." *Id.* at 5. Plaintiff argues that such communications are by their very nature work product. *Id.*

The party asserting the work product protection bears the initial burden of demonstrating that the requested materials are protected work product. *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1336-1337 (M.D. Fla. 2007). Under federal law, Rule 26(b)(3)(A) governs the application of the work product protection, and states:

Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Thus, for the information to be protected by the work product doctrine, it must be:

1. "documents and tangible things;"

2. "prepared in anticipation of litigation or for trial;" and

3. "by or for another party or by or for that other party's representative."

§ 2024 The Work–Product Rule—Matters Protected by the Work–Product Rule, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.) (quoting Rule 26(b)(3) ).

Under the undersigned's *Standing Order Regarding Privileged and Protected Information*, Case No. 6:18-mc-20-Orl-GJK, the party withholding information based on the work product protection must serve a privilege log on the opposing party simultaneously with the responses to the discovery requests. Standing Order at 2.

If the opposing party challenges the asserted privileges, then "the parties should first engage in a good faith effort to resolve the dispute without court intervention." *Id.* at 2-3. If the parties cannot resolve their dispute, then the party asserting the privilege must file a motion for protective order discussing each element of each privilege within fourteen days after the good faith conference, and including the privilege log and an appendix with supporting evidence of each element of each asserted privilege. *Id.* at 4-5.

Plaintiff did not raise the work product protection in first responding to the Discovery Requests. Doc. No. 93 at 4-5. On October 10, 2018, Plaintiff did not raise the work product protection in responding to the Discovery Requests as limited by the parties' attorneys' discussion. Doc. No. 93-1 at 2. Plaintiff first raised the work product protection on December 12, 2018, in the Response. Doc. No. 103 at 4-5. In contravention of the Standing Order, Plaintiff failed to provide a privilege log or move for a protective order. Plaintiff does not demonstrate that the Discovery Requests call for documents and tangible things prepared in anticipation of litigation or for trial by or for Plaintiff or Plaintiff's counsel. Therefore, Plaintiff fails to establish the work product protection. As Plaintiff fails to establish the work product protection, the Court need not address whether it was waived.

### E. Sanctions

*6 Defendants move for an award of attorney's fees under Rule 37(a)(5)(A). Doc. No. 93 at 8-9. Defendants argue that Plaintiff and his counsel have been evasive and misleading in responding to the Discovery Requests "and failed to even place Defendants on notice that potentially relevant communications existed." *Id.* at 8. Defendants state that they "would not even know about these communications but for the testimony of an otherwise-unrelated plaintiff in a different lawsuit, which raises serious concerns regarding not only Plaintiff and his counsel's conduct here, but also for the candor of their many other discovery responses that 'no responsive documents exist.' " *Id.*

Plaintiff argues that sanctions should not be imposed because his "nondisclosure was substantially justified." Doc. No. 103 at 11. Plaintiff argues the relevancy of the Discovery Requests and states that his counsel was not being evasive and misleading, but "that there was a[n] innocent misunderstanding between counsel ...." *Id.* Finally, Plaintiff argues that sanctions would be unjust because Defendants relied "on emails instead of relying on actual discovery responses ...." *Id.*

Rule 37(a)(5)(A) states the following:

> [I]f the motion is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Defendants state in the Motion:

> Before filing this motion on September 26 and November 27 and 28, 2018, pursuant to Local Rule 3.01(g), Brock Magruder, the Defendants' counsel, conferred with Jennifer Reed, Plaintiff's counsel, who opposes the requested relief and maintains the documents withheld were not subject to disclosure, are not relevant to the claims and defenses in this lawsuit, and thus were not responsive to the Discovery Requests.

Doc. No. 93 at 9. Additionally, Defendants narrowed the information requested, as demonstrated in the emails attached to the Motion. Doc. No. 93-1. Thus, Defendants attempted in good faith to obtain the discovery without court action. Plaintiff's nondisclosure, response, and objections were not substantially justified, as demonstrated above and by Plaintiff's shifting reasons for not producing the information requested. Plaintiff was given and availed himself of the opportunity to be heard on this issue in the Response. Doc. No. 103 at 10-11. Based on the foregoing, the Court finds an award of attorney's fees incurred in bringing the Motion is warranted under Rule 37(a)(5)(A).

### III. CONCLUSION.

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. No. 93) is **GRANTED**;

2. **On or before March 1, 2019**, Plaintiff shall provide full responses to the Discovery Requests as narrowed by the parties in Doc. No. 93-1;

3. **On or before March 4, 2019**, Plaintiff shall file a certificate of compliance with the discovery obligations in this Order;

4. Plaintiff and his counsel shall pay Defendants' attorney's fees incurred in bringing the Motion. **On or before March 8, 2019**, Defendants' counsel and Plaintiffs' counsel shall confer in person or via telephone in a good faith effort to agree on the amount of attorney's fees awarded pursuant to this Order; and

5. If the parties are unable to agree on the amount of attorney's fees, then, **on or before March 15, 2019**, Defendants may file a motion to quantify the fees awarded in this Order.

*7 **DONE** and **ORDERED** in Orlando, Florida, on February 22, 2019.

**All Citations**

Slip Copy, 2019 WL 910099

---

Footnotes

1   Compare Plaintiff's counsel's response to the disputed requests for admissions in the same email that state, "We will respond to the RFAs as originally requested." Doc. No. 93-1 at 1.

**End of Document**                © 2019 Thomson Reuters. No claim to original U.S. Government Works.