UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY PARTNERS, LLC, et al.,

      Plaintiffs,

v.

PROJECT VERITAS ACTION FUND, et al.,

      Defendants.
_____/

CASE NO.: 1:17-CV-1047-PLF

## PROJECT VERITAS PARTIES' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' PROPOSED TRIAL EXHIBIT 121

Project Veritas Action Fund, Project Veritas, James O'Keeefe and Allison Maass ("the Project Veritas Parties") move to preclude the Plaintiffs from introducing their proposed Trial Exhibit 121. **Sealed Exhibit at D.E. 115-1**. The exhibit is an email which has nothing to do with the news investigation that resulted in Robert Creamer's conduct being exposed (it was only produced in discovery because Creamer's name appears in it).

The Project Veritas Parties timely objected to this exhibit as irrelevant under Federal Rule of Evidence ("FRE") 402 or, if relevant, posing a danger of confusing the issues and misleading the jury that substantially outweighs its probative value under FRE 403. *See* D.E. 108. In light of the pre-trial order requiring unresolved evidentiary issues to be brought to the Court's attention pre-trial (either in a motion *in limine* or the joint pre-trial statement or a filing contemporaneous with the joint pre-trial statement), the Project Veritas Parties file this motion given the necessity of sealing the exhibit. The parties conferred over teleconference on September 9, 2021 and thereafter through electronic mail, and the substantive relief requested in this motion is opposed.

I.  **Plaintiffs Have Not, And Cannot, Meet Their Initial Burden to Demonstrate Proposed Exhibit 121's Relevance**

The proponent of admitting an item of evidence has the initial burden of establishing relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990); *United States v. Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020). Plaintiffs cannot meet this burden – their proposed Exhibit 121 is unrelated to the news investigation at issue in this suit. Plaintiffs' Exhibit 121 is an e-mail conversation between James O'Keefe and a Project Veritas staff member regarding ███████████████████████ **Sealed Exhibit at D.E. 115-1**. ███████████████████████ ████████████ The redacted subject and content of the first email in this exhibit references a news publication by Project Veritas that is unrelated to the news investigation at issue in this case.[1]

The proposed exhibit has nothing to do with the news investigation at issue in this case and was only produced because it bears the name "Creamer" in it. Plaintiffs have never pursued a line of discovery that would conjure a link other than the appearance of Creamer's name. They would have been chasing their tails if they had. No link exists. A document is not relevant at trial simply because it has the word "Creamer" on it. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ It would have been totally unsupported if they had made such a claim. There is nothing in this exhibit that suggests Allison Maass had a fiduciary duty to Democracy Partners, that she and the other Project Veritas Parties conspired to breach a fiduciary duty via interception of oral communications, or

---

[1] If necessary, the Project Veritas Parties will produce for the Court an unredacted version of the exhibit for *in camera* review.

that the Project Veritas Parties committed fraudulent misrepresentation. The exhibit is irrelevant and thus inadmissible, and the Court should preclude its admission. FRE 402.

II. **If Relevant, Plaintiffs' Exhibit 121 Poses a Danger of Confusing the Issues and Misleading the Jury that Substantially Outweighs its Probative Value**

If the exhibit is relevant in some way, the Court should nevertheless preclude its introduction because the danger of confusing the issues and misleading the jury substantially outweighs its probative value. Because the sealed exhibit is irrelevant it is difficult to gauge its probative value, but whatever that value it is outweighed.

The confusion of the issues is paramount because the e-mail discusses nothing more than ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Similarly, the exhibit would mislead the jury by suggesting that ████████████ ████████████████████████ Again, the Plaintiffs have never alleged this, and rightfully did not ████████████████████████████ ████████████ Just as the Court previously ruled that "references to Russia or a Russian conspiracy" or "suggest[ing] a connection between defendants and Russia" would be unfairly prejudicial, it would seriously mislead the jury by suggesting ████████████████████████████ ████████████ D.E. 114 at 2. ████████████████████ ████████████████████

3

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

For the foregoing reasons, the Project Veritas Parties respectfully request that the Court enter an Order precluding Plaintiffs from presenting or admitting Plaintiffs' Proposed Trial Exhibit 121. *See* **Sealed Exhibit at D.E. 115-1**.

[Remainder of this page intentionally left blank]

Respectfully submitted,

By:   /s/ Paul A. Calli
     Paul A. Calli
     Florida Bar No. 994121
     Chas Short
     Florida Bar No. 70633
     CALLI LAW, LLC
     14 NE 1st Ave, Suite 1100
     Miami, FL 33132
     Telephone: (786) 504-0911
     Facsimile (786) 504-0912
     PCalli@Calli-Law.com
     CShort@Calli-Law.com
     *Admitted pro hac vice*

/s/ Kerry Brainard Verdi
Kerry Brainard Verdi, Esq.
Bar No. 478486
Benjamin R. Ogletree
Bar No. 475094
VERDI & OGLETREE PLLC
1325 G Street, NW, Suite 500
Washington, DC 20005
Telephone: (202) 449-7703
Facsimile: (202) 449-7701
kverdi@verdiogletree.com

Benjamin Barr (Pro Hac Vice)
BARR & KLEIN PLLC
444 N. Michigan Avenue Ste. 1200
Chicago, IL 60611
Telephone: (202) 595-4671
ben@barrklein.com
*admitted pro hac vice*

/s/ Stephen R. Klein
Stephen R. Klein
Bar No. 177056
BARR & KLEIN PLLC
1629 K St. N.W., Ste. 300
Washington, DC 20006
Telephone: (202) 804-6676
steve@barrklein.com

*Counsel for Defendants Project Veritas Action Fund, Project Veritas, James O'Keefe, and Allison Maass*

5

**CERTIFICATE OF SERVICE**

I CERTIFY that on October 25, 2021 I served the foregoing through electronic mail on all counsel of record.

/s/ Stephen Klein
Stephen R. Klein

**CERTIFICATE OF SERVICE (REDACTED FILING)**

I CERTIFY that on October 28, 2021 I served the foregoing through the Court's electronic filing system which served a copy on all counsel of record.

/s/ Stephen Klein
Stephen R. Klein