UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY PARTNERS, LLC, *et al.,* )
)
    Plaintiffs, )
) Civ. No. 1:17-cv-1047-PLF
v. )
)
PROJECT VERITAS ACTION FUND, LLC, *et al.*, )
)
    Defendants. )
)

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' TRIAL EXHIBIT 121**

Defendants have filed, under seal, a motion in limine (Dkt. No. 128] to preclude Plaintiffs from introducing their proposed Exhibit 121.  A copy of Plaintiffs' Exhibit 121 was filed by Defendants under seal.  Dkt. No. 115-1.

Exhibit 121 is an email ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The sole purpose for which Plaintiffs would introduce this document is to show that Project Veritas is not a legitimate news organization.  Real news organizations—whether Fox News, the New York *Times* or any other recognized media outlet-- do not ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Since the parties exchanged exhibit lists, the Court issued its Opinion and Order [Dkt. No. 114] ("Opinion & Order") granting in part and denying in part Defendants' Motion in Limine to Exclude Plaintiffs' Politically-Motivated Efforts to Introduce Irrelevant Evidence [Dkt. No. 100]. Int that Opinion and Order, the Court ruled that Defendants' "journalistic status" is not a "fact [] of consequence" in this action" for purposes of Fed. R. Evid. 401, and therefore that Plaintiffs are precluded from introducing evidence "in their case-in-chief for the purpose of establishing that defendants are not journalists or  that Project Veritas is not a newsgathering organization." Opinion & Order at 12 (emphasis in original).

At the same time, the Court ruled that "[i]f defendants at trial make arguments, offer evidence or elicit testimony concerning their status as 'investigative journalists,'…engaged in 'truthful reporting,' . . . plaintiffs in turn will be entitled to present additional argument, introduce rebuttal evidence, or cross-examine witnesses on this subject 'to prevent the jury from forming the erroneous impression that the proper characterization of [defendants' journalistic status] is undisputed.'" …." *Id*. at 13 (bracketed material in original)(quoting *Griffin v. Washington Convention Center*, 142 F.3d 1308, 1312 (D.C. Cir. 1998)).

Following the issuance of that Opinion and Order, Plaintiffs filed a Motion in Limine to Preclude Defendants from Making Any Argument or Introducing Evidence for Purposes of Asserting a Journalism Defense [Dkt. No. 117].  That Motion is pending before the Court.  If the Court grants that Motion, so that Defendants are precluded from "opening the door" to evidence of journalistic status or purpose, then Plaintiffs readily acknowledge that they would be similarly precluded form introducing any evidence for the purpose of establishing that Defendants are not journalists. In that case, Plaintiffs would withdraw their Exhibit 121 and would stipulate to entry of an order precluding Plaintiffs from introducing it into evidence.

If, on the other hand that Motion is denied in whole or in part such that, for certain purposes, Defendants may introduce evidence to establish that they were or were acting as journalists, then Plaintiffs, in turn, should be allowed to introduce evidence to rebut such evidence. That evidence would include proposed Exhibit 121.

## CONCLUSION

If Defendants are ultimately permitted to introduce evidence for the purpose of establishing that they were or were acting as journalists, then Defendants' Motion in Limine to Exclude Plaintiffs' Exhibit 121 should denied.  If Defendants are ultimately not permitted to introduce any such evidence, then Plaintiffs will withdraw their Exhibit 121 and  will not object to an order precluding it from being introduced into evidence.

Respectfully submitted,

Dated: November 8, 2021    /s/ Joseph E. Sandler

Joseph E. Sandler, D.C. Bar No. 255919
Christina E. Bustos DC Bar. No. 229699
Mark A. Lancaster, D.C. Bar No. 1620256
SANDLER REIFF LAMB ROSENSTEIN &
BIRKENSTOCK, P.C.
1090 Vermont Ave., N.W.  Suite 750
Washington, D.C.  20005
Tel:  202-479-1111
Fax:  202-479-1115
sandler@sandlerreiff.com
lindenbaum@sandlerreiff.com
bustos@sandlerreiff.com
lancaster@sandlerreiff.com

Aderson Francois, D.C. Bar No. 798544
GEORGETOWN UNIVERSITY LAW CENTER
Civil Rights Clinic
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
Tel: 202-661-6721
aderson.francois@georgetown.edu

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I electronically filed the foregoing Plaintiff's Memorandum in Response to Defendants' Motion in Limine to Exclude Plaintiffs' Trial Exhibit 121 with the Clerk of Court using the CM/ECF system, which will cause a copy to be served on all counsel of record. .

/s/  Joseph E. Sandler

Attorney for Plaintiffs