UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY PARTNERS, LLC,                      CASE NO.: 1:17-CV-1047-PLF
et al.,

      Plaintiffs,

v.

PROJECT VERITAS ACTION FUND,
et al.,

      Defendants.
_____/

## PROJECT VERITAS PARTIES' UNOPPOSED MOTION TO CONTINUE TRIAL

Project Veritas Action Fund, Project Veritas, James O'Keefe and Allison Maass ("The Project Veritas Parties") request that the Court grant a brief continuance due to unforeseen events that have hampered and will continue to hamper the efforts of the undersigned, and the Project Veritas Parties themselves, to prepare for the currently set December 6 trial date. Plaintiffs do not oppose this relief. If the Court grants this Motion, the Project Veritas Parties suggest that the Court hold a status conference to select a new trial date. If the Court's docket and the availability of witnesses permits, the undersigned would seek a February 2022 trial date.

Counsel for the Project Veritas Parties and counsel for the Plaintiffs have communicated intensely in advance of trial for the past six weeks, resolved most differences without requiring the Court's intervention, and worked diligently to ensure both parties met all deadlines set by the Court's trial scheduling order. In fact, the Project Veritas Parties and Plaintiffs have succeeded in filing pleadings ahead of the pre-trial deadlines set by the Court.

On November 10, 2021, the undersigned informed Mr. Sandler, lead counsel for Plaintiffs that the undersigned is lead counsel to journalist James O'Keefe and news outlet Project Veritas

1

in connection with the recent actions of the Department of Justice to seize Mr. O'Keefe's journalism work product, source material, and donor information through a search warrant executed at his home. The DOJ's seizure of a journalist's source material through a search warrant is unprecedented and carries enormous First Amendment implications. Each of three lawyers who will try this case – Mr. Calli, Mr. Short, and Mr. Klein – have been working around the clock on the DOJ matter, with lead counsel Mr. Calli having been in New York for eight days and counting. Although counsel has continued to meet all pre-trial filing deadlines to date, they have been unable to focus on trial preparation in this matter. Trial is only 25 days away.

The search warrant and the resulting disruption was not something foreseeable and was out of counsel's control. It has rendered us unable to turn back to trial preparation and has likewise disrupted the functioning of the Project Veritas Parties themselves. Regretfully, the undersigned do not believe the disruption will end in time to be prepared to try this case on the currently set date. We do not seek delay unnecessarily. We wish to try this case expeditiously, but since the matter in New York occurred, our preparation has been halted.

This is our first request to extend a major deadline in this case. At every stage of the litigation, we have endeavored to proceed expeditiously. Throughout the history of this case, the Project Veritas Parties have only sought to extend deadlines of any sort three times – (1) when predecessor counsel requested a thirty day extension to respond to the Complaint, (2) when the undersigned sought to extend the deadline for discovery in case for the sole purpose of the Project Veritas Parties continuing their efforts to locate and depose Scott Foval, and (3) when the undersigned requested to reschedule a status conference because lead counsel Mr. Calli and his law partner were in trial. Said directly: we are not lawyers who like delay, and we regret that we

must ask for it now. We apologize to the Court that we cannot be prepared to go forward on December 6, 2021.

Our request is based on our inability to engage in trial preparation and the disruptions to our clients themselves due to the unforeseen events. For the further consideration of the Court, we note the search warrant will remain a prominent issue in the media, with significant litigation expected in the coming weeks. Seating a jury that has not formed an opinion based on the current feeding frenzy of press coverage is in the interest of all parties – just as the Project Veritas Parties do not want jurors who have seen negative coverage and formed the erroneous view that 'where there's smoke, there's fire,' we expect that Plaintiffs do not want jurors who have seen favorable coverage and view the Project Veritas Parties as First Amendment champions. The feeding frenzy among the rest of the news media has been enormous. By way of example, even Plaintiffs' mistakenly unredacted filing quoting from a sealed Project Veritas document generated a *Washington Post* article. Erik Wemple, *Opinion: Email Suggests Project Veritas Seeks Donors 'Input'*, WASH. POST, Nov. 10, 2021 *available at* https://www.washingtonpost.com/opinions/2021/11/10/email-suggests-project-veritas-seeks-donors-input/. The *Post* ran this article despite the fact that the undersigned sent the "reporter" a copy of the Court's Order to strike and seal, and despite the fact that the undersigned and Mr. Sandler both asked the reporter not to publish an article about the sealed information. The *New York Times*[1] also contacted the undersigned and said that it would run an article about the filing. That other members of the media have distorted and run with even the matter of Plaintiffs'

---

[1] The New York Times is also Project Veritas's adversary in litigation. Project Veritas sued The New York Times for defamation, and defeated the New York Times' motion to dismiss. S*ee Project Veritas v. New York Times Co.*, Case No. 63921 /2020, 2021 WL 2395290 (N.Y. Sup. March 18, 2021) (Wood, J.).

mistakenly unredacted filing demonstrates the frenzy among others in the media. In short, all eyes are on this case due to Mr. O'Keefe's status in the world of journalism and news. Moving trial would have the further beneficial impact of making it easier to sit a jury without pre-formed opinions.

We again apologize to the Court for the request we reluctantly must make in this Motion. If the Court grants this Motion, we suggest that the Court hold a scheduling hearing to discuss potential dates for a trial. If the Court's schedule allows, we will request a February 7, 2022 trial date. The parties continue to believe that trial will be four days (or five with jury selection) and do not believe any witnesses will be inconvenienced by a continuance.

The undersigned certifies that he has conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the relief requested in this Motion.

Respectfully submitted,

By:  /s/ Paul A. Calli
    Paul A. Calli
    Florida Bar No. 994121
    Chas Short
    Florida Bar No. 70633
    CALLI LAW, LLC
    14 NE 1st Ave, Suite 1100
    Miami, FL 33132
    Telephone: (786) 504-0911
    Facsimile (786) 504-0912
    PCalli@Calli-Law.com
    CShort@Calli-Law.com
    *Admitted pro hac vice*

/s/ Benjamin T. Barr
Benjamin Barr (Pro Hac Vice)
BARR & KLEIN PLLC
444 N. Michigan Avenue Ste. 1200
Chicago, IL 60611
Telephone: (202) 595-4671
ben@barrklein.com
*Admitted pro hac vice*

/s/ Stephen R. Klein
Stephen R. Klein
Bar No. 177056
BARR & KLEIN PLLC
1629 K St. N.W., Ste. 300
Washington, DC 20006
Telephone: (202) 804-6676
steve@barrklein.com

*Counsel for Defendants Project Veritas Action Fund, Project Veritas, James O'Keefe, and Allison Maas*

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on November 11, 2021, I served the foregoing through the Court's electronic filing system which served a copy on all counsel of record.

*/s/ Paul A. Calli*
Paul A. Calli, Esq.