## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DEMOCRACY PARTNERS, LLC, *et al.,*     )
     )
     Plaintiffs,     )
     ) Civ. No. 1:17-cv-1047-PLF
     v.     )
     )
PROJECT VERITAS ACTION FUND, LLC, *et al.*,     )
     )
     Defendants.     )
_____)

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
### PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE *UNDERCURRENT* VIDEOS

Plaintiffs herein reply to Defendants' Opposition [Dkt. No. 131] to Plaintiff's Motion *in Limine* [Dkt. No. 119] to exclude five videos (Defendants' Exhibits 132-136) posted on the *Undercurrent*, witness Lauren Windsor's political web show and YouTube channel.  In their Opposition ("Def. Opp."),  Defendants assert that these five videos ("*Undercurrent* videos") are admissible to rebut "Plaintiff's false 'political spying' characterization" and demonstrate Ms. Windsor's political biases to the jury when she testifies.

In their Opposition, Defendants do not pretend that these videos are relevant – that they are probative of any issue of fact that "is of consequence in determining the action." Fed. R. Evid. 401.  Rather, they assert that the videos are admissible as "impeachment evidence," to show that Ms. Windsor is a "hypocrite" because she supposedly engages in the same kind of activity as Project Veritas, and based on that (false) premise, to support Defendants' proposition that they are "real journalists;" and to show Ms. Windsor's "political biases" presumably against Republicans or conservatives.  Neither is a permissible purpose for introducing this evidence.

I.     **The Videos Are Not Admissible to Show That  Defendants Are Journalists Because They "Do the Same Thing"**

Clearly, Defendants wish to introduce the *Undercurrent* videos to attempt to show that what Ms. Windsor did is the same thing as the Defendants' conduct which is at issue in this lawsuit. As noted in Plaintiff's Memorandum in Support of their Motion *in Limine* [Dkt. No. 119-1], it  is *not* the same thing.  What Ms. Windsor does may be comparable to the taping by Project Veritas of their targets in public venues – in this case, secretly taping Scott Foval in a bar and Plaintiff Robert Creamer in a restaurant and hotel lobby.  But Plaintiffs have never challenged that conduct, in this litigation or in any other proceeding.  What they do challenge is the infiltration of Democracy Partners as an organization and the secret taping in private offices and meetings.

That is not at all comparable to what Ms. Windsor does.  But even if it were, that Ms. Windsor is a "hypocrite" is not a "fact… of consequence" in determining this action.  Fed. R. Evid. 401(b).  Ms. Windsor has referred to her work as "advocacy journalism," though none of the parties to this action have referred to her work in those terms.  Defendants want to make the point that, if what they do is comparable to what Ms. Windsor does, then they should also be considered "journalists."  Def. Oppo. at 3-4.  But the Court has already ruled that whether or not Defendants are journalists is not a "fact of consequence in determining the action," for purposes of Fed. R. Evid. 401.  Opinion and Order on Defendants' Motion in Limine to Exclude Plaintiff's Politically Motivated Efforts to Introduce Irrelevant Evidence, Oct. 14, 2021 [Dkt. No. 114] at 11-12.

Thus, it is decidedly not the case that, as Defendants suggest, they are "entitled to attach the hypocrisy of Plaintiffs' 'political spying' mischaracterizations, by showing that they recognize their own identical methodology as journalism."  Def. Oppo. at 3-4.  That is simply not a permissible purpose for introducing this evidence.

## II.     The Videos Are Not Admissible as Impeachment Evidence to Show Windsor's "Political Biases"

Additionally, Defendants assert that the *Undercurrent* videos are admissible to demonstrate Ms. Windsor's political biases.  Not so.

First, the videos in themselves do not show any bias against Project Veritas or any of the other Defendants.  None of the five recordings Plaintiffs seek to exclude (listed in Def. Oppo. at 2-3) even mention or refer to any of the Defendants in any way.  The mere fact that  Ms. Windsor favors and works for Democratic and progressive causes is not disputed.  The videos are not remotely needed to show such political orientation.  Ms. Windsor is testifying because of her involvement with Democracy Partners, a Democratic consulting group.  Ms. Windsor works with Mike Lux Media, a progressive political strategy firm.  When Ms. Windsor testifies, it will be immediately apparent to the jury that Ms. Windsor does not support – indeed, is "biased" against – right-wing organizations, elected officials, and candidates.

