FILED UNDER SEAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY PARTNERS, LLC, et al., | CASE NO.: 1:17-CV-1047-PLF |
| Plaintiffs, | |
| v. | |
| PROJECT VERITAS ACTION FUND, et al., | |
| Defendants. _____/ | |

**PROJECT VERITAS PARTIES' REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE PLAINTIFFS' PROPOSED TRIAL EXHIBIT 121**

The Plaintiffs' entire argument is that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ D.E. 140-1 at 1 (sealed response). Thus, Plaintiffs posit, if the Project Veritas Parties argue that their investigation was in keeping with journalism – or undertaken with a journalistic purpose – Plaintiffs' Proposed Exhibit 121 will be relevant. *Id.* at 2-3. The Plaintiffs' relevance argument fails, and even if the exhibit has a modicum of relevance its use in the case is outweighed by concerns of confusing the issues and misleading the jury.

**I.   Plaintiffs' Proposed Trial Exhibit 121 is Irrelevant**

The Plaintiffs dislike the fact of Project Veritas's journalism. Their argument that because Project Veritas ▇▇▇▇▇▇▇▇▇▇, it must not be engaged in journalism is unsupported by any fact or authority. Journalism is "the collection and editing of news for presentation through the media[.]" *journalism*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/journalism. Black's Law Dictionary includes a definition of "watchdog

journalism," which is "[i]nvestigative journalism that seeks to uncover facts and expose abuses of power, esp. by the government, to the public." *watchdog journalism*, BLACK'S LAW DICTIONARY (11th ed. 2019). These are in one sense simple acts, but saying so portrays just how far the American experiment has transcended human history – in which the collection and editing of news was restricted under abusive powers that prevented the exposure of abusive power. Even today, the free press is an exception worldwide, not the rule. *See generally* REPORTERS WITHOUT BORDERS, https://rsf.org/en/ranking (last visited Nov. 9, 2021). For the Plaintiffs, journalism is an *identity*, and the *activity* of collecting and presenting news is apparently a privilege reserved to professionals rather than a right guaranteed to all Americans. And membership in this privileged class is arbitrary: without elaboration, much less citation, the Plaintiffs argue that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ D.E. 140-1 at 1. The argument proves the folly: to distinguish *real* from *fake* news organizations so flippantly is but a step toward the censorship. And it is not remarkable that Project Veritas is a news outlet ▆▆▆▆▆▆▆▆ – unlike Plaintiffs, who profit from politics and line their pockets by selling their political consulting services, Project Veritas is organized as a non-profit.

The Plaintiffs fail to tie the exhibit to this case. At the outset, they misinterpret its meaning. Though redacted, it is clear: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ The fact that Creamer's name appeared in the email does not make it relevant. Project Veritas ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Plaintiffs' Proposed Trial Exhibit 121 is not relevant to this case and should be precluded from introduction by the Court under Federal Rule of Evidence 402.

### II. Plaintiffs' Proposed Trial Exhibit 121 Poses a Danger of Confusing the Issues and Misleading the Jury

The Plaintiffs do not address the Project Veritas Parties' arguments as to confusing the issues or misleading the jury under Federal Rule of Evidence 403, and the Court should consider their response waived. *See* D.E. 121-1 at 3-4. It bears noting that the Plaintiffs' demonstrated confusion as to the meaning of the exhibit poses serious risk of carrying over to the jury if the exhibit is permitted. If the Court finds the exhibit relevant, it should nevertheless be excluded because its probative value is substantially outweighed by the danger of confusing the issues and misleading the jury.

### Conclusion

The Court should grant the Project Veritas Parties' Motion *in Limine* to Exclude Plaintiffs' Proposed Exhibit 121. *See* D.E. 121-1.

[Remainder of this page intentionally left blank]

Respectfully submitted,

By:   /s/ Paul A. Calli
     Paul A. Calli
     Florida Bar No. 994121
     Chas Short
     Florida Bar No. 70633
     CALLI LAW, LLC
     14 NE 1st Ave, Suite 1100
     Miami, FL 33132
     Telephone: (786) 504-0911
     Facsimile (786) 504-0912
     PCalli@Calli-Law.com
     CShort@Calli-Law.com
     *Admitted pro hac vice*

| | |
|---|---|
| /s/ Stephen R. Klein | |
| Stephen R. Klein | Benjamin Barr (Pro Hac Vice) |
| Bar No. 177056 | BARR & KLEIN PLLC |
| BARR & KLEIN PLLC | 444 N. Michigan Avenue Ste. 1200 |
| 1629 K St. N.W., Ste. 300 | Chicago, IL 60611 |
| Washington, DC 20006 | Telephone: (202) 595-4671 |
| Telephone: (202) 804-6676 | ben@barrklein.com |
| steve@barrklein.com | *admitted pro hac vice* |

*Counsel for Defendants Project Veritas Action Fund, Project Veritas, James O'Keefe, and Allison Maass*

## **CERTIFICATE OF SERVICE**

      I CERTIFY that on November 15, 2021 I served the foregoing through electronic mail on all counsel of record.

                                                */s/ Stephen Klein*
                                                Stephen R. Klein