UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| DEMOCRACY PARTNERS, LLC, <u>et al</u>., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-1047 (PLF) |
| ) | |
| PROJECT VERITAS ACTION FUND, <u>et al</u>., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

<u>ORDER REGARDING TRIAL SCHEDULE AND PROCEDURES</u>

In order to administer the trial of the above-captioned civil case in a manner that

is fair and just to the parties and is consistent with the goal of completing the trial of this case in

the most efficient manner, it is hereby

ORDERED that counsel shall comply with each of the following procedures and

requirements:

1.      <u>STATEMENT OF THE CASE, VOIR DIRE QUESTIONS, AND JURY

INSTRUCTIONS</u>.  Counsel has previously provided to the Court largely agreed upon <u>voir dire</u>

questions and jury instructions.  In view of the procedures for jury selection discussed below, the

parties may file any additional <u>voir dire</u> questions or jury instructions they wish the Court to ask

on or before **September 2, 2022**.  They should also provide, to the extent possible, an agreed

upon statement of the case for the Court's use in briefly describing the case to the jury panel.

2.      <u>FINAL PRETRIAL CONFERENCE</u>.  The final pretrial conference will be

held on **September 7, 2022 at 10:00 a.m.** in **Courtroom 29A** of the William B. Bryant Annex

to the E. Barrett Prettyman Courthouse at 333 Constitution Avenue N.W., Washington,

D.C. 20001.

      3.    <u>JURY SELECTION</u>.  A panel of forty (40) prospective jurors will be

called.  All prospective jurors will be directed to appear the morning of **September 13, 2022**.

All prospective jurors will be masked and seated to maintain social distancing.  <u>Voir</u> <u>dire</u> will

commence promptly at **9:30 a.m. on September 13, 2022 in Courtroom 29A**.  The entire panel

of the prospective jurors will be asked <u>voir</u> <u>dire</u> questions by the Court and directed to record any

questions to which they have an affirmative answer or feel uncertain on a 5x7 notecard.  Each

prospective juror then will be called into the courtroom individually for follow-up questioning by

the Court, with limited pertinent follow-up questioning by counsel.  Challenges for cause will be

exercised at the conclusion of each prospective juror's questioning.  All potential jurors

remaining after this process is completed will be asked to return to the courtroom on **the**

**afternoon of September 13, 2022**, when a jury will be selected.

      4.    <u>PEREMPTORY CHALLENGES</u>.  After all potential jurors have returned

to the courtroom on **the afternoon of September 13, 2022**, counsel for the parties will exercise

their peremptory challenges, five by the plaintiffs and five by the defendants.  A jury of nine (9)

will be selected.  Consistent with the Federal Rules of Civil Procedure, there will be no

alternates.  Counsel shall exercise all peremptory challenges by submitting them in writing, one

side at a time, to the Courtroom Deputy Clerk.  As per the request of the parties, the Court will

permit back strikes, that is, if either side has one or more peremptory challenge left after a group

of nine is tendered, that party may still be permitted to exercise its remaining challenge(s).  And

if the other party also has one or more peremptory challenges left, that party may exercise the

challenge not only as to the new potential juror seated, but to the others previously tendered.

The jurors will be released until **10:00 a.m. on Wednesday September 14, 2022**, when they will be sworn.  No strikes are permitted once the jury is sworn.

       5.    <u>TRIAL AND PUNCTUALITY</u>.  Counsel should be prepared to deliver their opening statements on **Wednesday morning, September 14, 2022**.  Opening statements shall not exceed 30 minutes for the plaintiffs and 30 minutes for the defendants, unless otherwise agreed by counsel.  Any exhibits, charts, or summaries to be used in opening statements must be cleared with counsel for the other side.  Any objections to exhibits to be used during openings must be presented to the Court for resolution on or before **September 12, 2022 at 12:00 p.m**.  After opening statements, plaintiffs must be prepared to call their first witness.  It is estimated that trial will take no more than five days.

       Unless counsel are notified otherwise, the jury portion of the trial will be conducted each weekday from **10:00 a.m. to 12:30 p.m. and from 1:45 p.m. to 5:00 p.m. in Courtroom 29A**.  **On Friday, September 16, 2022**, trial will conclude no later than **3:00 p.m.**  Unless otherwise instructed by the Court, counsel shall be present in the courtroom each morning **promptly at 9:30 a.m.** to address preliminary matters.  Trial will convene promptly at 10:00 a.m. on each trial day and the jury will not be kept waiting.  Counsel shall be available in the courtroom and seated at their respective counsel tables at least five minutes before Court is scheduled to begin or resume after a recess.

       6.    <u>ELECTRONIC COURTROOM</u>.  Representatives of either side who intend to use electronic equipment during the course of this trial shall promptly meet with John Cramer, Courtroom Technology Administrator, of the Clerk's Office (202-354-3019), to arrange for the necessary equipment.  Representatives of both sides shall meet with Mr. Cramer to become fully conversant with the procedures for use of the equipment in the courtroom.

