## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DEMOCRACY PARTNERS, LLC, *et al.*,    )
    )
       Plaintiffs,    )
    ) Civ. No. 1:17-cv-1047-PLF
    v.    )
    )
PROJECT VERITAS ACTION FUND, LLC, *et al.*,    )
    )
       Defendants.    )
_____)

### JOINT REVISED FILING OF PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's September 8, 2022, minute order, following are the parties' agreed upon proposed jury instructions and each parties' proposed alternative jury instructions. This incorporates the current versions of all instructions submitted by both sides, whether jointly proposed or objected to in whole or in part by the other side. *See* Dkt. Nos. 137, 173. The Project Veritas Parties have made further substantive revisions to their proposed instructions 25, 27, 28, 29, and new alternative instruction 37. Additionally, the parties are discussing the possibility of submitting a proposed verdict form that address the complexities of the causes of action, but the parties are not yet prepared to submit one to the Court.

The parties have jointly worked diligently to prepare these proposed instructions. However, owing to potential developments at trial, the parties jointly request that the Court reserve their right to amend these proposed instructions prior to submission of the case to the jury.

1.      GENERAL INTRODUCTION AT CLOSE OF EVIDENCE

PLAINTIFFS' PROPOSED JURY INSTRUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Authority**: Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 FED. JURY PRACTICE & INSTRUCTIONS §103:01 (6th ed. 2021).

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

Ladies and gentlemen of the jury, you will soon hear the closing arguments of counsel concerning the evidence in this case. At this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been

presented. It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 1 (D.D.C. Jan. 28, 2011).

## 2.      FUNCTION OF THE COURT

### JOINT PROPOSED JURY INSTRUCTION

My function is to conduct the trial of the case in an orderly, fair, and efficient manner. I also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.


**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 2 (D.D.C. Jan. 28, 2011).

### 3.    FUNCTION OF THE JURY

### JOINT PROPOSED JURY INSTRUCTION

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect, and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear, or favor.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 3 (D.D.C. Jan. 28, 2011).

## 4.   SIGNIFICANCE OF PARTY DESIGNATIONS
## DEFENDANTS' PROPOSED INSTRUCTION

During the course of the trial, you have heard references to the terms "plaintiffs" and "defendants." To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff. In this trial, the plaintiffs are Democracy Partners, Strategic Consulting Group and Robert Creamer, and the defendants are Project Veritas, Project Veritas Action Fund, James O'Keefe III and Allison Maass.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms "plaintiff" and "defendant." In other words, the fact that Democracy Partners has filed a lawsuit against Project Veritas does not mean that the Democracy Partners is entitled to your verdict or that their evidence is entitled to greater weight than Project Veritas's and Allison Maass's evidence. As plaintiffs, Democracy Partners, Strategic Consulting Group and Robert Creamer must prove every element of each claim against by a preponderance of the evidence or, for the claim of fraudulent misrepresentation, clear and convincing evidence before they are entitled to prevail.

**Authority:** *see Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 4 (D.D.C. Jan. 28, 2011).

**PLAINTIFFS' OBJECTION**:  Plaintiffs object to including the last sentence of this instruction as it repeats in different language the separate instructions regarding burden of proof and could lead to juror confusion.

**5.     JUROR'S DUTY TO DELIBERATE**

**JOINT PROPOSED JURY INSTRUCTION**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 5 (D.D.C. Jan. 28, 2011).

**6.     ATTITUDE AND CONDUCT OF JURORS**

**JOINT PROPOSED JURY INSTRUTION**

Remember that, as jurors, you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 6 (D.D.C. Jan. 28, 2011).

### 7.    INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

### JOINT PROPOSED JURY INSTRUCTION

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 7 (D.D.C. Jan. 28, 2011).

**8.    COURT'S COMMENTING ON THE EVIDENCE [IF APPLICABLE]**

**JOINT PROPOSED JURY INSTRUCTION**

The law permits me to comment to you about the evidence in this case. My comments, if I made any, about the facts do not bind you in any way. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

**Authority:** *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 7 (D.D.C. June 11, 2012); *see also Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 8 (D.D.C. Jan. 28, 2011).

9.      **COURT'S QUESTIONS TO WITNESSES [IF APPLICABLE]**

**JOINT PROPOSED JURY INSTRUCTION**

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 9 (D.D.C. Jan. 28, 2011).

### 10.    JURY NOT TO TAKE CUE FROM JUDGE

### JOINT PROPOSED JURY INSTRUCTION

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 10 (D.D.C. Jan. 28, 2011).

## 11.     RULINGS ON OBJECTIONS

## JOINT PROPOSED JURY INSTRUCTION

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer—when I ordered it stricken—you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.


