UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY PARTNERS, LLC, et al.,

    Plaintiffs,

v.

PROJECT VERITAS ACTION FUND, et al.,

    Defendants.
_____/

CASE NO.: 1:17-CV-1047-PLF

**PROJECT VERITAS PARTIES' STATUS REPORT ON EVIDENTIARY MATTERS LIKELY TO ARISE IN PLAINTIFFS' OPENING ARGUMENT AND WITH PLAINTIFFS' FIRST WITNESS ROBERT CREAMER**

Pursuant to the Court's Order Regarding Trial Schedule and Procedures, [Dkt. 168] at ¶12, the Project Veritas Parties file this status report to apprise the Court of disputed evidentiary matters likely to arise during Plaintiffs' opening argument and during examination of Plaintiffs' first witness, Robert Creamer. The parties have conferred but have not resolved these issues. The issues are:

(1) Having chosen not to bring a defamation case, Plaintiffs' attempts to offer evidence attacking the truthfulness of Project Veritas's published reporting and arguing Creamer's "innocence" are irrelevant, inadmissible, and should not be referenced by Plaintiffs in opening argument; and

(2) As the Project Veritas Parties raised in the final pre-trial conference, Creamer's felony bank fraud and tax convictions should be admissible at trial, including because journalists' knowledge of the conviction was an important part of how Project Veritas knew it had a newsworthy lead to follow to Mr. Creamer and why there was no tortious purpose to record.

1

**<u>Plaintiffs Chose Not to Bring a Defamation Claim and as a Result Their Attempts to Attack the Truthfulness of Project Veritas's Reporting are Irrelevant and Should Not be Raised in Opening Argument</u>**

This case is an attempted end-run around the First Amendment. Plaintiffs have pled backdoor causes of action instead of an impossible defamation claim and disavowed reputational damages in their attempt to avoid the First Amendment protections of *Hustler v. Falwell*, 485 U.S. 46 (1988). Judge Huvelle accepted Plaintiffs' representations in denying Project Veritas's motion to dismiss, stating, "Plaintiffs do not dispute that *Hustler* establishes that a claim for reputation damages that is based on an act of expression or publication must satisfy the First Amendment standards that apply to a defamation or libel claim, but they contend that it does not bar a claim for reputation damages caused by non-expressive conduct, which is all they are seeking." *Democracy Partners v. Project Veritas Action Fund,* 285 F. Supp. 3d 109, 125 (D.D.C. 2018).

Despite these prior representations to the Court, Plaintiffs now state, "Plaintiffs will prove that the video was selectively edited to falsely portray what Mr. Creamer actually said . . . ."[1] 9/12/22, 8:53 Email of J. Sandler to Court's Clerks and the Undersigned. Plaintiffs' attempt to attack the truthfulness of Project Veritas's reporting at trial demonstrates that, as the Project Veritas Parties have argued at every stage of the litigation, this case is merely an attempt to backdoor a defamation claim.

The Project Veritas Parties have recently come to understand that Plaintiffs intend to argue, elicit testimony, and seek to admit evidence, that the political corruption and political dirty tricks

---

[1] We note that in directed a verdict in Project Veritas's favor in a defamation case, another federal district court had occasion to rule that "Rigging the Election" Part I was accurate: "[T]he Plaintiff's contention that the Defendants concocted a storyline (Video I) and then consciously set out to create the 'evidence' (Foival's statements) to conform to that story line is simply unsupported by Plaintiff's own evidence." *Teter v. Project Veritas et al.*, Case No. 1:17-cv-00256, 2019 WL 2423294, *4 (W.D.N.C. June 7, 2019) (Reidinger, J.).

which they discussed and that the journalists published, never happened. Plaintiffs will seek to argue and elicit testimony that Mr. Creamer did not do the things he and his colleagues imputed to him. These arguments and evidence are irrelevant to the asserted claims and should be precluded.

