JURY INSTRUCTIONS
17 CV1047

### 1.     GENERAL INTRODUCTION AT CLOSE OF EVIDENCE

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Let this be filed.

PAUL L. FRIEDMAN
United States District Judge
DATE: 9/23/22

## 2.    FUNCTION OF THE COURT

My function is to conduct the trial of the case in an orderly, fair, and efficient manner. I also have ruled upon questions of law that have arisen during the trial, and I will tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

### 3.    FUNCTION OF THE JURY

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect, and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear, or favor.

### 4.    SIGNIFICANCE OF PARTY DESIGNATIONS

During the course of the trial, you have heard references to the terms "plaintiffs" and "defendants." To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff. In this trial, the plaintiffs are Democracy Partners, Strategic Consulting Group and Robert Creamer, and the defendants are Project Veritas, Project Veritas Action Fund, James O'Keefe III and Allison Maass.

During your deliberations, you must not attach any significance in weighing the evidence to the terms "plaintiff" and "defendant." In other words, the fact that Democracy Partners has filed a lawsuit against Project Veritas does not mean that the Democracy Partners is entitled to your verdict or that their evidence is entitled to greater weight than Project Veritas's and Allison Maass's evidence.  As plaintiffs, Democracy Partners, Strategic Consulting Group and Robert Creamer must prove every element of each claim against by a preponderance of the evidence or, for the claim of fraudulent misrepresentation, clear and convincing evidence before they are entitled to prevail.

### 5.      JUROR'S DUTY TO DELIBERATE

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

You have as much time as you desire to deliberate and arrive at a fair verdict. No verdict should be arrived at because of the pressure of time. Ms. Johnson may release you from the jury room to return tomorrow to continue deliberations.

### 6.   ATTITUDE AND CONDUCT OF JURORS

Remember that, as jurors, you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

### 7.      INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

## 8.     COURT'S COMMENTING ON THE EVIDENCE

The law permits me to comment to you about the evidence in this case. My comments, if I made any, about the facts do not bind you in any way. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

## 9.      COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I may have asked questions of a witness, to obtain information, to bring out facts, or to try to clarify the witness's testimony. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

## 10.    JURY NOT TO TAKE CUE FROM JUDGE

If I have said or done anything at any time during this case, including during these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

## 11.    RULINGS ON OBJECTIONS AND
## INADMISSIBLE AND STRICKEN EVIDENCE

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer, to an answer given by a witness, or to other materials offered as evidence. It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer—when I ordered it stricken—you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken. Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.

## 12.     EQUALITY OF LITIGANTS

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. This includes personal political beliefs. Your verdict should be based on the law and facts and not whether you agree with one side or the other politically. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. Organizations like Democracy Partners and Project Veritas have the same rights to a fair trial as a private individual. All persons, including organizations, stand equal before the law and are to be treated as equals in this court. In other words, the fact that Democracy Partners and Project Veritas are organizations must not affect your decision.

### 13.   JURY TO DETERMINE CREDIBILITY OF WITNESSES

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

### 14.   STATEMENTS OF COUNSEL

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

### 15.    JURY'S RECOLLECTION CONTROLS

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

## 16.     DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

## 17.    NUMBER OF WITNESSES

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

### 18.      IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury—such as at a deposition—then you may also treat that prior statement as evidence in this case—that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury when he or she made the prior statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

## 19.   ADOPTING PRIOR INCONSISTENT STATEMENTS

If a witness has testified that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

## 20.      FRAUDULENT MISREPRESENTATION—ELEMENTS OF CLAIM

Plaintiff Strategic Consulting Group contends that Defendant Allison Maass committed fraudulent misrepresentation. Defendants deny that they committed fraudulent misrepresentation against the Plaintiffs and deny that their conduct was the cause of any damages alleged by Plaintiffs.

To establish a claim for fraudulent misrepresentation against a Defendant, a Plaintiff must prove all of the following:

1.  That the Defendant made a false representation or omission of a material fact;

2.  That the Defendant either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true;

3.  That the Defendant intended that the Plaintiff rely on the representation;

4.  That the Plaintiff justifiably relied on the Defendant's representation;

5.  That the Plaintiff suffered damages as a result of its reliance on the representation.

    Plaintiff must prove each of these elements by clear and convincing evidence.

### 21.    FRAUDULENT MISREPRESENTATION - ELEMENTS DEFINED

1. A person can make a fraudulent misrepresentation by written or spoken words, or by conduct amounting to an assertion or by an omission. Words or acts asserting the existence of a fact constitute a misrepresentation if the fact does not exist. A statement that is literally true may still be a fraudulent misrepresentation if the person makes it to create a false impression. If a person owes a duty to disclose a material fact, the failure to disclose that fact may be a fraudulent misrepresentation.

2. To be fraudulent, a misrepresentation must be of a material fact. A fact is material if it would influence a reasonable person to act or not to act. A fact is material if it is a fact that the maker of the representation knew would likely be important to the person to whom it is made, even if a reasonable person would not think that fact it was important.

