UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY PARTNERS, LLC, *et al.*,

    *Plaintiffs,*

v.

PROJECT VERITAS ACTION FUND, *et al.*,

    *Defendants.*

Civil Action No.: 17-CV-1047 (PLF)

**DEFENDANTS' REPLY IN SUPPORT OF SUPPLEMENTAL BRIEFING
IN SUPPORT OF PREVIOUS ARGUMENTS**

The Plaintiffs and the District of Columbia endeavor to defend the purpose exception to one-party consent recording 28 U.S.C. 2511(2)(d) and D.C. Code § 23-542(b)(3). Dkts. 213, 214. But it is unconstitutional under the First Amendment to trigger criminal and civil liability for a speech activity based on the purpose behind it.

The Defendants have previously briefed why the law of the case doctrine does not apply. Dkt. 208 at 29-30; *cf.* Dkt. 213 at 2. The *PETA* decision is not binding, but there is nothing binding this Court on this specific issue: neither the Supreme Court nor the D.C. Circuit have addressed the constitutionality of the purpose exception in these statutes. *PETA v. N. Carolina Farm Bureau Fed'n, Inc.*, 60 F.4th 815, 830 (4th Cir. 2023). Indeed, no appellate court has scrutinized the existing purpose exception under the First Amendment.[1] The D.C. Circuit considers the rulings of

---

[1] Decades ago, the Sixth Circuit ruled that a prior version of the federal law, which negated one-party consent when recording was done with the "'purpose of committing any . . . *injurious* act[,]'" was unconstitutionally vague. *Boddie v. Am. Broad. Companies, Inc.*, 881 F.2d 267, 270–72 (6th Cir. 1989) (emphasis added). The criminal or tortious purpose prongs were not at issue in the case.

sister circuits when it addresses issues of first impression, so this Court should do likewise. *See U.S. v. Spencer*, 720 F.3d 363, 368 (D.C. Cir. 2013).

The District claims there are "critical differences" between the laws at issue and the one in *PETA*, but there are none. Dkt. 214 at 2-3. It argues the laws here do not target speech critical of an employer, yet as applied in this case the exceptions could only be triggered if Ms. Maass had a fiduciary duty to the subject of a recording. Moreover, a breach could only occur in this case with the purpose of recording confidential information. Despite Mr. Creamer's revelations of apparently confidential information to Project Veritas journalists besides Ms. Maass, only her recording of the same kind of information constituted a breach. *See* Dkt. 208-7. This is, fundamentally, viewpoint discrimination, because Plaintiffs' fiduciaries may share "confidential" information when it is presented in a positive light, as Mr. Creamer did, as opposed to critically, as the Defendants did. *PETA*, 60 F.4th at 830 (the law does "not merely target speech, but speech critical of the employer" triggering strict scrutiny).

Equally unavailing is the District's effort to sever the purpose exceptions from the content of what is recorded. At one point, the government claims it does not matter what is recorded—that even "'heartwarming personal stories'" trigger the exception "if done for a tortious purpose[.]" Dkt. 214 at 4-5. Yet simultaneously the "D.C. Wiretapping Statute concerns, naturally, crimes and torts in the particular realm of intercepted communications." *Id.* at 4. In this case, the record demonstrates the purpose exception operates not only on the viewpoint of one who was recording but on the content of what he or she recorded or set out to record—again, material allegedly confidential to the Plaintiffs. "'[A] regulation of speech cannot escape classification as facially content based' (or, presumably, viewpoint-discriminatory) 'simply by swapping an obvious subject-matter distinction for a "function or purpose" proxy that achieves the same result.'" *PETA*,

60 F.4th at 830 (quoting *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1474, (2022)). Strict scrutiny applies here, too, and the purpose exception fails.

The Plaintiffs' attempts to distinguish the North Carolina law are also flawed. Dkt 213 at 2-4. Their arguments are mostly in keeping with the District's, with some exceptions. They suggest that the purpose exception is not underinclusive because the law in *PETA* "allowed an employee to secretly tape a private conversation in a public area of [an] office" for the purpose of breaching a duty of loyalty. *Id.* at 4. Yet, while the analysis is slightly different, the purpose exception operates much the same way: one can still secretly record a party for the purpose of committing blackmail (or any crime or tort) under the laws at issue so long as there is no expectation of privacy. *See* 18 U.S.C. § 2510(2), D.C. Code 23-541(2). This undermines the interest of "deterring 'criminal or tortious acts such as blackmail[.]'" Dkt. 213 at 3 (quoting Dkt. 83 at 41); *see PETA*, 640 F.4th at 833.

Relatedly, the Plaintiffs wrongly claim that intermediate scrutiny requires no consideration of alternative means that would achieve the governmental interest. Dkt. 213 at 4. If the statutes were content and viewpoint neutral—and they are not—alternatives still inform the tailoring analysis. The statute need not be the least restrictive means, but the Court should consider "less intrusive means of addressing [the government's] concerns[.]" *McCullen v. Coakley*, 573 U.S. 464, 492 (2014).  The deterrence of crimes or torts are adequately served by criminal and civil remedies that address the commission of crimes or torts. It is wholly unnecessary for the government to take a speech activity like audio recording and create a heightened level of privacy (that triggers a criminal penalty or civil cause of action) based on the mere purpose behind the recording itself. That no crime or tort need even occur only affirms that the purpose exception is an unmoored and arbitrary trap that places all one-party recording at risk. The purpose exception is unconstitutional.

3

April 19, 2024                                      Respectfully submitted,

/s/ *Stephen Klein*
Stephen R. Klein
Bar No. 177056
BARR & KLEIN PLLC
1629 K St. N.W., Ste. 300
Washington, DC 20006
Telephone: (202) 804-6676
steve@barrklein.com

Benjamin Barr (Pro Hac Vice)
BARR & KLEIN PLLC
444 N. Michigan Avenue Ste. 1200
Chicago, IL 60611
Telephone: (202) 595-4671
ben@barrklein.com

Erik S. Jaffe (D.C. Bar No. 440112)
Brian J. Field (D.C. Bar No. 985577)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
ejaffe@schaerr-jaffe.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I CERTIFY that on April 19, 2024 I served the foregoing through the Court's electronic filing system which served a copy on all counsel of record.

*/s/ Stephen Klein*
Stephen R. Klein
