# EXHIBIT 1

```
 1              BEFORE THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
 2

 3   DEMOCRACY PARTNERS, LLC,       .
     et al.,                        .
 4                                  .  Case Number 17-cv-1047
             Plaintiffs,            .
 5                                  .
          vs.                       .
 6                                  .
     PROJECT VERITAS ACTION FUND,   .  Washington, D.C.
 7   et al.,                        .  September 21, 2022
                                    .  12:39 p.m.
 8           Defendants.            .
     - - - - - - - - - - - - - - - -

 9

10                 TRANSCRIPT OF JURY TRIAL, DAY 7
                BEFORE THE HONORABLE PAUL L. FRIEDMAN
11                  UNITED STATES DISTRICT JUDGE

12

13   APPEARANCES:

14   For the Plaintiffs:        JOSEPH SANDLER, ESQ.
                                CHRISTINA BUSTOS, ESQ.
15                              Sandler, Reiff, Lamb, Rosenstein &
                                   Birkenstock, P.C.
16                              1090 Vermont Avenue Northwest
                                Suite 750
17                              Washington, D.C. 20005

18   For the Defendants:        PAUL CALLI, ESQ.
                                CHARLES SHORT, ESQ.
19                              Calli Law, LLC
                                14 Northeast First Avenue
20                              Suite 1100
                                Miami, Florida 33132

21

22                    -- continued --

23

24

25
```

1    APPEARANCES (CONTINUED):

2                                     STEPHEN KLEIN, ESQ.
                                      Barr & Klein PLLC
3                                     1629 K Street Northwest
                                      Suite 300
4                                     Washington, D.C. 20006

5

6    Official Court Reporter:    SARA A. WICK, RPR, CRR
                                      United States District Court
7                                       for the District of Columbia
                                      333 Constitution Avenue Northwest
8                                     Room 4704-B
                                      Washington, D.C. 20001
9                                     202-354-3284

10   Proceedings recorded by stenotype shorthand.
     Transcript produced by computer-aided transcription.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    fraudulent misrepresentation if the person makes it in order to

2    create a false impression.  If a person owes a duty to disclose

3    a material fact, the failure to disclose it may be a fraudulent

4    misrepresentation, omitting to state a fact in that case.

5         Two, to be fraudulent, a misrepresentation must be of a

6    material fact.  A fact is material if it would influence a

7    reasonable person to act or not to act.  A fact is material if

8    it is a fact that the maker of the representation knew would

9    likely be important to the person to whom it is made, even if a

10   reasonable person might not think the fact was important.

11        Three, for the maker of a statement to be liable for

12   fraudulent misrepresentation, the maker must have known or

13   believed that the statement was false.  If the maker of a

14   representation makes it recklessly without knowledge of its

15   truth, then the maker is deemed to have known it was false.

16        Four, intent to deceive means that the maker of the

17   statement must have specifically intended that the

18   representation be made, that it be made to the person who

19   actually received it, that it should convey a certain meaning,

20   that it -- is this supposed to say was "believed"?  Bottom of

21   page 35.  Anybody?  Number 4.  That it be believed?  Okay.

22   Maybe that's sufficient.  I will start again.

23        Intent to deceive means that the maker of the statement

24   must have specifically intended that the representation be made,

25   that it be made to the person who actually received it, and that

1    it should convey a certain meaning, that it be believed by the
2    person to whom it was made, and that it be acted upon in a
3    certain way by the person to whom it was made.

4        Intent means that a person had the purpose to do something.
5    In other words, to do an act with intent means to do it
6    consciously and voluntarily and not inadvertently or
7    accidentally.  Intent ordinarily cannot be proved directly,
8    because there is no way to look inside another person's mind,
9    but you may infer intent from the surrounding circumstances.

10       You may consider -- in deciding on whether somebody
11   intended something, you may consider any statement made or act
12   done or omitted by the person making the representation and all
13   other evidence which indicates the person's state of mind.  You
14   may assume that a person ordinarily intends the kinds of likely
15   results following from that person's knowing actions or
16   inaction.

17       Number 5, a person who receives a false representation can
18   receive damages from the maker of the false representation for
19   harm caused by his or her, the recipient's, reliance on it only
20   if the reliance on it is justifiable.  A person is not justified
21   in relying on a false representation if he or she knows it is
22   false, if its falsity is obvious to the person receiving it, or
23   if he or she had no confidence in the representation.

24       For a person's reliance to be justified, his conduct must
25   not be so unreasonable, in light of all of the information

1    available to him and the circumstances of the transaction, that

2    it is proper to decide that his loss is his own responsibility.

3         Six, for the maker of the misrepresentation to be liable

4    for damages, the fraudulent misrepresentation must directly

5    cause damage to the person who justifiably relies on it.  For

6    damages to be the direct result of a false representation, it

7    must be shown that the misrepresentation caused the person to

8    act or not to act, thus causing his loss.