Second, that Ms. Windsor disfavors Republicans and right-wing elected officials does not make it any more or less likely that she will testify truthfully.  General political orientation of this nature is not evidence of "bias" against these specific Defendants.  In *United States v. Abel*, a criminal case, a witness's "bias" was admissible because the witness's bias was that he was a member of a secret prison gang that required its members to deny the existence of the organization and commit perjury, theft, and murder on other member's behalf.  *United States v. Abel*, 469 U.S. 45, 47, 105 S. Ct. 465, 466, 83 L. Ed. 2d 450 (1984).  Here, the witness's supposed "bias" is that she is involved in progressive politics through her political web show and YouTube channel, and that she secretly records public interactions with public officials.  There is no logical connection between that activity and that of the Defendants.  Defendants have no grounds to suggest that based on Ms. Windsor's political activities, her testimony in this case will be untruthful.

Third, evidence of specific instances of a witness' conduct may be admitted on cross-examination if probative of the character for truthfulness of the witness under Fed. R. Evid. 608(b)(1), nothing in the *Undercurrent* videos would in any way be probative of Ms. Windsor's character for truthfulness or untruthfulness as a witness.  Instead, Defendants seek to introduce the *Undercurrent* videos because "[Windsor's involvement in the *Undercurrent* videos] is essentially the same conduct that Project Veritas engaged in and which Plaintiffs challenge in this case."  Def. Opp. at 3. That is not true – Ms. Windsor has not infiltrated private offices under the guise of an internship for the purpose of secretly recording every interaction over the course of several weeks – and is not the type of extrinsic evidence that is permitted on cross-examination to demonstrate a witness's character for truthfulness or untruthfulness.

For these reasons, the *Undercurrent* videos are not admissible as evidence of bias.

### III.    In Any Event, the Undercurrent Videos Should Be Excluded Under Fed. R. Evid. 403

Even if determined to be relevant to Ms. Windsor's bias as a witness, the *Undercurrent* videos should be excluded under Fed. R. Evid. 403.  Allowing the *Undercurrent* videos to be introduced would almost certainly confuse the jury about what conduct is at issue – the infiltration of Democracy Partners and secret taping in private offices, not taping in public venues – and would create a significant risk of suggest decision on an improper basis.  *See Charles v. Home Depot U.S.A., Inc.*, No. 1: 16-cv-02054 (GMH), 2021 U.S. Dist. LEXIS 5030, at 23 (D.D.C. Sep. 28, 2021).

### CONCLUSION

For the reasons set forth above and in Plaintiffs' Memorandum in Support of its Motion *in Limine* to Exclude the *Undercurrent* Videos, Plaintiffs' Motion *in Limine* should be granted.

Respectfully submitted,

Dated: November 15, 2021

/s/ Joseph E. Sandler
Joseph E. Sandler, D.C. Bar No. 255919
Christina E. Bustos DC Bar. No. 229699
Mark A. Lancaster, D.C. Bar No. 1620256
SANDLER REIFF LAMB ROSENSTEIN &
BIRKENSTOCK, P.C.
1090 Vermont Ave., N.W. Suite 750
Washington, D.C. 20005
Tel: 202-479-1111
Fax: 202-479-1115
sandler@sandlerreiff.com
bustos@sandlerreiff.com
lancaster@sandlerreiff.com

Aderson Francois, D.C. Bar No. 798544
GEORGETOWN UNIVERSITY LAW CENTER
Civil Rights Clinic
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
Tel: 202-661-6721
aderson.francois@georgetown.edu

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I electronically filed the foregoing Plaintiffs'

Reply Memorandum in Support of Plaintiffs' Motion *in Limine* to Exclude Undercurrent Videos

with the Clerk of Court using the CM/ECF system, which will automatically send email

notifications to all counsel of record.

/s/ Joseph E. Sandler

Attorney for Plaintiffs