7.      <u>EXHIBITS</u>.  All exhibits, including all video and audio tapes to be used at trial, are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk.  Counsel shall exchange the final version of their exhibit lists and exhibits promptly.  A party offering a hard copy of an exhibit at trial shall have a copy available for the witness.  No later than the close of each witness' testimony, the party presenting that witness shall move their requested exhibits into evidence.  No exhibits shall be received in evidence in a party's case-in-chief that were not included on the exhibit lists provided in Joint Pretrial Statement [Dkt. No. 138], as further limited or agreed upon thereafter, unless there is a showing of extraordinary good cause.[1]

8.      <u>TAPES AND TRANSCRIPTS</u>.  The parties shall email to one another draft transcripts of all video or audio tapes to be used in this case no later than **September 5, 2022**.  Counsel for both sides shall resolve any disputes, alleged inaccuracies in the transcripts, and/or discrepancies between the transcripts and the tapes.  If it proves impossible for counsel to resolve the dispute, they shall so advise the Court **at least three (3) days before the tape is to be offered** so that the Court may resolve the dispute efficiently and avoid any delay to the parties, the jury, and the Court.

9.      <u>GENERAL COURTROOM RULES</u>.  The Court expects counsel to exercise civility at all times towards each other and towards everyone involved in the case or working with the Court.

---

[1]      Originals of all exhibits must be provided to the Courtroom Deputy Clerk before the case goes to the jury.

A.   Unless leave is otherwise given, counsel shall examine witnesses and make opening statements and closing arguments from the lectern and shall speak into the microphone.

B.   Counsel shall obtain permission from the Court before approaching a witness.

C.   One counsel for the plaintiffs and one counsel for the defendants shall be designated as lead counsel for each and every witness, for purposes of direct examination, cross-examination, redirect examination, and raising objections.

D.   The Court will strictly apply the rules on rebuttal evidence.  See BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

E.   Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

F.   When addressing the Court, counsel shall stand.  All objections or other statements by counsel, no matter how brief, shall be made while standing.

G.   All statements by counsel should be directed to the Court and not to opposing counsel.

H.   Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (e.g., "I think . . . , we believe . . . .").

I.      Counsel are reminded to secure clearance from the Court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

J.      Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their official title (e.g., "Captain" or "Dr."). The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

10.   COVID-19 PROCEDURES.  The Court hereby notifies the parties that the following additional procedures restrictions will govern trial, consistent with the practices outlined in Appendices 7 and 8 of the Continuity of Operations Plan During the COVID-19 Pandemic. See Continuity of Operations Plan During the COVID-19 Pandemic (July 15, 2020), https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements; id., Appendix 7 (updated Oct. 27, 2020); id., Appendix 8 (updated Mar. 2, 2022).

A.      All persons who attend trial must wear face masks covering the mouth and nose throughout the entire proceeding, except as directed by the Court. The Court may provide participants with a clear protective facial mask. See Appendix 7 ¶ 4; Appendix 8 ¶ 2(c)(iii). Attendees are reminded that, pursuant to Standing Order No. 21-45, "[a]ll individuals, regardless of vaccination status, are required to wear a face mask, which must completely cover the nose and mouth, at all times while in the public and non-public areas" of the courthouse. In Re: Reinstatement of Mask

Requirement for All Individuals in Public and Non-Public Areas of Courthouse, Standing Order No. 21-45 (BAH) (July 30, 2021), at 1-2, available at: https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements; see also Mask Requirements in the Public Areas of the Courthouse and Courtrooms (Apr. 4, 2022), https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements.

B.     The number of individuals in the courtroom will be limited to the maximum necessary.  Each party may have a maximum of five individuals seated at counsel table.  A maximum of fifteen individuals, including any observers, may be seated on each side of the gallery in a physically distanced manner.  See Appendix 7 ¶ 5(b), (d)-(e).

C.     All participants and observers must remain at or near their assigned places throughout the proceeding, except as directed by the Court.  See Appendix 8 ¶ 2(c)(iv).  Attorneys and witnesses may remove their masks while speaking.  If the Court recesses for a break, all participants must return to their assigned places from before the break.

D.     Any individual who has tested positive for COVID-19, is experiencing symptoms consistent with COVID-19, or learns of exposure to an individual who has tested positive for COVID-19, should not come to the courthouse and should contact the Courtroom Deputy Clerk for further instructions.  If during trial any participant experiences symptoms consistent with COVID-19 or learns of exposure to an individual who has

tested positive for COVID-19, that person should notify the Courtroom

Deputy Clerk immediately.  <u>See</u> Appendix 7 ¶ 6; Appendix 8 ¶ 2(c)(i)-(ii).