**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 11 (D.D.C. Jan. 28, 2011).

13

## 12.   EQUALITY OF LITIGANTS

### JOINT PROPOSED JURY INSTRUCTION

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. This includes personal political beliefs. Your verdict should be based on the law and facts and not whether you agree with one side or the other politically. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. Organizations like Democracy Partners and Project Veritas have the same rights to a fair trial as a private individual. All persons, including organizations, stand equal before the law and are to be treated as equals in this court. In other words, the fact that Democracy Partners and Project Veritas are organizations must not affect your decision.

**Authority:** *see Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 12 (D.D.C. Jan. 28, 2011) (adapted).

## 13.   JURY TO DETERMINE CREDIBILITY OF WITNESSES

## JOINT PROPOSED JURY INSTRUCTION

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 21 (D.D.C. Jan. 28, 2011).

## 14.    INADMISSIBLE AND STRICKEN EVIENCE

## JOINT PROPOSED JURY INSTRUCTION

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 15 (D.D.C. Jan. 28, 2011).

## 15.   STATEMENTS OF COUNSEL

### JOINT PROPOSED JURY INSTRUCTION

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.


**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 16 (D.D.C. Jan. 28, 2011).

**16.     JURY'S RECOLLECTION CONTROLS**

**JOINT PROPOSED JURY INSTRUCTION**

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 17 (D.D.C. Jan. 28, 2011).

19

### 17.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

### JOINT PROPOSED JURY INSTRUCTION

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 20 (D.D.C. Jan. 28, 2011).

## 18.    NUMBER OF WITNESSES

## JOINT PROPOSED JURY INSTRUCTION

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 23 (D.D.C. Jan. 28, 2011).

### 19.    IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS
### JOINT PROPOSED JURY INSTRUCTION

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury—such as at a deposition—then you may also treat that prior statement as evidence in this case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury when he or she made the prior statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 25 (D.D.C. Jan. 28, 2011).

## 20.    ADOPTING PRIOR INCONSISTENT STATEMENTS

## JOINT PROPOSED JURY INSTRUCTION

If a witness has testified that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 26 (D.D.C. Jan. 28, 2011).

### 21.     FRAUDULENT MISREPRESENTATION—ELEMENTS OF CLAIM
### PLAINTIFFS' PROPOSED JURY INSTRUCTION

Plaintiffs have alleged that Defendants Project Veritas and Maass committed fraudulent misrepresentation. To receive damages for fraudulent misrepresentation, the plaintiffs must prove each of the following elements of the claim:

(1) That the defendant made a false representation;

(2) That the false representation was made in reference to a material fact—that is, a fact that made a difference;

(3) That the defendant made the representation knowing that the representation was false;

(4) That the defendant made the representation with the intent to deceive the plaintiff;

(5) That the plaintiff  took action in reliance on the representation; and

(6) That the plaintiff suffered damages as a result of reliance on the representation.


**Authorit**y: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §20.01 (Rev. Ed. 2021); *Democracy Partners v. Project Veritas Action Fund*, 453 F. Supp. 3d  261, 283-84 (D.D.C. 2020); *Hercules & Co. v. Shama Restaurant Corp*., 613 A.2d 916, 923 (D.C. 1992); *Dresser v. Sunderland Apartments Tenants Ass'n*, 465 A.2d 835, 839 (D.C. 1983).

### DEFENDANTS' PROPOSED JURY INSTRUCTION

Plaintiff Strategic Consulting Group contends that Defendant Allison Maass committed fraudulent misrepresentation. Defendants deny that they committed fraudulent misrepresentation against the Plaintiffs and deny that their conduct was the cause of any damages alleged by Plaintiffs. Rather, damages, if any, suffered by the Plaintiffs result from the publication of the spoken words that came out of the mouths of Robert Creamer and his associates.

To establish a claim for fraudulent misrepresentation against a Defendant, a Plaintiff must prove all of the following:

1. That the Defendant made a false representation or omission of a material fact;

2. That the Defendant either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true;

3. That the Defendant intended that the Plaintiff rely on the representation;

4. That the Plaintiff justifiably relied on the Defendant's representation;

5. That the Plaintiff suffered damages as a result of its reliance on the representation.

Plaintiff must prove each of these elements by clear and convincing evidence.

Plaintiff contends that Defendant Allison Maass made two general categories of false statements of fact: (1) Defendant's use of a fake name; (2) Defendant's use of a fake résumé.

Defendants deny that they made any fraudulent misrepresentations or that Allison Maass's conduct was the cause of Plaintiffs' damages. Defendants deny that they committed fraudulent misrepresentation against the Plaintiffs and deny that their conduct was the cause of any damages alleged by Plaintiffs. Rather, damages, if any, suffered by the Plaintiffs result from the publication of the spoken words that came out of the mouths of Robert Creamer and his associates.