Plaintiffs' construction of their claims allowed them to survive to trial, but those choices have consequences. One of those consequences is that Plaintiffs have made their attempt to argue about the accuracy of Project Veritas's reporting irrelevant. Fed. R. Evid. 401 states that to be relevant, evidence must have the tendency to make a fact more or less probably than it would be without the evidence and "*the fact is of consequence in determining the action*." There is no defamation claim at issue. An argument about Mr. Creamer's supposed innocence has no bearing on Allison Maass's purpose (journalistic or tortious) in recording or any other genuine issue in the case (for example, that the alleged fraudulent misrepresentation of an intern giving a false name and background did not result in AFSCME choosing break ties with Creamer's company Strategic Consulting Group). Nor does it change the fact that Creamer and his colleagues said what they said on video, and that the First Amendment-protected expressive conduct of the Project Veritas Parties led to the consequences Plaintiffs experienced. Under Rule 403, the danger of unfair prejudice, confusion of the issues, and misleading the jury with "defamation" evidence in what Plaintiffs' have insisted for half a decade is not a defamation case is profound. This would set the law of defamation on its head.

Aside from Creamer's testimony asserting his own innocence, we anticipate that Plaintiff will seek to admit Federal Elections Commission documents from 2018 (two years after the events at issue) finding that Creamer's coordination of the "Donald Ducks" campaign was not an illegal campaign contribution. *See* **Composite Exhibit A,** Plaintiff Trial Exhibits 127-129. First, the premise is flawed -- unethical political strategies and dirty tricks do not have to be ultimately found

3

illegal by a court or other factfinder in order to be newsworthy. Second, there is no connection to a fact at issue -- a *2018 determination* by the FEC cannot possibly be relevant to the journalists' purpose in recording this *2016 news story*. Plaintiffs' attempt in this regard lays bare their impermissible efforts to transform this into a defamation case.

Ultimately, Plaintiffs arguments amount to the position that ***even though they survived a motion to dismiss and summary judgment by not bringing a defamation claim, now that it's time to try the case, the court should allow them to try it as a defamation case.*** That position must be rejected. The First Amendment forbids such end runs. Evidence and arguments attacking the truthfulness of Project Veritas's reporting or bolstering Creamer's "innocence" of what he and his colleagues said on camera must be precluded.

### Admissibility of Creamer's Bank Fraud and Tax Crime Convictions, Both as Substantive Evidence of Project Veritas's Non-Tortious Newsgathering Purpose and as Part of the Published Reporting that Caused AFSCME To Stop Dealing with Creamer's Company, and as Impeachment

First, the Project Veritas Parties will request the opportunity to question its journalists outside the presence of the jury to establish for the Court and the record that the journalists' knowledge of Creamer's conviction was part of their non-tortious purpose in researching and ultimately publishing a compelling and newsworthy story. The conviction is also discussed in Project Veritas's published reporting which AFSCME reacted to when it decided to stop dealing with Creamer's company Strategic Consulting Group.[2] Second, the Project Veritas Parties

---

[2] The Project Veritas parties have prepared a redacted version of its reporting and an unredacted version should the door be opened or the Court otherwise reconsider its ruling in light of the proofs at trial. In this regard, we note AFSCME Rule 30(b)(6) witness Scott Frey's testimony: "[T]he broader concern was just clearly, regardless of the circumstances that led to the video, the video in itself and the way it was released and the timing was a very unfortunate distraction, and we didn't want to be a party to it." [Dkt. 68-15] at 78:22-79:5 Discussion of Creamer's conviction is an inherent part of the "video in itself."

4

continue to expect that Plaintiffs' presentation of their case will open the door to the admissibility of Creamer's convictions, and this expectation is further supported by Plaintiffs' desire to put Creamer's credibility front and center through arguing his "innocence" as discussed above.