3. For the maker of a statement to be liable for fraudulent misrepresentation, the maker must have known or believed that the statement was false. If the maker of a representation makes it recklessly without knowledge of its truth, then the maker is deemed to have known it was false.

4. Intent to deceive means that the maker of the statement must have specifically intended that the representation be made, that it be made to the person who actually received it, that it should convey a certain meaning, that it be believed by the person to whom it was made, and that it be acted upon in a certain way by the person to whom it was made. Intent means that a person had the purpose to do something. In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally. Intent ordinarily cannot be proved directly, because there is no way to look inside another person's mind, but you may infer intent from the surrounding circumstances. You may consider any statement made, or act done or omitted, by the person making the

representation, and all other evidence which indicates his state of mind. You may assume that a person ordinarily intends the kinds of likely results following from that person's knowing actions or inaction.

5. A person who receives a false representation can receive damages from its maker for harm caused by his reliance upon it only if his reliance is justifiable. A person is not justified in relying upon a false representation if he knows it is false, if its falsity is obvious to him, or if he had no confidence in the representation. For a person's reliance to be justified, his conduct must not be so unreasonable, in light of all of the information available to him and the circumstances of the transaction, that it is proper to decide that his loss is his own responsibility.

6. For the maker of the misrepresentation to be liable for damages, the fraudulent misrepresentation must directly cause damage to the person who justifiably relies on it. For damages to be the direct result of a false representation, it must be shown that the misrepresentation caused the person to act or not to act, thus causing his loss.

### 22.    FRAUDULENT MISREPRESENTATION—BURDEN OF PROOF

To establish a fraudulent misrepresentation claim, Plaintiffs must prove every element of their claim for fraudulent misrepresentation by clear, convincing and unequivocal evidence.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This standard does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

### 23.    PROXIMATE CAUSE

A "proximate cause" of an injury is a cause which is a substantial factor in bringing about the injury. An injury or damage is proximately caused by a fraudulent misrepresentation when the plaintiff proves by clear and convincing evidence that the misrepresentation played a substantial part in bringing about the injury or damage. When I say "substantial factor," I mean that the defendant's conduct must have such an effect in producing the harm, so that a reasonable person would regard the conduct as a cause of the harm.   There may be more than one cause of harm.  For the maker of the misrepresentation to be liable for damages, the harm must be a direct result of the misrepresentation.

## 24.      NON-EXPRESSIVE CONDUCT VERSUS EXPRESSIVE CONDUCT

In determining whether Plaintiff Strategic Consulting Group suffered damages caused by the alleged misrepresentation, you must determine whether the damages were proximately caused by actions of the Defendants other than the content and public posting of their videos.  In other words, you must determine whether other actions of one or more Defendants was a substantial factor in bringing about the damages.

### 25.    FRAUDULENT MISREPRESENTATION—
### DETERMINATION OF LIABILITY AND DAMAGES

If your verdict is for one or more of the Plaintiffs, then you should award that Plaintiff damages in an amount that you believe will fairly and adequately compensate the Plaintiff for the loss that resulted directly from, or were the natural and probable consequences, of the fraudulent misrepresentation.

If you find that the Plaintiffs have failed to prove by clear, convincing and unequivocal evidence any one or more of the essential elements of fraudulent misrepresentation, then your verdict must be for the Defendants.  If you find that one or more Plaintiffs have proved by clear, convincing and unequivocal evidence all of the essential elements of the claim for fraudulent misrepresentation, then your verdict must be for that Plaintiff.

## 26.    BURDEN OF PROOF -- SPECULATIVE DAMAGES

The burden of proof is on a plaintiff to establish all elements of its damages for fraudulent misrepresentation by clear and convincing evidence. You may only award a plaintiff damages for past harm, injury, and expenses that are not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

The plaintiff does not have to prove his exact damages, however. You may award the plaintiff damages that are based on a just and reasonable estimate derived from relevant evidence.

## 27.    INSTRUCTION REGARDING DAMAGES

You are not to infer that any party in this case is entitled to damages merely because I have instructed you on the element of damages. It is exclusively your function first to decide the issue of liability – whether any defendant has harmed any plaintiff. I am instructing you on the issue of damages only so that you will have guidance should you decide that any party is entitled to damages.

## 28.   FEDERAL WIRETAPPING CLAIM--ELEMENTS

A federal law makes it illegal for anyone to "intercept" or record a conversation of another person without their consent. However, it is not illegal if the person making the recording is a party to the conversation-- unless the person recording is doing so for the purpose of committing a tort. For purposes of the wiretap statutes, to "intercept" means to acquire the contents of an oral communication through the use of an electronic, mechanical, or other device. "Oral communication" means an oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such an expectation. Although this statute is called the federal "wiretapping statute," it isn't limited to tapping telephones but also covers recordings of live conversations.

In this case, Plaintiffs have claimed that Defendant Allison Maass violated this federal statute. In order to receive a verdict in their favor for this claim, Plaintiffs must prove either that:

1) Ms. Maass recorded one or more conversations in which she was not a party.  For purposes of the wiretap statutes, a person is a "party" to a communication if her presence is apparent to those individuals whose communication is being intercepted.