9         Okay.  I'm still on fraudulent misrepresentation.  To

10   establish a fraudulent misrepresentation claim, plaintiffs must

11   prove every element of that claim for fraudulent

12   misrepresentation by clear, convincing, and unequivocal

13   evidence.

14        Clear and convincing evidence is evidence that produces in

15   your mind a firm belief or conviction as to the matter at issue.

16   When a party has the burden of proving any claim or defense by

17   clear and convincing evidence, it means that the party must

18   present evidence that leaves you with a firm belief or

19   conviction that it is highly probable that the factual

20   contentions of the claim or defense are true.  This standard

21   does not require proof to an absolute certainty, since proof to

22   an absolute certainty is seldom possible in any case.

23        A proximate cause of an injury is a cause which is a

24   substantial factor in bringing about the injury.  An injury or

25   damage is proximately caused by a fraudulent misrepresentation

1   when the plaintiff proves by clear and convincing evidence that

2   the misrepresentation played a substantial part in bringing out

3   the injury -- in bringing about the injury or damage.

4         When I say substantial part or substantial factor, I mean

5   that the defendant's conduct must have such an effect in

6   producing the harm so that a reasonable person would regard the

7   conduct as a cause of the harm.

8         There may be more than one cause of harm -- there may be

9   more than one cause of harm.  For the maker of the

10  misrepresentation to be liable for damages, the harm must be a

11  direct result of the misrepresentation.

12        In determining whether plaintiff Strategic Consulting Group

13  suffered damages caused by the alleged misrepresentation, you

14  must determine whether the damages were proximately caused by

15  actions of the defendants other than the content and public

16  posting of their videos.  In other words, you must determine

17  whether other actions of one or more of the defendants was a

18  substantial factor in bringing about the damages.

19        If your verdict is for one or more of the plaintiffs on

20  this case, then you should award that plaintiff damages, money

21  damages in an amount that you believe will fairly and adequately

22  compensate the plaintiff for the loss that resulted directly

23  from or were the natural and probable consequences of the

24  fraudulent misrepresentation.

25        If you find that the plaintiffs have failed to prove by

1    clear, convincing, and unequivocal evidence any one or more of

2    the essential elements of fraudulent misrepresentation, then

3    your verdict on this claim must be for the defendants.

4         If you find that one or more plaintiffs have proved by

5    clear and convincing evidence all of the essential elements of

6    the claim for fraudulent representation, then your verdict must

7    be for that plaintiff.

8         The burden of proof, as I said, is on a plaintiff to

9    establish all elements of its damages for fraudulent

10    misrepresentation by clear and convincing evidence.  You may

11    only award a plaintiff damages for past harm, injury, and

12    expenses that are not speculative.  Speculative damages are

13    those that might be possible but are remote or based on

14    guesswork.

15         But the plaintiff does not have to prove his exact damages.

16    You may award the plaintiff damages that are based on a just and

17    reasonable estimate derived from the relevant evidence.

18         Finally, on the question of damages, you are not to infer

19    that any party in this case is entitled to damages merely

20    because I have instructed you on the element of damages.  It is

21    exclusively your function first to decide the issue of liability

22    on this claim, whether any defendant has harmed the plaintiff.

23    And only if the answer to that is yes do you move on to the

24    question of damages.  I am instructing you on the issue of

25    damages only so that you will have guidance should you decide

1    that any party is entitled to damages.

2        Okay.  Time for me to stretch.

3            PROSPECTIVE JUROR:  My apologies, Judge.  May I use

4    the bathroom?

5            THE COURT:  Why don't we take a five-minute break.

6    Anybody who needs the restroom can go out.  Anybody else can

7    stand and stretch.  You don't all have to leave if you don't

8    want to.

9        And you can ask that at any time.  I'm sorry.  It's a good

10   time for me to stretch and others to stretch.

11       (Recess taken from 4:21 p.m. to 4:24 p.m.)

12           THE COURT:  That was a good place to take a break, but

13   we're now moving on to the second claim, federal and state

14   wiretapping claims.

15       Okay.  There's a federal law that makes it illegal for

16   anyone to intercept or record a conversation of another person

17   without their consent.  However, it is not illegal if the person

18   making the recording is a party to the conversation, unless the

19   recording is being done -- unless the person recording it is

20   doing so for the purpose of committing a tort, what we call a

21   tortious purpose.  We will talk a little more about that.

22       For purposes of the wiretap statutes, to intercept means to

23   acquire the contents of an oral communication through the use of

24   an electronic, mechanical, or other device.  Oral communication

25   means an oral communication uttered by a person exhibiting an

expectation that such communication is not subject to

interception under circumstances justifying such an expectation.

Although this statute is called the federal wiretapping statute,

it isn't limited to tapping telephones, but it covers other

things, like recordings of live conversations.

In this case, the plaintiffs have claimed that the

defendant Allison Maass violated this federal statute.  In order

for the plaintiffs to receive a verdict in their favor on this

claim, they have to prove either that, one, Ms. Maass

required -- I'm sorry, Ms. Maass recorded one or more

conversations in which she was not a party.