E.  Any testifying witness, who is not fully vaccinated must show a negative

rapid test to counsel calling that witness on the day the testimony is

presented to the jury.

11.  <u>DIRECT AND CROSS-EXAMINATION</u>.  On direct and cross-

examination of a witness, counsel shall not:

A.  Testify by improperly incorporating facts into their questions so as to put

before the jury information that has not been received in evidence;

B.  Use an objection as an opportunity to argue or make a speech in the

presence of the jury; or

C.  Show the jury a document or anything else that has not yet been received

in evidence without leave of the Court.  If counsel is using electronic

equipment to display documents to the jury and the Court, counsel shall

make sure that the document has been admitted in evidence before it is

shown to the jury.

12.  <u>OBJECTIONS AND EVIDENTIARY MATTERS</u>.  Any legal matters or

evidentiary issues that arise during the course of the trial and have not been the subject of a

motion <u>in limine</u> or pretrial motion should be discussed between counsel no later than the night

before the witness or exhibit is to be offered.  If there is no resolution, the proponent of the

objection or evidence shall fax (202-354-3498) or e-mail to Chambers and to opposing counsel

that evening or, in any case, **no later than 7:00 a.m. the next morning**, in succinct terms, a

statement of the evidentiary issue or objection and their position, with legal authority.  The

opposing party shall fax or e-mail by **no later than 8:00 a.m.** the contrary position with legal

authority.  The Court will discuss and rule during the time for preliminary matters each morning.

In this way, the jury will not be kept waiting while legal issues are discussed and resolved.

13.     <u>OBJECTIONS AT TRIAL</u>.  Bench conferences are discouraged.[2]

Counsel who make objections during trial must state the legal basis for their objections without

elaboration or argument (unless invited) — <u>e.g.</u>, "objection, hearsay," "objection, lack of

foundation."  The Court generally will rule on the objection without additional discussion except

in the most critical areas.  For purposes of "protecting the record" and assisting appellate review,

counsel may explain or amplify their objections on the record after the jury has been excused for

a break, for lunch, or for the day.

14.     <u>RULE ON WITNESSES</u>.  All witnesses shall remain outside the

courtroom except while actually testifying.  Unless permission for a witness to remain in the

courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during

<u>voir</u> <u>dire</u> and opening statements.  Counsel shall instruct witnesses not to discuss their testimony

with others after they leave the stand.  Counsel calling a witness to testify and counsel's agents

should have no further discussions with that witness concerning any aspect of the testimony

already given or anticipated until such time as the witness has completed his or her testimony.

At all other times, within the bounds of governing ethics rules and the law, counsel may pursue

their discussions with witnesses during the trial.

---

[2]     Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates pre-clearance, <u>e.g.</u>, potentially inflammatory areas of interrogation.

15.   <u>WITNESSES ON CALL</u>.  Once the trial begins, witnesses shall be put on call at the peril of the calling party.  The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances.  The Court will endeavor to accommodate out-of-town and non-party witnesses if counsel alerts the Court.  The party calling a witness shall arrange for that witness' presence until cross-examination is completed, including the following trial day if need be.  The failure to have a witness present for cross-examination following direct examination is grounds to strike the witness' testimony.

16.   <u>PRESENCE OF COUNSEL</u>.  Once court is in session, counsel shall not leave the courtroom without the Court's express permission.  Failure of counsel to be present and on time may result in sanctions.

17.   <u>SUA SPONTE JURY INSTRUCTIONS</u>.  Any necessary <u>sua</u> <u>sponte</u> jury instructions shall be written out by counsel requesting them and shall be given to the Court in a form in which the Court might read the instructions to the jury.  Failure to do so shall be deemed a waiver of any such request.  In the event that the instructions are given, it shall be counsel's responsibility to remind the Court of the necessity for inclusion of any <u>sua</u> <u>sponte</u> instructions in its final charge **by 4:00 p.m. on the date prior to the date on which the final charge is to be given by the Court to the jury**.

18.   <u>VERBAL OR FACIAL CONTACT WITH THE JURY</u>.  Counsel and the parties shall not make any verbal comments, facial expression, laughter, or other contact with the jury which could be interpreted as conveying a comment one way or the other with respect to any testimony, argument, or event that may occur during trial.  Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

19.    <u>CLOSING ARGUMENTS AND INSTRUCTIONS</u>.  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave.  In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout the trial, counsel shall not:

    A.    Make statements of personal belief to the jury;

    B.    Make personal attacks on other counsel in the case;

    C.    Appeal to the self-interest of the jurors; or

    D.    Make potentially inflammatory racial, ethnic, political, or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene <u>sua</u> <u>sponte</u> and not wait for objections if it observes the failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

    SO ORDERED.


_____
    /s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 19, 2022

11