**Authority:** Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §§ 20.01, 20.03 (Rev. Ed. 2019).

## 22.   FRAUDULENT MISREPRESENTATION - ELEMENTS DEFINED
## DEFENDANTS' PROPOSED JURY INSTRUCTION

1. A person can make a fraudulent misrepresentation by written or spoken words, or by conduct amounting to an assertion or by an omission. Words or acts asserting the existence of a fact constitute a misrepresentation if the fact does not exist. A statement that is literally true may still be a fraudulent misrepresentation if the person makes it to create a false impression. If a person owes a duty to disclose a material fact, the failure to disclose that fact may be a fraudulent misrepresentation.

2. To be fraudulent, a misrepresentation must be of a material fact. A fact is material if it would influence a reasonable person to act or not to act. A fact is material if it is a fact that the maker of the representation knew would likely be important to the person to whom it is made, even if a reasonable person would not think that fact it was important.

3. For the maker of a statement to be liable for fraud, the maker must have known or believed that the statement was false. If the maker of a representation makes it recklessly without knowledge of its truth, then the maker is deemed to have known it was false.

4. Intent to deceive means that the maker of the statement must have specifically intended that the representation be made, that it be made to the person to who actually received it, that it should convey a certain meaning, that it be believed by the person to whom it was made, and that it be acted upon in a certain way by the person to whom it was made. Intent means that a person had the purpose to do something. In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally. Intent ordinarily cannot be proved directly, because there is no way to look inside another person's mind, but you may infer intent from the surrounding circumstances. You may consider any statement made, or act done or omitted, by the person making the

representation, and all other evidence which indicates his state of mind. You may assume that a person ordinarily intends the kinds of likely results following from that person's knowing actions or inaction.

5. A person who receives a false representation can receive damages from its maker for harm caused by his reliance upon it only if his reliance is justifiable. A person is not justified in relying upon a false representation if he knows it is false, if its falsity is obvious to him, or if he had no confidence in the representation. For a person's reliance to be justified, his conduct must not be so unreasonable, in light of all of the information available to him and the circumstances of the transaction, that it is proper to decide that his loss is his own responsibility.

6. For the maker of the misrepresentation to be liable for damages, the fraudulent misrepresentation must directly cause damage to the person who justifiably relies on it. For damages to be the direct result of a false representation, it must be shown that the misrepresentation caused the person to act or not to act, thus causing his loss.

**Authority:** Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA § 20.02 (Rev. Ed. 2019).

**PLAINTIFFS' OBJECTION**:  Plaintiff objects only to paragraph 6 of this proposed instruction, which may cause juror confusion on the issue of proximate cause.  See Proposed Jury Instructions No. __

### 23.    FRAUDULENT MISREPRESENTATION—BURDEN OF PROOF

### JOINT PROPOSED JURY INSTRUCTION

To establish a fraudulent misrepresentation claim, Plaintiffs must prove every element of their claim for fraudulent misrepresentation by clear, convincing and unequivocal evidence.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This standard does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

**Authority**: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §20.01 (Rev. Ed. 2021); *Hercules & Co. v. Shama Restaurant Corp*., 613 A.2d 916, 923 (D.C, 1992); Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 FED. JURY PRACTICE & INSTRUCTIONS  §104:2 (6th ed. 2021).

## 24.   PROXIMATE CAUSE

### PLAINTIFFS' PROPOSED JURY INSTRUCTION

As I explained, one of the elements that Plaintiffs must prove to establish their claim for fraudulent misrepresentation is that one or more Plaintiffs suffered damages as a result of reliance on the misrepresentation—in other words, that the misrepresentation caused the damages.  In this case, Plaintiff Strategic Consulting Group is claiming that it suffered damages caused by the misrepresentation.

An act causes harm if it played a substantial part in bringing about the harm.  In addition, the harm must either be a direct result of  the act or a reasonably probable consequence of the act.

There may be more than one cause of harm.  Several factors or circumstances may cause the same harm.  Each of the actions or omissions that played a substantial part in the harm is a cause.  This is true even if one of the acts or omissions contributed more than another to causing the harm, so long as each act or omission played a substantial part in the harm.

Authority: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §§ 5:12, 5:13 (Rev. Ed. 2021).

### DEFENDANTS' PROPOSED JURY INSTRUCTION

A "proximate cause" of an injury is a cause which is a substantial factor in bringing about the injury. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence (or, in the case of fraudulent misrepresentation, by clear and convincing evidence) that the act or failure to act played a substantial part in bringing about the injury or damage. When I say that the cause has to be a "substantial factor," I mean that

the defendant's conduct must have such an effect in producing the harm, so that a reasonable person would regard the conduct as a cause of the harm.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 33 (D.D.C. Jan. 28, 2011) (adapted).