The Project Veritas Parties will ask to make an offer of proof during trial in order to preserve the record. *See* Stephen A. Saltzburg, FEDERAL RULES OF EVIDENCE MANUAL VOL. 6, § 1-1[c]. The Court's Order Regarding Trial Schedule and Procedures also contemplates that for purposes of "protecting the record" counsel may explain objections after the jury has been excused. [Dkt. 168] at ¶13. The Project Veritas Parties request that they be permitted to elicit testimony from journalist witnesses in the presence of the Court and Plaintiffs (but not the jury) to establish the admissibility of the journalists' knowledge of Creamer's conviction and how that knowledge impacts their non-tortious purpose in following leads to research and publish a newsworthy story.

This will afford the Project Veritas Parties the opportunity to address apparent misunderstandings reflected in the Court's Order precluding the conviction. [Dkt. 111]. Respectfully, the Court's statement that "Defendants do not present any evidence in their motion to show that they set out to collect information on Mr. Creamer because of his convictions" was incorrect. *See* [Dkt. 111] at 5. Both the Project Veritas Parties' Motion and their Reply presented evidence directly on point. *See* [Dkt. 85] (Motion) at 14-15 and [Dkt. 91] (Reply) at 14-17. That included an email chain with background information on Creamer, noting the fact of his conviction as well as other newsworthy factors. [Dkt 85-9]. We attach that email chain again to this filing for ease of reference. **Composite Exhibit B**. Project Veritas Trial Exhibits 106 and 111 include the pertinent language by which the journalists first learned "Robert Creamer is a convicted felon."

> Apr 28, 2016, at 10:34 AM, Russell Verney <rverney@projectveritas.com> wrote:
>
> James
> This transcript below refers to Bob Cramer and Democracy Partners.
> This news story about a hearing in Congress refers to Robert Creamer of Democracy Partners who is married to the ranking D on the House Select Committee on Infant Lives investigating Planned Parenthood and the selling of fetal tissue. Robert Creamer is a convicted felon.
> http://thefederalist.com/2016/04/28/how-the-abortion-industry-bought-off-the-top-democratic-leader-investigating-planned-parenthood/
> Russ

The above screenshot reflects another member of the news media company researching Creamer – whom at that time Project Veritas had only recently learned of – and informing a journalist of the results of that research: the fact of Creamer's conviction, among other newsworthy information.

Journalists' knowledge of Creamer's crimes lent further credibility to the dirty political tricks that Scott Foval imputed to Creamer earlier that month and demonstrated to Project Veritas that it had a newsworthy lead to follow to Creamer. The Project Veritas Parties believe that hearing directly from the Project Veritas journalists outside the presence of the jury will clarify any misunderstanding and afford the Court the opportunity to reconsider its prior ruling in light of the proofs at trial.

Finally, as the Project Veritas Parties explained at the pre-trial conference, Creamer will open the door to the admission of his convictions for purposes of impeachment through his attempts to bolster his credibility. His attempt to argue his innocence now provide a similar but distinct for of inadmissible self-bolstering of his credibility.

Respectfully submitted,

/s/ Paul A. Calli
Paul A. Calli
Florida Bar No. 994121
Chas Short

6

                      Florida Bar No. 70633
                      CALLI LAW, LLC
                      14 NE 1st Ave, Suite 1100
                      Miami, FL 33132
                      Telephone: (786) 504-0911
                      Facsimile (786) 504-0912
                      PCalli@Calli-Law.com
                      CShort@Calli-Law.com
                      *Admitted pro hac vice*

                      */s/ Stephen Klein*
                      Stephen R. Klein
                      Bar No. 177056
                      BARR & KLEIN PLLC
                      1629 K St. N.W., Ste. 300
                      Washington, DC 20006
                      Telephone: (202) 804-6676
                      steve@barrklein.com

*Counsel for Defendants Project Veritas Action Fund, Project Veritas, James O'Keefe, and Allison Maass*

## CERTIFICATE OF SERVICE

    I CERTIFY that on September 12, 2022, I served the foregoing through the Court's electronic filing system which served a copy on all counsel of record.

                      */s/ Paul A. Calli*
                      Paul A. Calli