   **<u>or</u>**

2) If Ms. Maass was a party or participant to one or more of the conversations that she recorded, that she made the recording for the primary or determinative purpose of committing the tort of breach of fiduciary duty.

### 29.     DISTRICT OF COLUMBIA WIRETAPPING CLAIM

Plaintiffs have also alleged that Ms. Maass violated a District of Columbia statute that makes it illegal to secretly record a conversation.  In order to receive a verdict in their favor under this District of Columbia statute, Plaintiffs must prove the same elements as under the federal statute.

As under the federal wiretapping statute, it is not illegal under the District of Columbia statute to record a conversation if the person recording is a party to the conversation, unless the person recording is doing so for the primary or determinative purpose of committing a tort.

## 30.     BREACH OF FIDUCIARY DUTY

To find that Ms. Maass made secret recordings for the purpose of committing the tort of breach of fiduciary duty, Plaintiffs must prove first that there was a fiduciary relationship between Ms. Maass and Democracy Partners.

A fiduciary relationship is a special confidential relationship that requires one person to act in the best interests of the person or entity to whom the duty is owed.  To determine whether a fiduciary relationship exists, the factors to be considered include (1) the nature of the relationship; (2) the promises made or not made; (3) the type of services performed or advice given; and (4) the legitimate expectations of the parties.

A fiduciary relationship would have imposed on Ms. Maass a duty to deal fairly and honestly with Democracy Partners.  This includes the responsibility to disclose any conflicts between Ms. Maass' interests and Democracy Partners' interests that might make her act in her own best interests at the expense or to the detriment of Democracy Partners.

If you find that a fiduciary relationship did not exist between Ms. Maass and Democracy Partners, you must find for the Defendants on the wiretapping claims that are based on recordings Ms. Maass made of conversations that she was a party to or participated in.  If you find that a fiduciary relationship did exist between Ms. Maass and Democracy Partners, you must then decide whether Ms. Maass made her secret recordings for the primary or determinative purpose of breaching duties that arise out of that fiduciary relationship.

### 31.   FEDERAL AND D.C. WIRETAPPING CLAIMS—BURDEN OF PROOF

Plaintiffs must prove each element of their claim under the federal and District of Columbia wiretapping statutes by a preponderance of the evidence.

"Prove by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Nor does it require proof by clear and convincing evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### 32.    WIRETAPPING CLAIMS—LIABILITY

If you find that one or more Plaintiffs  have proved by a preponderance of the evidence all of the essential elements of their claims under the federal and District of Columbia statutes regarding the secret recordings, then your verdict must be for that Plaintiff.

If you find that the Plaintiffs have failed to prove by a preponderance of the evidence any one or more of the essential elements of their claims under the federal and District of Columbia statutes relating to secret recordings,  then your verdict on those claims must be for the Defendants.

### 33.     VICARIOUS LIABILITY

In this case, Defendant Project Veritas Action Fund does not contest that Ms. Maass's acts or failure to act were committed in furtherance of the business of Project Veritas and Project Veritas Action Fund when conducting the investigation at issue in the case.  Therefore, Project Veritas Action Fund is responsible for Ms. Maass's acts or failures to act.

## 34.    CIVIL CONSPIRACY

Plaintiffs have alleged that Defendants are liable for a civil conspiracy to commit fraudulent misrepresentation and violations of the federal and District of Columbia statutes.

A civil conspiracy requires:

1) An agreement between two or more persons;

2) To participate in an unlawful act; and

3) An injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to and in furtherance of the common scheme.

If you find the existence of a civil conspiracy, and you have found for a Plaintiff on any claim against any Defendant, you may find for that Plaintiff on the same claim against another Defendant who participated in the civil  conspiracy.

### 35.  SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

### 36.   NOTETAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## 37.   ATTITUDE AND CONDUCT OF JURORS

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

### 38.      UNANIMITY – GENERAL

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

### 39.    EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You will also be given a USB Thumb Drive with the video exhibits that have been admitted into evidence.  Courthouse staff will give you instructions about how to set up the video display in the jury room.  You may examine any or all of the exhibits as you consider your verdicts.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## 40.    REDACTED DOCUMENTS

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Other parts of the exhibits may have been redacted by agreement of the parties prior to trial. Thus, as you examine the exhibits, and you see where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

### 41.    COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the courtroom deputy clerk, Ms. Johnson, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – including my law clerk, the courtroom deputy clerk, or me -- how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter -- for example, 5-4 or 6-3, or in any other fashion -- whether the vote is for a plaintiff or defendant or on any other issue in the case.

## 42.    VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about what the plaintiff or the defendant must prove by a preponderance of the evidence or clear and convincing evidence. The form is meant only to assist you in recording your verdict.

### 43.      FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

### 44.   CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION AND RESEARCH

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let Ms. Johnson know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging or posting to social media about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way. You many not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website or app such as Facebook, Instagram, TikTok, Linkedin, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.