For purposes of the wiretap statute, a person is a party to

a communication if her presence is apparent to those individuals

whose communication is being intercepted.  So that's one way for

the plaintiffs to prove their claim, or if they prove that

Ms. Maass was a party or participant to one or more of the

conversations that she recorded and that she made the recording

for the primary or determinative purpose of committing the tort

of breach of fiduciary duty.

So that's where that comes into play.  You heard testimony

about that.  Plaintiffs have also alleged that Ms. Maass

violated a District of Columbia statute that makes it illegal to

secretly record a conversation.  And in order to receive a

verdict in their favor under the District of Columbia statute,

the plaintiffs must prove the exact same elements as under the

1    federal statute.  As under the federal wiretapping statute, it

2    is not illegal under the District of Columbia statute to record

3    a conversation if the person recording it is a party to the

4    conversation unless the person recording it is doing it for the

5    primary or determinative purpose of committing a tort.

6        So again, there are two ways.  And under the second one,

7    the claim of the plaintiffs is that she had a tortious purpose,

8    not a legitimate purpose.  And the tort that everybody has

9    identified is breach of fiduciary duty.

10       So to find Ms. Maass made secret recordings for the purpose

11   of committing the tort of breach of fiduciary duty, the

12   plaintiffs first have to prove that there was a fiduciary duty

13   relationship between Ms. Maass and Democracy Partners.  A

14   fiduciary relationship is a special confidential relationship

15   that requires one person to act in the best interests of the

16   person or entity or organization to whom they owe the duty.

17       So to determine whether a fiduciary relationship exists,

18   there are several factors to consider:  One, the nature of the

19   relationship; two, the promises made or not made; three, the

20   type of services performed or advice given; and four, the

21   legitimate expectation of the parties.

22       A fiduciary relationship would have imposed on Ms. Maass a

23   duty to deal fairly and honestly with Democracy Partners.  This

24   includes the responsibility to disclose any conflicts between

25   her interests and those of Democracy Partners that make her act

in her own best interest at the expense or to the detriment of Democracy Partners.

If you find that a fiduciary relationship did not exist between Ms. Maass and Democracy Partners, then you must find for the defendants on the wiretapping claims that are based on the recordings Ms. Maass made of conversations where she was a party or where she did participate.

If you find that a fiduciary relationship did exist between Ms. Maass and Democracy Partners, then you have to decide whether Ms. Maass made her secret recordings for the primary or determinative purpose of breaching duties that arise out or arose out of that fiduciary relationship.

I'm not going to say any more at the moment.  You're going to have a verdict form at the end, and I will tell you about it, that will ask you to answer a series of questions.  And I think that it will be phrased in a way that will sort of lay out a road map of the order in which you should answer certain questions.  You, obviously, can consider the evidence any way and however you want to do it, but then there's certain questions we're going to ask you.

So on the federal and D.C. wiretapping claims, plaintiffs must prove each element of their claim under the federal and District of Columbia wiretapping statutes by a preponderance of the evidence.  This is different from what I told you before.  Fraudulent misrepresentation is clear and convincing and

unequivocal evidence; the wiretapping claims are a preponderance of the evidence.

Proof by a preponderance of the evidence means evidence which as a whole shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence, as when you consider it and compare it with the evidence opposed to it, it has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.

The standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case, nor does it require proof by clear and convincing evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all of the witnesses, regardless of who called the witness, and all of the exhibits received in evidence, regardless of who produced the exhibits.

If you find that one or more of the plaintiffs have proved by a preponderance of the evidence all of the essential elements of their claims under federal and District of Columbia statutes regarding the secret recordings, then you must -- then your verdict should be for the plaintiff.

If you find that the plaintiffs have failed to prove by a preponderance of the evidence any one or more of the essential

1   elements of their claims under the federal and District of

2   Columbia statutes related to secret recordings, then your

3   verdict on those claims must be for the defendants.

4       In this case, the defendant Project Veritas Action Fund

5   does not claim that Ms. Maass's acts or failure to act were

6   committed in furtherance of the business of Project Veritas --

7   I'm sorry.  I misspoke.

8       In this case, defendant Project Veritas Action Fund does

9   not contest that Ms. Maass's acts or failure to act were

10  committed in furtherance of the business of Project Veritas and

11  Project Veritas Action Fund when conducting the investigation in

12  this case.  Therefore, Project Veritas Action Fund is

13  responsible for Ms. Maass's acts or failures to act.

14      There's also a claim in this case of civil conspiracy.

15  Plaintiffs have alleged the defendants are liable for a civil

16  conspiracy to commit fraudulent misrepresentation and to commit

17  violations of federal and District of Columbia statutes.  A

18  civil conspiracy requires, one, an agreement between two or more

19  persons; two, to participate in an unlawful act; and three, an

20  injury caused by an unlawful overt act performed by one of the

21  parties to the agreement pursuant to and in furtherance of the

22  common scheme.

23      If you find the existence of a civil conspiracy and you

24  have found for a plaintiff on any claim against any defendant,

25  you may find for that plaintiff on the same claim against