## 25.      NON-EXPRESSIVE CONDUCT

## PLAINTIFFS'  PROPOSED JURY INSTRUCTION

In determining whether Plaintiff Strategic Consulting Group suffered damages caused by the alleged misrepresentation, you must determine whether the damages were proximately caused by actions of  the Defendants other than the public posting of their videos.  In other words you must determine whether  other actions of  one or more Defendants  played a substantial part in bringing about the damages.


**Authority**: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §§ 5:12 (Rev. Ed. 2021); *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 274-76 (D.D.C. 2020).


## DEFENDANT'S PROPOSED JURY INSTRUCTION

The Plaintiff that claims damages is Strategic Consulting Group. In determining whether Plaintiff Strategic Consulting Group suffered damages, you must determine whether the damages were proximately caused by actions of the Defendants other than the public posting of their videos and the words coming out of Plaintiffs and their associates' own mouths.  If you determine that Plaintiffs suffered damages but those damages were proximately caused by the public posting of the videos and what Plaintiffs and their associates said on those videos, you must find for the Defendants.


**Authority**: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §§ 5:12 (Rev. Ed. 2021); *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 274-76 (D.D.C. 2020).

### 26.    FRAUDULENT MISREPRESENTATION—CAUSATION

### PLAINTIFFS' PROPOSED JURY INSTRUCTION

If you find that the Plaintiffs have failed to prove by clear, convincing and unequivocal evidence any one or more of the essential elements of fraudulent misrepresentation, then your verdict must be for the Defendants.  If you find that one or more  Plaintiffs  have proved by clear, convincing and unequivocal evidence all of the essential elements of the claim for fraudulent misrepresentation, then your verdict must be for that Plaintiff.

If your verdict is for one or more of the Plaintiffs, then you should award that Plaintiff damages in an amount that you believe will fairly and adequately compensate the Plaintiff for the loss that resulted directly from, or were the natural and probable consequences, of  the fraudulent misrepresentation.

To arrive at a fair compensation for fraud you may award damages that the Plaintiff suffered as a consequence of their reliance upon the truth of the representation.

**Authority**: Richard W. Stevens, Standardized Civil Jury Instructions for the District of Columbia §20.04 (Rev. Ed. 2021); *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 793 (D.C. Cir. 1983).

### DEFENDANTS' PROPOSED JURY INSTRUCTION

For the maker of the misrepresentation to be liable for damages, the fraudulent misrepresentation must directly cause damage to the person who justifiably relies on it. For damages to be the direct results of a false representation, it must be shown that the misrepresentation caused the person to act or not to act, thus causing his loss.

**Authority**: *C&E Services v. Ashland*, 03-CV-01857-JMF, D.E. 189 at 12 (D.D.C. May 9, 2008).

32

### 27.    FEDERAL WIRETAPPING CLAIM--ELEMENTS

### PLAINTIFFS' PROPOSED JURY INSTRUCTION

A federal law makes it illegal for anyone to record a conversation of another person without their consent. However, it is not illegal if the person making the recording is a party to the conversation-- unless the person recording is doing so for the purpose of committing a tortious act.

This statute is called the federal "wiretapping statute" even though it isn't limited to tapping telephones but also cover recordings of live conversations.

In this case, Plaintiffs have claimed that Defendant Allison Maass violated this federal statute. In order to receive a verdict in their favor for this claim, Plaintiffs must show either that-

1) Ms. Maass secretly recorded one or more conversations in which she did not participate; *or*

2) If she was a participant in all of the conversations that she recorded, that she made the recording for the purpose of committing the tort of breach of fiduciary duty.

**Authority**: 18 U.S.C. §§2511(1)(a), 2511(2)(d), 2520; *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 285-86 (D.D.C. 2020); *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 214 F. Supp. 3d 808, 828 (N.D. Cal. 2016).

## DEFENDANTS' PROPOSED JURY INSTRUCTION

Under both the federal and D.C. wiretap statutes, it is generally legal for a person to intercept an oral communication to which she is a party. This is called the one-party consent to record rule. The one-party consent to record rule does not apply where a person records for the primary or determinative purpose of committing a tort.

For purposes of the wiretap statutes, a person is a "party" to a communication if her presence is apparent to those individuals whose communication is being intercepted. A person does not need to actively participate in a communication for the one-party consent to record rule to apply.

For purposes of the wiretap statutes, to "intercept" means to acquire the contents of an oral communication through the use of an electronic, mechanical, or other device. "Oral communication" means an oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such an expectation.

In order to receive a verdict in their favor for this claim, Plaintiffs must prove that:

1) Ms. Maass intentionally intercepted by means of an electronic, mechanical, or other device, the contents of one or more of Plaintiffs' oral communications in which she was not a party;

   *or*

2) If she was a party to one or more of Plaintiffs' oral communications that she intercepted, that she made the interception for the primary or determinative purpose of committing the tort of breach of fiduciary duty.

**Authority**: 18 U.S.C. §§2511(1)(a), 2511(2)(d), 2520 (regarding requirement that contents be intercepted by a device); *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 285-86 (D.D.C. 2020); *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 214 F. Supp. 3d 808, 828 (N.D. Cal. 2016).

## 28.     BREACH OF FIDUCIARY DUTY

## PLAINTIFFS' PROPOSED JURY INSTRUCTION

To find that Ms. Maass made her secret recordings for the purpose of committing the tort of breach of fiduciary duty, Plaintiffs must prove first that there was a fiduciary relationship between Ms. Maass and Democracy Partners.

A fiduciary relationship is a special confidential relationship that requires each party to act with the interest of the other in mind.  A fiduciary relationship is founded upon trust or confidence reposed by one person in the integrity and fidelity of another.  To determine whether such a relationship exists, the factors to be considered are  the type of services or advice given and the legitimate expectations of the parties.

If you find that a fiduciary relationship did not exist between Ms. Maass and Democracy Partner, you must find for the Defendants on the federal wiretapping claim.  If you find that a fiduciary relationship did exist between Ms. Maass and  Democracy Partners,  you must then decide whether Ms. Maass made her secret recordings for the purpose of breaching the duties that arise out of that fiduciary relationship.

The fiduciary relationship imposes a duty on the agent, in this case Ms. Maass,  that the agent deal fairly and honestly with their  principal, in this case Democracy Partners, and imposes the responsibility to disclose any conflicts between the agent's interests and the principal's interests that might make the agent act in its own best interests at the expense or the detriment of the principal.

If you find the existence of a fiduciary relationship, it is for you to determine whether Ms. Maass  as agent, made her secret recordings for the purpose of violating her  fiduciary duties to deal fairly and honestly with Democracy Partners  or to disclose to Democracy Partners her relationship with Project Veritas.

Authority: . *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 278-82 (D.D.C. 2020); *Millennium Square Residential Ass'n v. 2200 M Street LLC*, 952 F. Supp. 2d 234, 248 (D.D.C. 2013); *Bolton v. Crowlet, Hoge & Fein* P.C., 110 A. 3d 575, 584 (D.C. 2015); *Ying Qing Lu v. Lezell*, 919 F. Supp. 2d 1, 6 (D.D.C. 2013); *Attias v. CareFirst Inc*., 365 F. Supp. 3d 1, 23 (D.D.C. 2019*); Council on American Islamic Relations Action Network Inc. v. Gaubatz*, 793 F. Supp/ 2d 311,341 (D.D.C. 2011); Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 FED. JURY PRACTICE & INSTRUCTIONS  §123:31 (6th ed. 2021).

## DEFENDANTS' PROPOSED JURY INSTRUCTION

To find that Ms. Maass intercepted an oral communication for the primary or determinative purpose of committing the tort of breach of fiduciary duty, Plaintiffs must prove first that there was a fiduciary relationship owed by Ms. Maass to Democracy Partners.

To prove a fiduciary relationship owed by Ms. Maass to Democracy Partners, Plaintiffs must prove the existence of a special confidential relationship that requires one person to act in the best interests of the person to whom the duty is owed. The duties a financial advisor, an accountant, and an attorney owe to their clients are types of fiduciary duties. To determine whether such a relationship exists, the factors to be considered are (1) the nature of the relationship, (2) the promises made or not made, (3) the type of services or advice given, and (4) the legitimate expectations of the parties.

If you find that Plaintiffs did not prove the existence of a fiduciary duty owed by Ms. Maass to Democracy Partners, you must find for the Defendants on the wiretapping claims.

If you find that Plaintiffs did prove that between Ms. Maass and Democracy Partners, you must then decide whether Ms. Maass made her secret recordings for the primary or determinative purpose of breaching duties that arise out of that fiduciary relationship.

Authority: *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 278-82 (D.D.C. 2020); *Millennium Square Residential Ass'n v. 2200 M Street LLC*, 952 F. Supp. 2d 234, 248 (D.D.C. 2013); *Bolton v. Crowlet, Hoge & Fein* P.C., 110 A. 3d 575, 584 (D.C. 2015); *Ying Qing Lu v. Lezell*, 919 F. Supp. 2d 1, 6 (D.D.C. 2013);  *Attias v. CareFirst Inc*., 365 F. Supp. 3d 1, 23 (D.D.C. 2019*); Council on American Islamic Relations Action Network Inc. v. Gaubatz*, 793 F. Supp/ 2d 311,341 (D.D.C. 2011); Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 FED. JURY PRACTICE & INSTRUCTIONS  §123:31 (6th ed. 2021); language regarding examples of fiduciaries adapted 11th Cir. Civil Pattern Jury Instruction 6.1.

### 29.    DISTRICT OF COLUMBIA WIRETAPPING CLAIM

### PLAINTIFFS' PROPOSED JURY INSTRUCTION

Plaintiffs have also alleged that Ms. Maass violated a District of Columbia statute that makes it illegal to secretly record a conversation.  As under the federal wiretapping statute, it is not illegal if the person recording is a party to the conversation, unless the person recoding is doing so for the purpose of committing a tortious act.  In order to recover damages under this District of Columbia statute, Plaintiffs must prove the same elements as under the federal statute.

**Authority:**   District of Columbia Code §§23-542(a)(1), (b)(3); *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 285-86 (D.D.C. 2020).

### DEFENDANTS' PROPOSED JURY INSTRUCTION

Plaintiffs have also alleged that Ms. Maass violated a District of Columbia wiretapping statute. As under the federal wiretapping statute, it is generally legal for a person to intercept an oral communication to which she is a party, unless the person recoding is doing so for the primary or determinative purpose of committing a tortious act.  In order to prove a violation of the District of Columbia statute, Plaintiffs must prove the same elements as under the federal statute.

**Authority:**   District of Columbia Code §§23-542(a)(1), (b)(3); *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261, 285-86 (D.D.C. 2020).

### 30.   FEDERAL AND D.C. WIRETAPPING CLAIMS—BURDEN OF PROOF
### JOINT PROPOSED JURY INSTRUCTION

Plaintiffs must prove each element of their claim under the federal and District of Columbia wiretapping statutes by a preponderance of the evidence.

"Prove by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Authority**:  Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 FED. JURY PRACTICE & INSTRUCTIONS §104:01 (6th ed. 2021).

## 31.    WIRETAPPING CLAIMS—LIABILITY

## PLAINTIFFS' PROPOSED JURY INSTRUCTION

If you find that the Plaintiffs have failed to prove by a preponderance of the evidence any one or more of the essential elements of their claims under the federal and District of Columbia statutes relating to secret recordings, then your verdict on those claims must be for the Defendants.

If you find that one or more Plaintiffs  have proved by a preponderance of the evidence all of the essential elements of their claims under the federal and District of Columbia statutes regarding the secret recordings, then your verdict must be for that Plaintiff.

You do not need to find that any Plaintiffs suffered actual damages caused by violation of these statutes in order to return a verdict for the Plaintiffs.

**Authority:**  18 U.S.C. §2520; District of Columbia Code §23-554; *Care v. Reading Hospital*, 448 F. Supp. 2d 657, 663-64 (E.D. Pa. 2006).

## DEFENDANTS' PROPOSED JURY INSTRUCTION

If you find that the Plaintiffs have failed to prove by a preponderance of the evidence any one or more of the essential elements of their claims under the federal and District of Columbia statutes relating to secret recordings,  then your verdict on those claims must be for the Defendants.

If you find that one or more Plaintiffs  have proved by a preponderance of the evidence all of the essential elements of their claims under the federal and District of Columbia statutes regarding the secret recordings, then your verdict must be for that Plaintiff.

**Authority:**  18 U.S.C. §2520; District of Columbia Code §23-554; *Care v. Reading Hospital*, 448 F. Supp. 2d 657, 663-64 (E.D. Pa. 2006).

**32.     VICARIOUS LIABILITY**

**JOINT PROPOSED JURY INSTRUCTION**

In this case, Defendant Project Veritas Action Fund does not contest that Ms. Maass's acts or failure to act were committed in furtherance of the business of Project Veritas and Project Veritas Action Fund when conducting the investigation at issue in the case.  Therefore, Project Veritas Action Fund is responsible for Ms. Maass's acts or failures to act.


**Authority:**  Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §.03 (Rev. Ed. 2021).

### 33.    CIVIL CONSPIRACY

### JOINT PROPOSED JURY INSTRUCTION

Plaintiffs have alleged that Defendants are liable for a civil conspiracy to commit fraudulent misrepresentation and violations of the federal and District of Columbia statutes. A civil conspiracy requires:

1) An agreement between two or more person;

2) To participate in an unlawful act; and

3) An injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to an in furtherance of the common scheme.

If you find the existence of a civil conspiracy, and you have found for a Plaintiff on any claim against any Defendant, you may find for that Plaintiff on the same claim against another Defendant who participated in the civil conspiracy.

**Authority**:  *Democracy Partners LLC v. Project Veritas Action Fund*, 453 F. Supp. 3d 261,  290-91 (D.D.C. 2020); *Saucier v. Countrywide Home Loans*, 64 A.3d 428, 446 (D.D.C. 2013).

### 34.    MULTIPLE PLAINTIFFS

### PLAINTIFFS' PROPOSED JURY INSTRUCTION

Though there are three plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, either of the others is entitled to recover. The defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against the defendant. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff.

**Authority**:  Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 FED. JURY PRACTICE & INSTRUCTIONS  §103:13 (6th ed. 2021).

### 35.    MULTIPLE DEFENDANTS

### PLAINTIFFS' PROPOSED JURY INSTRUCTION

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. No defendant is to be prejudiced should you find against another defendant. Unless otherwise stated, all instructions I give you govern the case as to each defendant.


**Authority**: Kevin O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 FED. JURY PRACTICE & INSTRUCTIONS  §103:14 (6th ed. 2021).

### 36.    INSTRUCTION REGARDING DAMAGES

### JOINT PROPOSED JURY INSTRUCTION

You are not to infer that any party in this case is entitled to damages merely because I am instructing you on the element of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that any party is entitled to damages.


**Authority**: *C&E Services v. Ashland*, 03-CV-01857-JMF, D.E. 189 at 15 (D.D.C. May 9, 2008).

### 37.   PUNITIVE DAMAGES

### PLAINTIFFS' PROPOSED JURY INSTRUCTION

In addition to compensatory damages, the Plaintiffs also seek an award of punitive damages against Defendants Maass and O'Keefe.  Punitive damages are damages above and beyond the amount of compensatory damages you may award. Punitive damages are awarded to punish the defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

You may award punitive damages only if the Plaintiff has proved with clear and convincing evidence:

(1) that the Defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the Plaintiff;

AND

(2) that the Defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the Plaintiff.

You may conclude that the Defendant acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

**Authority**: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §16:01 (Rev. Ed. 2021).

### DEFENDANTS' PROPOSED JURY INSTRUCTION

In addition to compensatory damages, the Plaintiffs also seek an award of punitive damages if they prevail on their federal and DC wiretap claims against Defendants Allison Maass and James O'Keefe.  Punitive damages are damages above and beyond the amount of compensatory damages

you may award. Punitive damages are awarded to punish the defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

You may award punitive damages only if the Plaintiff has proved with clear and convincing evidence:

(1) that the Defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the Plaintiff; AND

(2) that the Defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the Plaintiff.

You may conclude that the Defendant acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

**Authority**: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §16:01 (Rev. Ed. 2021).

### 38.    PUNITIVE DAMAGES AGAINST CORPORATE DEFENDANT
### JOINT PROPOSED JURY INSTRUCTION

The Plaintiffs are also requesting that the jury award punitive damages against Project Veritas Action Fund.

You may award punitive damages against this Defendant corporation only if you draw two conclusions. First,  you must consider whether the acts of Ms. Maass or Mr. O'Keefe were the sort that deserves punitive damages under the rule I just gave you.

Second, you must consider whether the Plaintiffs have shown by clear and convincing evidence that the officers, directors or managing agents of Project Veritas Action Fund participated in the act, authorized the act, or approved the act before or after it was done.

If you find that Plaintiffs have proved both conclusions, then you may award punitive damages against Project Veritas Action Fund.  Otherwise you may not award such damages.


**Authority**: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §16:02 (Rev. Ed. 2021).

### 39.   COMPUTATION OF PUNITIVE DAMAGES AWARD

### JOINT PROPOSED JURY INSTRUCTON

If you find that any Plaintiff is entitled to an award of punitive damages, then you must decide the amount of the award. To determine the amount of the award you may consider the nature of the wrong committed, the state of mind of the defendant when the wrong was committed, and  the cost and duration of the litigation. Your award should be sufficient to punish he defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

**Authority**: Richard W. Stevens, STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA §16:03 (Rev. Ed. 2021).

## 40.     BURDEN OF PROOF -- SPECULATIVE DAMAGES

### JOINT PROPOSED JURY INSTRUCTION

The burden of proof is upon a plaintiff to establish all elements of its damages under for interception of oral communications by a preponderance of the evidence and for fraudulent misrepresentation by clear and convincing evidence. You may only award the plaintiff damages for past harm, injury, and expenses that are not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

The plaintiff does not have to prove his exact damages, however. You may award the plaintiff damages that are based on a just and reasonable estimate derived from relevant evidence.

**Authority:** *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 40 (D.D.C. June 11, 2012) (adapted); *see also Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 42 (D.D.C. Jan. 28, 2011).

### 41.    DUTY TO MITIGATE DAMAGES

### DEFENDANTS' PROPOSED JURY INSTRUCTION

When a person suffers an injury, that person has a duty to do all that is reasonably within his or her power to minimize the damages. In this case the Defendants claim that the Plaintiffs failed to reasonably minimize their damages. The Defendant has the burden of proving that the Plaintiffs have failed to take reasonable action to lessen the damages. If the Defendant has proved by a preponderance of the evidence that the Plaintiffs have not acted as an ordinarily prudent person could or should have acted to avoid or lessen the damages, then the Plaintiffs may not receive that portion of those damages which could or should have been lessened or avoided.


**Authority:** *C&E Services v. Ashland*, 03-CV-01857-JMF, D.E. 189 at 25 (D.D.C. May 9, 2008)

### 42.        SELECTION OF FOREPERSON

### JOINT PROPOSED JURY INSTRUCTION

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 47 (D.D.C. Jan. 28, 2011).

**43.     NOTETAKING BY JURORS [IF APPLICABLE]**

**JOINT PROPOSED JURY INSTRUCTION**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 48 (D.D.C. Jan. 28, 2011).

## 44.    ATTITUDE AND CONDUCT OF JURORS

### JOINT PROPOSED JURY INSTRUCTION

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.


**Authority**: *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 51 (D.D.C. June 11, 2012).

### 45.    UNANIMITY – GENERAL

### JOINT PROPOSED JURY INSTRUCTION

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.


**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 49 (D.D.C. Jan. 28, 2011); *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 52 (D.D.C. June 11, 2012).

### 46.    EXHIBITS DURING DELIBERATIONS

### JOINT PROPOSED JURY INSTRUCTIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of the exhibits as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 52 (D.D.C. Jan. 28, 2011); *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 53 (D.D.C. June 11, 2012).

## 47.    REDACTED DOCUMENTS

## DEFENDANTS' PROPOSED JURY INSTRUCTION

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Other parts of the exhibits may have been redacted by agreement of the parties prior to trial. Thus, as you examine the exhibits, and you see where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

**Authority**: *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 54 (D.D.C. June 11, 2012) (adapted – fourth sentence added); *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 53 (D.D.C. Jan. 28, 2011).

**48.     COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

**JOINT PROPOSED JURY INSTRUCTION**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter -- for example, 5-4 or 6-3, or in any other fashion -- whether the vote is for a plaintiff or defendant or on any other issue in the case.

**Authority:** *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 55 (D.D.C. June 11, 2012) (adapted for nine jurors); *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 55 (D.D.C. Jan. 28, 2011).

## 49.    VERDICT FORM EXPLANATION

## JOINT PROPOSED JURY INSTRUCTION

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about what the plaintiff or the defendant must prove by a preponderance of the evidence or clear and convincing evidence. The form is meant only to assist you in recording your verdict.

**Authority:** *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 56 (D.D.C. June 11, 2012); *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 50 (D.D.C. Jan. 28, 2011).

**50.     FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

**JOINT PROPOSED JURY INSTRUCTION**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Authority:** *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 51 (D.D.C. Jan. 28, 2011).

**51.    CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH**

**JOINT PROPOSED JURY INSTRUCTION**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging or posting to social media about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Authority:** *Robinson v. WMATA*, 11-CV-007230-PLF, D.E. 60 at 57 (D.D.C. June 11, 2012) (adapted); *Iancangelo v. Georgetown*, 05-CV-02086-PLF, D.E. 400 at 54 (D.D.C. Jan. 28, 2011).

Respectfully submitted,

By: /s/ Paul Calli
Paul A. Calli
Florida Bar No. 994121
Chas Short
Florida Bar No. 70633
CALLI LAW, LLC
14 NE 1st Ave, Suite 1100
Miami, FL 33132
Telephone: (786) 504-0911
Facsimile (786) 504-0912
PCalli@Calli-Law.com
CShort@Calli-Law.com
*Admitted pro hac vice*

/s/ Stephen Klein
Stephen R. Klein
Bar No. 177056
BARR & KLEIN PLLC
1629 K St. N.W., Ste. 300
Washington, DC 20006
Telephone: (202) 804-6676
steve@barrklein.com

*Counsel for Defendants Project Veritas*
*Action Fund, Project Veritas, James*
*O'Keefe, and Allison Maass*

By: /s/ Joseph Sandler
Joseph E. Sandler, D.C. Bar No. 255919
Dara Lindenbaum, D.C. Bar No. 1026799
Sandler Reiff Lamb Rosenstein & Birkenstock,
P.C.
1090 Vermont Ave., N.W. Suite 750
Washington, D.C. 20005
Tel: 202-479-1111
Fax: 202-479-1115
sandler@sandlerreiff.com
lindenbaum@sandlerreiff.com

*Counsel for Plaintiffs Democracy Partners,*
*Strategic Consulting Group, and Robert*
*Creamer*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I electronically filed the foregoing Joint

Submission regarding Jury Instructions with the Clerk of Court using the CM/ECF system, which

will automatically send email notifications to all counsel of record.

/s/  Paul A. Calli
Attorney for the Project Veritas Parties